UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETER TINKHAM, ET AL
        PLAINTIFFS

V.                                  CIVIL ACTION NO. 05-10470 MLW

DOREEN R. KELLY, ET AL
        DEFENDANTS

AFFIDAVIT OF JULIET ALEXANDER

I, Juliet Alexander, state under oath as follows;

1. I am a Plaintiff, acting pro se, in the above-entitled action,

2. I reside in the State of Maine.

3. I filed this action on March 11, 2005, to comply with the statute of limitations in this case but I needed a few weeks to learn more about the Federal Rules of Civil Procedure.

4. In April, in order to reduce expenditures, I attempted to discover the residential addresses of the fifteen Defendants in this case on my own. I made several trips from my home in Maine to Massachusetts to check public records in the towns of Concord, Millis, Stoughton, Canton, Jamaica Plain, Plymouth,

Falmouth, and Martha's Vineyard to locate individual Defendants. I consulted with telephone/address services in five counties to weed out same-name individuals. I placed many telephone calls on different dates and in different contexts to twelve Departments of Pupil Personnel to locate two Defendants who ceased working for the Sharon Public Schools in 2002. I phoned the Massachusetts Board of Retirement and their Retiree Association to locate two Defendants who had retired from the Sharon Public Schools and moved out of county. I placed many unsuccessful phonecalls to several DSS area offices to try and obtain leads on where the six DSS Defendants lived.

5. In May, 2005, I consulted with Private Investigator, Stephen McGrath, for advice on how to locate seven remaining Defendants.

6. As soon as I was able to verify every Defendant's residential or employment address, I mailed Waivers of Service of Summons, to each of the fifteen Defendants, certified priority mail, return receipt requested and contracted with Constable McGrath to be prepared to serve any Defendant who declined to return a signed waiver.

7. On July 11, 2005, Constable McGrath returned three original summonses he had served and assured me that he would continue to make diligent efforts to find and serve the remaining three Defendants in this case.

8. I have expended over a thousand dollars in gas, tolls, ,printing, phonecalls and postage in my personal efforts to locate Defendants for service; five hundred dollars for private investigative services and over six hundred dollars in the actual service of three DSS Defendants who, according to Constable McGrath, made obvious efforts to evade him.

9. I am fully prepared to spend whatever it costs for Constable McGrath to locate and serve the remaining Defendants with dispatch.

Signed under the penalties of perjury this _11Th_ day of _July_ 2005.

_____  *Juliet Alexander*

Juliet Alexander