UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 05-10470MLW

PETER TINKHAM, JULIET ALEXANDER and
SAMANTHA TINKHAM,

      Plaintiffs,

v.

DOREEN R. KELLY, BARRY L. MINTZER, JEAN
CURTIS LOUD, ROBERT L. DOYLE, DONNA
KYED, MARGARET VERRET, JOAN
BERNHEIMER, JUDI ALBERTON, CLAIRE
JACKSON, ERIN L. SENGES, BARBARA A.
HAWKES-SULLIVAN, BARNEY KEEZELL,
STEPHANIE THOMAS, ERICA COHEN and
KENNETH PONTES,

      Defendants.

## SCHOOL DEFENDANTS' MOTION TO DISMISS
## PLAINTIFFS' COMPLAINT UNDER RULE 41(b)

The defendants, Doreen R. Kelly; Barry L. Mintzer, Esq.; Dr. Jean Curtis Loud; Dr.

Robert L. Doyle; Judith M. Alberton; Dr. Claire W. Jackson; Dr. Joan Bernheimer; Margaret

Verret, R.N.; and Donna Kyed (hereinafter the "School defendants") hereby move, under Fed. R.

Civ. P. 41(b), to dismiss plaintiffs' Complaint for failure to comply with the Federal Rules of

Civil Procedure. As grounds therefor, the defendants state:

    1.    Plaintiffs, Peter Tinkham's and Juliet Alexander's *pro se* representation of their

           minor daughter, Samantha, violates Fed. R. Civ. P. 17(c).

    2.    Plaintiffs' Complaint (including Appendices, but excluding Exhibits) contains 35

           Counts for relief, 90 pages of written material and 291 paragraphs of allegations

pled against 15 individual defendants.  The claims asserted therein are disorganized, redundant and difficult for defendants to decipher or discern.  As such, plaintiffs' Complaint fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." as required under Fed. R. Civ. P. 8(a).  Kuehl v. Federal Deposit Ins. Corp., 8 F.3d 905, 906 (1st Cir. 1993).

The grounds and rationale favoring dismissal are more fully set forth in the Memorandum of Law in Support of School Defendants' Motion to Dismiss Plaintiff's Complaint Under Rule 41(b) attached hereto.

WHEREFORE, the School defendants hereby move that this Court dismiss plaintiffs' Complaint as against them for failure to comply with the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 41(b).

The defendants,
DOREEN R. KELLY, BARRY L. MINTZER, ESQ., DR. JEAN CURTIS LOUD, DR. ROBERT L. DOYLE, DONNA KYED, MARGARET VERRET, R.N., DR. JOAN BERNHEIMER, JUDITH M. ALBERTON and DR. CLAIRE W. JACKSON,

By their attorneys,

PIERCE, DAVIS & PERRITANO, LLP

John J. Davis, BBO #115890
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 7/27/05 .

Date:  July 27, 2005

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 05-10470MLW

PETER TINKHAM, JULIET ALEXANDER and
SAMANTHA TINKHAM,

      Plaintiffs,

v.

DOREEN R. KELLY, BARRY L. MINTZER, JEAN
CURTIS LOUD, ROBERT L. DOYLE, DONNA
KYED, MARGARET VERRET, JOAN
BERNHEIMER, JUDI ALBERTON, CLAIRE
JACKSON, ERIN L. SENGES, BARBARA A.
HAWKES-SULLIVAN, BARNEY KEEZELL,
STEPHANIE THOMAS, ERICA COHEN and
KENNETH PONTES,

      Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF SCHOOL DEFENDANTS'[1]
MOTION TO DISMISS PLAINTIFFS' COMPLAINT UNDER RULE 41(b)**

    This is an action brought by the *pro se* plaintiffs, Peter Tinkham and Juliet Alexander, on

their own behalf and on behalf of their minor daughter, Samantha Tinkham.  Plaintiffs' claims

appear to arise out of a dispute (or disputes) between the plaintiffs, on the one hand, and various

officials, employees and representatives of the Town of Sharon Public Schools and the

Massachusetts Department of Social Services, on the other.  The disputes concern issues relating

to the appropriate education of plaintiffs' minor daughter, Samantha (both by the plaintiffs and

