UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 05-10470 MLW

PETER TINKHAM, JULIET ALEXANDER and SAMANTHA TINKHAM,

    Plaintiffs,

v.

DOREEN R. KELLY, BARRY L. MINTZER, JEAN CURTIS LOUD, ROBERT L. DOYLE, DONNA KYED, MARGARET VERRET, JOAN BERNHEIMER, JUDI ALBERTON, CLAIRE JACKSON, ERIN L. SENGES, BARBARA A. HAWKES-SULLIVAN, BARNEY KEEZELL, STEPHANIE THOMAS, ERICA COHEN and KENNETH PONTES,

    Defendants.

## OPPOSITION OF SCHOOL DEFENDANTS[1] TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT

The *pro se* plaintiffs, Peter Tinkham and Juliet Alexander, have now moved for the entry of a default judgment against the School defendants on the grounds that the School defendants failed to timely answer or otherwise respond to plaintiffs' Complaint as provided under the Federal Rules of Civil Procedure. The School defendants agreed to waive service of process pursuant to Fed. R. Civ. P. 4. Thereafter, on July 27, 2005, the School defendants filed a Motion to Dismiss within sixty (60) days from their receipt of plaintiffs' Complaint as contemplated

---

[1] This Opposition is filed on behalf of those defendants – officials, employees and other representatives – affiliated with the Cottage Street Elementary School, specifically (1) Doreen R. Kelly; (2) Barry L. Mintzer, Esq.; (3) Dr. Jean Curtis Loud; (4) Dr. Robert L. Doyle; (5) Judith M. Alberton; (6) Dr. Claire W. Jackson; (7) Dr. Joan Bernheimer; (8) Margaret Verret, R.N.; and (9) Donna Kyed (hereinafter the "School defendants.")

under Fed. R. Civ. P. 4(d)(3). Defendants' Motion to Dismiss was based on the grounds that (1) the plaintiffs, Peter Tinkham and Juliet Alexander, cannot represent their minor daughter *pro se*; and (2) the plaintiffs' 90-page, 291-paragraph Complaint (not including Exhibits) fails to contain a "short and plain" statement of plaintiffs' claims as required under Fed. R. Civ. P. 8(a). Thus, the School defendants are unable to respond.

The School defendants hereby oppose plaintiffs' Motion for Entry of Default Judgment on the following alternative grounds:

    A.    An entry of default is unavailable under Fed. R. Civ. P. 55(a) where the School defendants have timely responded to plaintiffs' Complaint as provided by the Federal Rules of Civil Procedure;

    B.    Defendants' Motion to Dismiss Plaintiffs' Complaint Under Rule 41(b) for the failure to contain a "short and plain" statement of plaintiffs' claims is the procedural equivalent of a motion for a more definite statement under Fed. R. Civ. P. 12(e) and, therefore, should be deemed a timely response; and

    C.    Even if their Motion to Dismiss Plaintiffs' Complaint Under Rule 41(b) is not deemed a timely response, the School defendants did not fail to defend this action or otherwise flout the Federal Rules of Civil Procedure and, therefore, should be granted leave to file the attached Motion for More Definite Statement Under Rule 12(e) late.

WHEREFORE, for the alternative reasons set forth above, and as more fully stated in the attached Memorandum in Support of Opposition of School Defendants to Plaintiffs' Motion

for Entry of Default Judgment, the School defendants oppose plaintiffs' Motion for Entry of Default Judgment and request that said Motion be denied by this Court.

        The Defendants,
DOREEN R. KELLY, BARRY L. MINTZER, JEAN CURTIS LOUD, ROBERT L. DOYLE, DONNA KYED, MARGARET VERRET, JOAN BERNHEIMER, JUDI ALBERTON, CLAIRE JACKSON, ERIN L. SENGES, BARBARA A. HAWKES-SULLIVAN, BARNEY KEEZELL, STEPHANIE THOMAS, ERICA COHEN and KENNETH PONTES.

