UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETER TINKHAM, JULIET ALEXANDER,
and SAMANTHA TINKHAM, pro se,
     Plaintiffs,
v.

DOREEN R. KELLY, BARRY L.
MINTZER, JEAN CURTIS LOUD,
ROBERT L. DOYLE, DONNA KYED,
MARGARET VERRET, JOAN
BERNHEIMER, JUDI ALBERTON,
CLAIRE JACKSON, ERIN L. SENGES,
BARBARA A. HAWKES-SULLIVAN,
BARNEY KEEZELL, STEPHANIE
THOMAS, ERICA COHEN, and
KENNETH PONTES,
     Defendants.

CIVIL ACTION
NO. 05-10470-MLW

### NOTICE OF SCHEDULING OF FAIR HEARING AT DIVISION OF SOCIAL SERVICES, WITH ADDENDUM TO AFFIDAVIT OF STEPHEN DICK, AND SUGGESTION THAT PLAINTIFFS ENGAGE THEIR STATE REMEDIES

On October 17, 2005, DSS transmitted notice to Plaintiffs of a Fair Hearing on the reported allegations of neglect which are the center of this matter. The Hearing is scheduled for Thursday, December 22, 2005 at the DSS Arlington Area Office, 30 Mystic Street, Arlington, MA 02174, at 1:00 o'clock PM. DSS will consider any reasonable request to change this date or time. **This hearing will invoke the panoply of to-date unresorted-to state remedies which have been available to Plaintiffs since before the commencement of this action, without exhaustion of which remedies Plaintiffs cannot complain of due process deprivations**, one of several bases of the DSS Defendants' Motion to Dismiss, #53.

Plaintiffs originally requested a Fair Hearing some time before March 19, 2003. Complaint EXHIBIT M, DSS, 3/19/2003 Acknowledgment of Plaintiffs' Timely Fair Hearing request.[1] They never again responded to DSS communications regarding their Fair Hearing.[2]

As argued in DSS' Motion to Dismiss, #53, Inasmuch as the Plaintiffs have been deprived of no rights unless and until they have exhausted the state administrative and judicial review provided them by statute, *Zinermon v. Burch*, 494 U.S. 113, 126 (1990), *Limerick v. Greenwald*, 749 F.2d 97, 99 (1st Cir.1984), Plaintiffs should engage their state remedies, before being irreparably deprived of them.

---

[1]The letter is mis-dated 2002. However, Plaintiffs' DSS case was dismissed in March, 2003. Complaint, ¶34.

[2]Affidavit of Stephen Dick in Support of Certificate of Compliance With L.R. 7.1A(2), attached to Motion to Dismiss #54, re-attached hereto with the following Addendum:

14.    On Monday, Oct. 17, 2005, at approximately 9:45, a telephone company message informed callers that Plaintiffs' number was no longer in service. The same message answered at 10:56 AM and 5:32 PM.

15.    Today, I learned for the first time of Plaintiffs' new number, by their letter to Kathy Boyce.

16.    I called the number at 10:24 AM, and again at 4:08 PM, each time leaving voice-mails requesting that they telephone me with confirmation that they received their Fair Hearing notice.

Sworn to under penalty of perjury, this 21st day of October, 2005.

_____

/s/
Stephen Dick

.

Defendants,

Erin L. Senges, Barbara A. Hawkes-Sullivan, Barney Keezell, Stephanie Thomas Brown, and Erica Cohen

**CERTIFICATE OF SERVICE**

I certify that I served one true copy each of the above **Notice** upon both Plaintiffs pro se, via first-class mail addressed to Peter Tinkham, PO Box 1075, Easton MA 02334. and Juliet Alexander, PO Box 1075, Easton MA 02334, on **October 21, 2005**.

By Their Attorney,

_____
/s/

_____
/s/
Stephen Dick

Stephen Dick, BBO #560508
Assistant Attorney General
Trial Division/Government Bureau
1 Ashburton Place
Boston MA 02108
617-727-2200
Fax: 617-727-3076
stephen.dick@ago.state.ma.us

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER TINKHAM, JULIET ALEXANDER, and SAMANTHA TINKHAM, pro se,<br>     Plaintiffs,<br>v.<br><br>DOREEN R. KELLY, BARRY L. MINTZER, JEAN CURTIS LOUD, ROBERT L. DOYLE, DONNA KYED, MARGARET VERRET, JOAN BERNHEIMER, JUDI ALBERTON, CLAIRE JACKSON, ERIN L. SENGES, BARBARA A. HAWKES-SULLIVAN, BARNEY KEEZELL, STEPHANIE THOMAS, ERICA COHEN, and KENNETH PONTES,<br>     Defendants. | CIVIL ACTION<br>NO. 05-10470-MLW |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2) AND AFFIDAVIT OF STEPHEN DICK, ATTACHED TO DSS DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. RR. CIV. P. 12(b)(1), (6)

Stephen Dick deposes and says of his own knowledge:

1.     I am the assistant attorney general assigned to the above-captioned matter, appearing for the DSS Defendants.

2.     Pursuant to Rule 7.1(A)(2) of the United States District Court for the District of Massachusetts, I certify that the parties conferred on the attached Motion by telephone on July 15, 2005 at 2:39 PM on this Motion, but were unable to narrow the issues.

3.     I further certify that on July 20, 2005, DSS informed me that a fair hearing remained open to Plaintiffs at their request.

4.     On August 3, 2005, I transmitted a letter to Plaintiffs informing them that DSS would hear their appeal at a fair hearing that, if immediately scheduled, would most likely be heard in January, 2006. The letter is attached hereto.

5.      Having heard nothing from Plaintiffs, I wrote to them on September 14, 2005, requesting that they contact me as soon as possible. The letter is attached hereto.

6.      I informed Plaintiffs again of the availability of the fair hearing in my letter of 10/3, transmitting a copy of Defendants' consent to transfer of this case to Magistrate Judge Alexander.

7.      I then attempted to contact Plaintiffs by phone on September 15th, on the 16th at 11:15 AM, and again at 2:30 PM, and on September 19, at 7:57 AM. There was no answer, and no voice mail has ever picked up.

8.      I telephoned Plaintiffs again on Friday, 9/30 at 6:47pm. Again there was no answer.

9.      I telephoned Plaintiffs again on Wednesday, 10/5 at 3:59pm. Again, no answer.

10.     I telephoned again on Thursday, 10/6 at 9:31am and 11:55 am, to no answer.

11.     On each phone call I rang 15 times.

12.     Finally, I reiterated the matter in my transmittal letter of the attached Motion to Dismiss the Complaint, one each to both Plaintiffs. I have also furnished Plaintiffs with my e-mail address.

13.     I have heard nothing from Plaintiffs since the above-mentioned conversation on July 15, 2005.

Sworn to under penalty of perjury, this 6th day of October, 2005.


_____/s/_____
Stephen Dick