UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER TINKHAM, JULIET ALEXANDER, and SAMANTHA TINKHAM, pro se,<br>    Plaintiffs,<br>v.<br><br>DOREEN R. KELLY, BARRY L. MINTZER, JEAN CURTIS LOUD, ROBERT L. DOYLE, DONNA KYED, MARGARET VERRET, JOAN BERNHEIMER, JUDI ALBERTON, CLAIRE JACKSON, ERIN L. SENGES, BARBARA A. HAWKES-SULLIVAN, BARNEY KEEZELL, STEPHANIE THOMAS, ERICA COHEN, and KENNETH PONTES,<br>    Defendants. | CIVIL ACTION<br>NO. 05-10470-MLW |

## COMMONWEALTH DEFENDANTS' NOTICE OF PLAINTIFF JULIET ALEXANDER'S WRITTEN RELINQUISHMENT OF STATE REMEDIES

Defendants ERIN L. SENGES, BARBARA A. HAWKES-SULLIVAN, BARNEY KEEZELL, STEPHANIE THOMAS, ERICA COHEN, and KENNETH PONTES give Notice that Plaintiff Juliet Tinkham relinquished her statutory right to a DSS Fair Hearing, in a letter to counsel of October 18, 2005, attached as EXHIBIT 1 (postscript).

Ms. Tinkham cannot have been deprived of due process she has knowingly waived,. *Zinermon v. Burch*, 494 U.S. 113, 126 (1990),[1] *Boston Environmental Sanitation Inspectors Association,* v. *City of Boston*, 794 F.2d 12, 13 (1st Cir. 1986),[2] and is without remedy.

---

[1] " One cannot complain of a violation of procedural due process rights when he has made no attempt to avail himself of existing state procedures."

[2] "It is well-settled that a claim of lack of available due process fail[s] on the merits [where] there [is] a process available under state law." (Citations omitted).

Defendants,
Erin L. Senges, Barbara A. Hawkes-Sullivan, Barney Keezell, Stephanie Thomas Brown, and Erica Cohen

By Their Attorney,

    /s/   Stephen Dick
Stephen Dick, BBO #560508
Assistant Attorney General
Trial Division/Government Bureau
1 Ashburton Place
Boston MA 02108
617-727-2200
Fax: 617-727-3076
stephen.dick@ago.state.ma.us

**CERTIFICATE OF SERVICE**

    I certify that I served a true copy of the above Notice upon Plaintiff pro se, Juliet Alexander, via first-class mail addressed to PO Box 1075, Easton MA 02374, on **November 1, 2005.**

    /s/ Stephen Dick
Stephen Dick

October 18, 2005
Re: Civil Action #05-10470 MLW

Dear Mr. Dick,

I have received your letter of the 6th instant in which you say that a copy of DSS Defendants' Rule 12 motion and your Rule 7.1 (a)(2) certificate and affidavit are enclosed. This letter is to inform you that the Rule 7 certificate and affidavit were NOT enclosed, doubtless through inadvertence. Would you kindly see to it that I receive a copy of same at your very earliest convenience?

Additionally, please be advised that it has been Plaintiffs' policy, particularly since my conversation with you in early July, to communicate with opposing counsel in writing only, unless it concerns a procedural matter, for instance, a request to enlarge time, that could be expedited with a simple phonecall.

I would also like to take this opportunity to respectfully remind you that Rule 12(a) requires all Defendants to responsively plead or otherwise defend within 20 days of service of summons. You most certainly do not need to be reminded that the Federal Rules of Civil Procedure, far from being only advisory or optional, have the full force and effect of federal statutes.

I remain, my dear Sir

Very truly yours,

             Juliet Alexander, Pro se

P.S.   Regarding your phone messages and letters on the subject of a so-called Fair Hearing, which is the closest thing to an oxymoron since Due Process, please note that our motion in opposition to DSS Defendant V Rule 12 Motion to

Dismiss deals with the exhaustion question in detail. Briefly, it can be summarized by saying that no one discerning a faction is obliged to:-appear before it for judgement. Or, as the blind poet Homer once said: Even the fool is wise after the event. DSS Defendants' interference in Plaintiffs' lives was flagrant, intentional and malicious and their present scramble to erect the edifice of a pending state proceeding is neither edifying nor credible. Or necessary. The case law on this subject is unambiguous.
You must keep in mind, my dear sir, that post. hoc ergo propter hoc is not always sound reasoning, but ante hoc ergo non propter hoc is unanswerable.

Again, I remain,

                                              Very truly yours,