---

[1] The Motion to Dismiss was filed on behalf of those defendants – officials, employees and other
representatives – affiliated with the Cottage Street Elementary School.  Specifically, the moving parties are (1)
Doreen R. Kelly; (2) Barry L. Mintzer, Esq.; (3) Dr. Jean Curtis Loud; (4) Dr. Robert L. Doyle; (5) Judith M.
Alberton; (6) Dr. Claire W. Jackson; (7) Dr. Joan Bernheimer; (8) Margaret Verret, R.N.; and (9) Donna Kyed
(hereinafter the "School defendants.")

the Sharon Public Schools), as well as the Sharon Public Schools' subsequent reporting of

plaintiffs' neglect of their daughter to the Department of Social Services. Plaintiffs commenced

this action against nine (9) named officials, employees and other representatives of the Sharon

Public School system (hereinafter the "School defendants"), plus six (6) named officials and

employees of the Massachusetts Department of Social Services[2] (hereinafter the "DSS

defendants.")

The School defendants now move to dismiss plaintiffs' Complaint under Fed. R. Civ. P.

41(b) for failure to comply with the Federal Rules of Civil Procedure. As grounds therefor, the

defendants state:

1.    Plaintiffs, Peter Tinkham's and Juliet Alexander's *pro se* representation of their

minor daughter, Samantha, violates Fed. R. Civ. P. 17(c).

2.    Plaintiffs' Complaint (including Appendices, but excluding Exhibits) contains 35

Counts for relief, 90 pages of written material and 291 paragraphs of allegations

pled against 15 individual defendants. The claims asserted therein are

disorganized, redundant and difficult for defendants to discern. As such,

plaintiffs' Complaint fails to contain "a short and plain statement of the claim

showing that the pleader is entitled to relief . . ." as required under Fed. R. Civ. P.

8(a).

Plaintiffs' Complaint must accordingly be dismissed. This Memorandum of Law is submitted in

support of the School defendants' Motion to Dismiss.

---

[2] The six defendants not parties to this Motion to Dismiss are (1) Erin L. Senges; (2) Barbara A. Hawkes-Sullivan; (3) Barney Keezell; (4) Stephanie Thomas; (5) Erica Cohen; and (6) Kenneth Pontes.

I.    **PLAINTIFF'S COMPLAINT**

Plaintiffs' Complaint numbers 59 pages and contains 226 paragraphs of allegations.

Attached to this pleading are five Appendices (lettered "A" through "E.")  Combined, the five

Appendices number 31 *additional* pages and contain 65 *additional* paragraphs of allegations.[3]

Also attached to the Complaint are 15 Exhibits (lettered "A" though "O"), totaling 41 *further*

pages.  Each Exhibit is "incorporated by reference" in the allegations of plaintiffs' Complaint.

Obviously, plaintiffs' Complaint lacks in neither volume nor verbosity.  Yet, despite its

length, the Complaint remains chaotic, disjointed and unclear.  As best the School defendants can

decipher, plaintiffs allege that, in September 2000, their daughter Samantha enrolled in Ms.

Eileen Ford's third grade class at Cottage Street Elementary School in Sharon.  Id., ¶¶ 16 & 17.

At the time of her enrollment, Samantha suffered from a "cosmetic disfigurement" caused by a

"metabolic disorder."[4]  Id., ¶¶ 17 & 19.  Due to various difficulties Samantha allegedly

experienced in school, plaintiffs "temporarily" removed their daughter from Cottage Street six

months later, in March 2001.  Id., ¶ 22.  Thereafter, Samantha was educated at home by a School-

supplied tutor and by her parents through a home schooling program.

The named School defendants (each sued in his or her individual capacity) appear to

---

[3]  The paragraph numbering sequence begins anew in each Appendix (e.g., 1, 2, 3 . . .), but without consistency.  Thus, in Appendix A, captioned "Predicate Acts of Conspiracy Enumerated," plaintiffs separate their allegations by "scheme," then describe each "scheme" in outline form through the use of Roman numerals and letters.

[4]  Plaintiffs describe an incident that allegedly occurred in their daughter's third grade classroom when Samantha "ripped almost all of the hair on the top of her head and piled it under her desk."  Complaint, ¶ 19. Trichotillomania is an impulse control disorder often characterized by "the recurrent pulling of one's hair resulting in noticeable hair loss" often "caus[ing] significant distress or impairment in social, occupational, or other important areas of functioning."  http://www.nmha.org/infoctr/factsheets/92.cfm

include nearly all individuals with whom plaintiffs ever came in contact regarding Samantha's

education and the other events alleged in the Complaint.  Id., ¶¶ 12, 13.  Defendant Doreen R.