By their attorneys,
**PIERCE, DAVIS & PERRITANO, LLP**

Dated: August 29, 2005

_____
John J. Davis, BBO #115890
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 8/29/05.

_____

-3-

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 05-10470 MLW

PETER TINKHAM, JULIET ALEXANDER and
SAMANTHA TINKHAM,

    Plaintiffs,

v.

DOREEN R. KELLY, BARRY L. MINTZER, JEAN
CURTIS LOUD, ROBERT L. DOYLE, DONNA
KYED, MARGARET VERRET, JOAN
BERNHEIMER, JUDI ALBERTON, CLAIRE
JACKSON, ERIN L. SENGES, BARBARA A.
HAWKES-SULLIVAN, BARNEY KEEZELL,
STEPHANIE THOMAS, ERICA COHEN and
KENNETH PONTES,

    Defendants.

**MEMORANDUM IN SUPPORT OF OPPOSITION OF SCHOOL DEFENDANTS
TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT**

    The defendants, Doreen R. Kelly; Barry L. Mintzer, Esq.; Dr. Jean Curtis Loud; Dr. Robert L. Doyle; Judith M. Alberton; Dr. Claire W. Jackson; Dr. Joan Bernheimer; Margaret Verret, R.N.; and Donna Kyed (hereinafter the "School defendants"), hereby oppose plaintiffs' Motion for Entry of Default Judgment. Plaintiffs' Motion for Entry of Default Judgment is based on the premise that the School defendants failed to timely answer or otherwise respond to plaintiffs' *pro se* Complaint as provided under the Federal Rules of Civil Procedure. This premise is false. After unanimously agreeing to waive service of process (as expressly encouraged under Fed. R. Civ. P. 4), the nine School defendants, on July 27, 2005, filed a

Motion to Dismiss plaintiffs' Complaint. This Motion was filed within the sixty-day period contemplated by Fed. R. Civ. P. 4(d)(3). Copies of the Motion to Dismiss and Memorandum of Law in Support were duly served upon the *pro se* plaintiffs that same day.[1] The School defendants have not failed to respond or otherwise defend this action as provided by the Federal Rules of Civil Procedure and, therefore, entry of a default judgment against them is inappropriate.

The School defendants' opposition to plaintiffs' Motion for Entry of Default Judgment is based on the following alternative grounds:

A. An entry of default is unavailable under Fed. R. Civ. P. 55(a) where the School defendants timely responded to plaintiffs' Complaint as provided by the Federal Rules of Civil Procedure;

B. Defendants' Motion to Dismiss Plaintiffs' Complaint Under Rule 41(b) for the failure of plaintiffs' Complaint to contain a "short and plain" statement of their claims is the procedural equivalent of a motion for a more definite statement under Fed. R. Civ. P. 12(e) and, therefore, should be deemed a timely response; and

C. Even if their Motion to Dismiss Plaintiffs' Complaint Under Rule 41(b) should not be deemed a timely response, the School defendants did not fail to defend this action or otherwise flout the Federal Rules of Civil Procedure and, therefore,

---

[1] On August 1, 2005, plaintiffs served upon defense counsel a Motion for Enlargement of Time within which to respond to the School defendants' Motion to Dismiss. By letter dated August 8, 2005, defense counsel advised the plaintiffs that the School defendants had no opposition to plaintiffs' Motion for Enlargement of Time.

should be granted leave to file a Motion for More Definite Statement Under Rule 12(e) late.

For these reasons, this Honorable Court should deny plaintiffs' Motion for Entry of Default Judgment.

I. **FACTS AND PROCEDURAL HISTORY**

Plaintiffs' *pro se* Complaint consists of 59 double-spaced pages, together with five (5) Appendices (31 additional pages), plus fifteen (15) Exhibits (41 pages more), each of which is incorporated by reference into the allegations of plaintiffs' Complaint.[2] The Complaint and Appendices contain a total of 291 paragraphs of allegations and a haphazard listing of 35 Counts asserted against 15 individual defendants.[3] Exemplary of the ambiguity and vagueness of their Complaint, the plaintiffs assert therein numerous "Counts" and/or "Causes of Action," yet fail to articulate for which plaintiff (one parent, both parents, daughter Samantha or all) each Count is asserted. Indeed, in several instances, the Complaint fails as well to clarify against which defendant(s) each allegation is aimed.