Kelly was the former Principal of Cottage Street Elementary School.  Id., ¶ 4.  Defendant Barry L.

Mintzer, Esq., allegedly served as legal counsel for Ms. Kelly.  Id., ¶ 53.  Defendants Dr. Robert

L. Doyle and Dr. Jean Curtis Loud were employed (successively) as the Director of Pupil

Personnel for the Sharon Public Schools.  Id., ¶ 81.  Defendant Donna Kyed was employed as

Samantha's tutor.  Id., ¶ 52(a).  Defendant Margaret Verret, R.N., served as the School Nurse at

Cottage Street.  Id., ¶ 54.  Defendants Dr. Joan Bernheimer and Judith Alberton were employed

by the Town as school psychologists.  Id., ¶ 55.  And, finally, defendant Dr. Claire W. Jackson

was Superintendent of Schools for the Town of Sharon.  Id., ¶ 137.  The remaining six defendants

were employees of the Massachusetts Department of Social Services. Id., ¶¶ 34, 122, 131, 135,

143 & 145.

Briefly, plaintiffs appear to allege that, from March 2001though March 2003, all 15

named defendants participated in some form of vast conspiracy designed to systematically

deprive Samantha of her educational funding and opportunities through a dizzying array of

schemes and methodologies.  Id., ¶¶ 25 & 38-40.  In an apparent effort to demonstrate

defendants' conspiratorial plot, the Complaint is rich with allegations of mail fraud, wire fraud,

extortion, harassment, "reckless violations of plaintiffs' medical and personal privacy,"

obstruction of justice, subversion of criminal investigations, conspiracy and malicious

prosecution.  Id., ¶¶ 25(b) & 43(a) - (f).  (This is by no means a comprehensive listing.)

Noticeably missing from the abundant accusations, however, are any facts suggestive of

defendants' conspiratorial motives.  See Id., ¶ 24 (arguing that defendant Kelly was motivated by

4

"spend[ing] on herself and her pet projects.")

Based on their numerous "factual" allegations, the plaintiffs seek recovery under 35

Counts for relief contained in nine irregularly numbered "Causes of Actions" and "Claims."

Each "Cause of Action" or "Claim" contains from one to thirteen Counts.  The plaintiffs do not

articulate for which plaintiff (one parent, both parents, Samantha or all) each Count is asserted.

Moreover, certain Counts of the Complaint appear to implicate or identify no particular

defendants whatsoever.  See, e.g., Complaint, Count Thirteen, at p. 40; Count One, at p. 41.

Despite their *pro se* status and the leniency typically afforded to *pro se* litigants, plaintiffs'

Complaint fails to comply with the Federal Rules of Civil Procedure, specifically Fed. R. Civ. P.

17(c) and 8(a).  Thus, for the reasons discussed below, the School defendants move to dismiss

plaintiffs' Complaint under Fed. R. Civ. P. 41(b).

## II.    **ARGUMENT**

Rule 41(b) of the Federal Rules of Civil Procedure states, in part, as follows:

**(b) Involuntary Dismissal: Effect Thereof**.  For failure of the plaintiff . . . to
comply with these rules or any order of court, a defendant may move for
dismissal of an action or any claim against the defendant.

In commencing this action, the plaintiffs failed to comply with the Federal Rules of Civil

Procedure in two ways.  First, the plaintiffs, Peter Tinkham and Juliet Alexander, purport to

represent their minor daughter, Samantha, *pro se*, in violation of Fed. R. Civ. P. 17(c).  They

cannot do so.  Second, in its verbosity, complexity, confusion and poor organization, plaintiffs'

Complaint fails to contain a "short and plain" statement of plaintiffs' claim showing that they are

entitled to relief.  Therefore, plaintiffs' Complaint must be dismissed.  See Vakalis v. Shawmut

Corp., 925 F.2d 34, 36 (1st Cir. 1991) (disobedience of court order justifies dismissal under Rule

41(b)).

### A.    Plaintiffs, Peter Tinkham and Juliet Alexander, Cannot Represent Their Minor Daughter, Samantha, *Pro Se.*

Rule 17(c) of the Federal Rules of Civil Procedure permits a minor to bring suit through a legal representative, such as her parent, guardian or conservator. This does not mean, however, that a non-attorney may bring an action on behalf of a minor child. *"Pro se,"* by definition, means to appear for one's self. A *pro se* litigant may not appear on behalf of another. Iannaccone v. Law, 142 F.2d 553, 558 (2d Cir. 1998). See Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982) ("The federal courts have consistently rejected attempts at third-party lay representation.")