Faced with the daunting task of responding to plaintiffs' verbose and rambling pleading, the School defendants instead filed a timely Motion to Dismiss Plaintiffs' Complaint Under Rule 41(b) on two grounds. First, the plaintiffs, Peter Tinkham and Juliet Alexander, cannot represent their minor daughter *pro se*, Collinsgru v. Palmyra Bd. of Ed., 161 F.3d 225, 231 (3rd Cir. 1998); they can only appear *pro se* on their own behalf. Second, the Complaint fails to contain a "short

---

[2] Combined, the pleading to which the School defendants are expected to respond consists of 131 pages of written material.

[3] Only nine of the total fifteen defendants are named in plaintiffs' original Motion for Entry of Default Judgment. On August 18, 2005, the plaintiffs filed six additional Motions for Entry of Default against the remaining non-School defendants.

and plain" statement of plaintiffs' claims as required under Fed. R. Civ. P. 8(a). <u>Kuehl v. Federal Deposit Ins. Group</u>, 8 F.3d 905, 906 (1st Cir. 1993). Therefore, the School defendants are unable to respond to it. On August 12, 2005, the plaintiffs filed a Motion in Opposition to Defendants' Motion to Dismiss. The parties currently await a hearing and/or ruling on the School defendants' Motion.

II.   **ARGUMENT**

The Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Further, "[a]ll pleadings shall be so construed as to do substantial justice." Fed. R. Civ. P. 8(f); <u>Cabel v. United States</u>, 113 F.2d 998, 1000 (1st Cir. 1940). "The Federal Rules reject the approach that pleading is a game of skill . . . and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." <u>Conley v. Gibson</u>, 355 U.S. 41, 48 (1957), citing <u>Maty v. Grasselli Chemical Co.</u>, 303 U.S. 197 (1938).

    A.    **Entry of a Default Judgment is Inappropriate Where the School Defendants Timely Responded to Plaintiffs' Complaint as Provided by the Rules.**

An entry of default is governed by Fed. R. Civ. P. 55. Rule 55(a) provides, in part, as follows:

> **(a) Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend as provided by these rules* and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Fed. R. Civ. P. 55(a) (emphasis added). See <u>Rudnicki v. Sullivan</u>, 189 F. Supp. 714, 715 (D. Mass. 1960) (entry of default under Rule 55(a) held appropriate "only where a party against whom relief is sought fails to plead or otherwise defend as provided by these rules.") Default

under Rule 55 is *not* appropriate where a defendant has actively defended itself in the litigation. "The words 'otherwise defend' presume the absence of some affirmative action on the part of a defendant which would operate as a bar to the satisfaction of the moving party's claim." Wickstrom v. Ebert, 101 F.R.D. 26, 32 (E.D. Wis. 1984), citing George & Anna Portes Cancer Prevention Center, Inc. v. Inexco Oil Co., 76 F.R.D. 216, 217 (W.D. La. 1977). "When defendants have indicated an intent to defend the action, default should not be entered." Reiffen v. Microsoft Corp., 158 F.Supp.2d 1016, 1031 (N.D. Cal. 2001), citing Wickstrom v. Ebert, supra, 101 F.R.D. at 33.[4]

Here, the School defendants promptly defended themselves against plaintiffs' claims by filing a timely Motion to Dismiss as provided under Fed. R. Civ. P. 41(b). Thus, the School defendants are not subject to default under Rule 55(a).

Plaintiffs assert that the extension of time allowed under Fed. R. Civ. P. 12(a)(4) does not apply to a Motion to Dismiss made under Fed. R. Civ. P. 41(b). Plaintiffs are in error. A litigant may appropriately defend itself by means other than filing an Answer or Rule 12 motion. As noted by Wright & Miller in the treatise Federal Practice & Procedure, federal courts "traditionally have entertained certain pre-answer motions that are not expressly provided for by the rules or by statute." 5C Fed. Prac. & Proc. Civ. 3d, § 1360. Among the pre-answer motions permitted are those "necessary to effectuate other specific provisions in the rules," and those challenging an opponent's capacity to sue or be sued. Id. (citations omitted).