A litigant's right to proceed in federal court as his or her own attorney has long been recognized by federal law.

> In all courts of the United States the parties may plead and conduct their own cases *personally or by counsel* as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

28 U.S.C. § 1654 (emphasis added). In contrast, however, Rule 17 of the Federal Rules of Civil Procedure precludes minors from determining their own legal actions. Rather, they may sue or defend *only* through a legal representative. Thus, it is well-established that the right to proceed *pro se* in federal court does not extend to the non-attorney parents of a minor. Stated another way, "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." Cheung v. Youth Orchestra Foundation of Buffalo, Inc., 906 F.2d 59, 61 (2nd Cir. 1990) (citation omitted). See O'Diah v. Volkswagen of America, Inc., 91 Fed. Appx. 159, 160 (1st Cir. 2004) (unpublished) (father may not represent incompetent son *pro se*); Hickey v. Wellesley Sch. Comm., 14 F.3d 44, at *2 & n.1 (1st Cir. 1993) (unpublished) (mother may not

6

represent minor daughter *pro se*); Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2003)

("[P]arents cannot appear *pro se* on behalf of their minor children because a minor's personal

cause of action is her own and does not belong to the parent or representative."); Burrell v.

Anderson, 353 F. Supp. 2d 55, 79 (D. Me. 2005) (father may not represent minor daughter *pro*

*se*).

      The Court of Appeals for the Third Circuit described the rationale behind the rule

prohibiting a non-attorney parent from representing a minor *pro se*:

> The requirement of representation by counsel is based upon two cogent policy
> considerations.  First, there is a strong state interest in regulating the practice of
> law.  Requiring a minimum level of competence protects not only the party that
> is being represented but also his or her adversaries and the court from poorly
> drafted, inarticulate, or vexatious claims. . . ..  The second consideration is the
> importance of the rights at issue during litigation and the final nature of any
> adjudication on the merits.  Not only is a licensed attorney likely to be more
> skilled in the practice of law, but he or she is also subject to ethical
> responsibilities and obligations that a lay person is not.  In addition, attorneys
> may be sued for malpractice.

Collingsgru v. Palmyra Bd. of Ed., 161 F.3d 225, 231 (3rd Cir. 1998) (citations omitted).  See

Gallo v. United States, 331 F. Supp. 2d 446, 448 (E.D. Va. 2004) ("It is generally not in the

interest of a child to be represented by a non-attorney, who will likely be unable to protect her

rights and vigorously prosecute litigation on her behalf.")  See also Fed. R. Civ. P. 17(c) ("The

court shall appoint a guardian ad litem for an infant or incompetent person not otherwise

represented in an action or shall make such other order as it deems proper for the protection of

the infant or incompetent person.")

      Here, the plaintiffs, Peter Tinkham and Juliet Alexander, purport to represent their minor

daughter Samantha *pro se*.  However, they cannot do so under Fed. R. Civ. P. 17(c).  Thus,

Samantha's claims must be dismissed.

**B.    Plaintiffs' Complaint Fails to Contain a "Short and Plain" Statement of Their Claims in Violation of Rule 8(a).**

Rule 8(a) of the Federal Rules of Civil Procedure defines the content and structure of an acceptable pleading.

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . ..

The purpose behind Rule 8(a) is to "afford the opposing party fair notice of the claims asserted against him and the grounds on which those claims rest." Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995). A defendant enjoys an "inalienable right to know in advance the nature of the cause of action being asserted against him." Id. The "short and plain statement" requirements were explained by the Second Circuit Court of Appeals in the case of Salahuddin v. Cuomo, 861 F.2d 40 (2d Cir. 1988):

> The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. . . .. The statement should be short because "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from the mass of verbiage."

861 F.2d at 42 (citations omitted). See Jackson v. Polaroid, 181 F.3d 79, 1999 WL 525956 (1st Cir. 1999) (unpublished); 5 Wright & Miller, Federal Practice and Procedure § 1281 at 522 (2nd ed. 1990).