---

[4] The words "otherwise defend" refer to the imposition of various challenges to such matters as service, venue, and the sufficiency of the prior pleading, any of which might prevent a default if pursued in the absence of a responsive pleading.

10A Wright & Miller, Fed. Prac. & Proc. Civ. 3d, § 2682 (citations omitted).

The School defendants' Motion to Dismiss Plaintiffs' Complaint Under Rule 41(b) falls into both of these categories. In their Motion, the School defendants challenge plaintiffs' failure to comply with the requirement of Fed. R. Civ. P. 8(a) in that their Complaint does not contain a "short and plain" statement of plaintiffs' claims. Further, the School defendants assert that the plaintiffs, Peter Tinkham and Juliet Alexander, lack the legal capacity to represent their minor daughter *pro se*. Fed. R. Civ. P. 17(c). Samantha must instead be represented by an attorney.

The School defendants have "otherwise defend[ed] themselves against plaintiffs' Complaint] as provided by these rules . . ." within the meaning of Fed. R. Civ. P. 55(a). Therefore, plaintiffs' Motion for Entry of Default Judgment must be denied.

**B.    The School Defendants' Motion to Dismiss Plaintiffs' Complaint for Failure to Contain a "Short and Plain" Statement of Plaintiffs' Claims is the Procedural Equivalent of a Motion for More Definite Statement and, Therefore, Should be Deemed a Timely Response.**

The essential purpose of Fed. R. Civ. P. 8(a) is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). Under Rule 8(a)(2), "a complaint must include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Supreme Court in Swierkiewicz noted:

> Other provisions of the Federal Rules of Civil Procedure are inextricably linked to Rule 8(a)'s simplified notice pleading standard. . . .. If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move

for a more definite statement under Rule 12(e) before responding.[5]

Id., 534 U.S. at 514.

"The liberal notice pleading of Rule 8(a) *is the starting point* of a simplified pleading system, which was adopted to focus litigation on the merits of a claim." Id., 534 at 512 (emphasis added). Thus, the defenses set forth in Fed. R. Civ. P. 12 assume the prior existence of a pleading that meets the simple standards of Rule 8(a). See Pamela Amusement Co. v. Scott Jewelry Co., 22 F.R.D. 255, 256 (D. Mass. 1958) (citing Rule 8(a), Court dismisses plaintiff's complaint with leave to amend, reasoning that amended pleading should permit defendants "to answer the complaint without the need of a more definite statement [under Rule 12(e)].")

Rule 12(e) of the Federal Rules of Civil Procedure states, in part, as follows:

> **(e) Motion for More Definite Statement.** If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

Similar to Rule 8(a)(2), Rule 12(e) "is designed to strike at unintelligibility rather than want of detail . . .." In re Natural Gas, 358 F. Supp. 2d 336, 346 (S.D.N.Y. 2005). Where the allegations of a pleading are "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," a motion for a more definite statement should be allowed. Cash Energy, Inc. v. Weiner, 768 F. Supp. 892, 897 (D. Mass. 1991); Acciavatti v. Professional Services Group, Inc., 982 F. Supp. 69, 78 (D. Mass. 1997).

---

[5] Abundant case law demonstrates that a Motion to Dismiss under Fed. R. Civ. P. 8(a)(2) is appropriate where a pleading fails to set forth allegations in a manner that provides defendant sufficient notice of the claims asserted against him. See Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168 (1st Cir. 1995); Kuehl v. Federal Deposit Ins. Corp., 8 F.3d 905 (1st Cir. 1993); Jackson v. Polaroid, 181 F.3d 79 (1st Cir. 1999) (unpublished)).