In Kuehl v. Federal Deposit Ins. Corp., 8 F.3d 905, 906 (1st Cir. 1993), the Court of Appeals affirmed the dismissal (under Rule 41(b)) of a 43-page amended complaint containing 36 counts pled against 30 defendants in violation of Rule 8(a). In Jackson, supra, the Court of Appeals upheld the dismissal of a 180-page amended complaint containing 80 counts, 35

paragraphs and footnotes. 181 F.3d 79, at *1-*2. In comparison, plaintiffs' Complaint consists

of 59 double-spaced pages, together with five Appendices (31 additional pages) and 15 Exhibits

(41 additional pages.)[5] The Complaint and Appendices contain a total 291 paragraphs of

allegations and a haphazard listing of 35 Counts asserted against 15 individual defendants.

As in <u>Rodriguez</u> and <u>Jackson</u>, plaintiffs' Complaint unjustifiably burdens the School

defendants. It is unfair to compel the School defendants to sift through the voluminous and often

redundant and confusing allegations of plaintiffs' pleading in order to identify those specific

"facts" to which they must respond, otherwise risk their deemed admission. And, although

plaintiffs liberally reference numerous state and federal remedies throughout their Complaint, it

is frequently difficult to follow the structural organization of plaintiffs' pleading or make heads

or tails of their various "Causes of Action," "Claims," "Counts," "Schemes," "Crimes" and

"Episodes." The School defendants should not be forced to speculate as to the nature of the

misconduct of which they are being accused.

Plaintiffs' Complaint is not a "short and plain" statement of their claims. On the contrary,

it is a confusing and prolix "mass of verbiage." Because plaintiffs' Complaint does not meet the

requirements of Fed. R. Civ. P. 8(a), the School defendants' Motion to Dismiss should be

allowed.

### C.    Plaintiffs' Complaint Fails to Fulfill the Lenient Standards for *Pro Se* Pleadings.

The First Circuit recognizes that "[o]ur judicial system zealously guards the attempts of

pro se litigants on their own behalf" and that the court "is required to construe liberally a pro se

---

[5] Combined, the pleading to which the School defendants are expected to respond consists of 131 pages of written material.

9

complaint . . ..." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  Illustrative of the

heightened protection *pro se* litigants enjoy, pleadings filed by such litigants are held to "less

stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519,

520 (1972).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they

present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly

pled." Ahmed, 188 F.3d at 890.

Despite ardent protection of an individual's right to self-representation, "pro se status

does not insulate a party from complying with the procedural and substantive law." Ahmed, 188

F.3d at 890.  A less stringent standard of pleading "cannot be taken to mean that pro se

complaints are held to no standard at all." Green v. Commonwealth of Massachusetts, 108

F.R.D. 217, 218 (D. Mass 1985).  Indeed, the "short and plain" statement requirement of Rule

8(a) still applies.

> [C]omplaints which ramble, which needlessly speculate, accuse and condemn,
> and which contain circuitous diatribes far removed from the heart of the claim
> do not comport with . . . this system; such complaints *must be dismissed.*

Green, 108 F.R.D. at 218 (citing Prezzi v. Berzak, 57 F.R.D. 149, 151-152 (S.D.N.Y.

1972)) (emphasis added).  The policy of pro se leniency does not extend so far as this court's

procedural rules. Ahmed, 188 F.3d at 890.

As demonstrated above, plaintiffs' Complaint grossly violates Rule 8(a) to the great

disadvantage of the School defendants.  While the plaintiffs may enjoy a certain degree of

leniency with regard to the relationship between facts alleged and causes of action presented, they

are not wholly excused from compliance with the procedural and substantive rules of this court.

## III.    **CONCLUSION**

For the reasons set forth above, the School defendants respectfully request that this Court

dismiss plaintiffs' Complaint as against them for failure to comply with the Federal Rules of

Civil Procedure. Fed. R. Civ. P. 41(b).

                                   The defendants,
DOREEN R. KELLY, BARRY L. MINTZER,
ESQ., DR. JEAN CURTIS LOUD, DR. ROBERT
L. DOYLE, DONNA KYED, MARGARET
VERRET, R.N., DR. JOAN BERNHEIMER,
JUDITH M. ALBERTON and DR. CLAIRE W.
JACKSON,

By their attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

_____

John J. Davis, BBO #115890
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Date:  July 27, 2005

I hereby certify that a true copy of the
above document was served upon (each
party appearing pro se and) the attorney
of record for each (other) party by mail
(by hand) on _7/27/05_____ .

11