The School defendants' Motion to Dismiss Plaintiffs' Complaint, argued in part under Rule 8(a)(2), aims to clarify plaintiffs' excessively verbose and ambiguous pleading so that a meaningful and adequate answer may be framed and appropriate defenses shaped. While not expressly captioned as a "Motion for More Definite Statement Under Rule 12(e)," such identification is not required by Rule 12. Similar in form and purpose to a Rule 12(e) motion, the School defendants' Motion to Dismiss strikes at the ambiguity and unintelligibility of plaintiffs' Complaint. In the interests of substantial justice, the School defendants' Motion to Dismiss should be construed as the equivalent of a motion for more definite statement under Rule 12(e). Therefore, the School defendants' timely filing of their Motion to Dismiss effectively tolled the required time period for responding to plaintiffs' Complaint pursuant to Rule 12(a)(4). Plaintiffs' Motion for Entry of Default Judgment must be denied.

### C. If the School Defendants' Motion to Dismiss Plaintiffs' Complaint is Deemed an Untimely Response (Which Defendants Deny), This Court Should, in the Alternative, Grant the School Defendants Leave to File a Motion for More Definite Statement Under Rule 12(e) Late.

As evidenced by their waiver of service of process and filing of a Motion to Dismiss, the School defendants have taken timely and appropriate steps, in the spirit of the Federal Rules of Civil Procedure, to defend themselves against plaintiffs' claims. The entry of a default judgment against them is inappropriate in such circumstances.

"A default judgment is . . . a drastic sanction that should be employed only in an extreme situation." Luis C. Forteza e Hijos, Inc. v. Mills, 534 F.2d 415, 419 (1st Cir. 1976). Courts disfavor default judgments. Thus, any doubts about whether to enter a default are usually resolved in favor of the defaulting party. 10A Wright & Miller, Fed. Prac. & Proc. Civ. 3d, §

2681. "The essential reason for the traditional reluctance of the courts to default a party is the 'policy of the law favoring the disposition of cases on their merits.'" Affanato v. Merrill Bros., 547 F.2d 138, 140 (1st Cir. 1977), quoting Richman v. Gen'l Motors Corp., 437 F.2d 196, 199 (1st Cir. 1971).

In In re Zeitler, 221 B.R. 934 (1st Cir. 1998), the Bankruptcy Appellate Panel of the First Circuit found "no meaningful distinction" between the factors considered in entering a default judgment and those considered on a motion to set aside a default. Id., 221 B.R. at 938. Both actions require an analysis of the concept of "good cause." A trial court should consider, at a minimum: (1) whether the default was wilful; (2) the prejudice to the moving party; and (3) the merits of the defense. Id. And, as the Zeitler Court added:

> This list is not exclusive: other facts that might be considered include "the proffered explanation for the default, the good faith of the parties, the amount of money involved, and the time of the motion."

Id., quoting Coon v. Grenier, 867 F.2d 73, (1st Cir. 1989).

Here, the School defendants responded to plaintiffs' Complaint in good faith by filing a timely Motion to Dismiss. If the defendants failed to respond as provided by the Federal Rules of Civil Procedure, such failure was unintentional and not wilful. The School defendants reasonably believed that their challenge to plaintiffs' non-compliance with the "short and plain" statement requirement of Rule 8(a) was appropriately raised under Rule 41(b). If their Motion to Dismiss should have been captioned instead as a "Motion for More Definite Statement Under Rule 12(e)," then the School defendants request leave of this Court to file such a motion. No harm or prejudice shall be suffered by the plaintiffs by the filing of such a motion.

### III. CONCLUSION

For the reasons set forth above, the School defendants oppose plaintiffs' Motion for Entry of Default Judgment and hereby request that said Motion be denied.

> The Defendants,
> DOREEN R. KELLY, BARRY L. MINTZER, JEAN CURTIS LOUD, ROBERT L. DOYLE, DONNA KYED, MARGARET VERRET, JOAN BERNHEIMER, JUDI ALBERTON, CLAIRE JACKSON, ERIN L. SENGES, BARBARA A. HAWKES-SULLIVAN, BARNEY KEEZELL, STEPHANIE THOMAS, ERICA COHEN and KENNETH PONTES.
>
> By their attorneys,
> **PIERCE, DAVIS & PERRITANO, LLP**
>
> _____
> John J. Davis, BBO #115890
> Ten Winthrop Square
> Boston, MA 02110
> (617) 350-0950

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on __8/29/05__.

_____