UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2005 NOV -7 P 12:45

PETER TINKHAM

V.     CIVIL ACTION NO. 05-10470 MLW

DOREEN R. KELLY


PLAINTIFFS' MOTION TO STRIKE THE AFFIDAVIT OF STEPHEN DICK

Plaintiffs Peter Tinkham, Juliet Alexander and Samantha Tinkham move this Court to strike the affidavit of Stephen Dick as false and misleading. As grounds therefore, Plaintiffs state:

1. Stephen Dick alleges in ¶2 of his affidavit that he conferred with "the parties" on the subject of "the attached Motion" but was "unable to narrow the issues".

Plaintiffs catagorically deny that Stephen Dick conferred with them on the subject of his Motion to Dismiss Under Rule 12(b) on July 15, 2005 or on any other day. Plaintiffs have NEVER conferred with Attorney Dick to narrow or resolve any of the issues upon which his Rule 12(b) Motion to Dismiss is based by telephone or otherwise. Please see attached affidavit of Juliet Alexander.

2. Stephen Dick alleges in ¶5 and again in ¶13 of his affidavit that he has "heard nothing" from Plaintiffs "since the above-mentioned conversation on July 15, 2005. Nor does he correct this error on the 21st day of October when he submits a sworn Addendum to his Affidavit.

Plaintiffs' catagorically deny that Stephen Dick has "heard nothing" from them and submit the attached letter dated August 17, 2005 which was mailed to Attorney Dick in response to his letter dated July 12, 2005 but postmarked August 4, 2005 and received by Plaintiffs on August 11, 2005. Please see attached affidavit of Peter Tinkham.

3. Finally, Stephen alleges in ¶7, ¶8, ¶9, ¶10, ¶11, ¶14, ¶15,

Motion to Strike the Affidavit of Stephen Dick, p.2

and ¶16, that he telephoned Plaintiffs innumerable times and implies that Plaintiffs were deliberately avoiding him. He further states in ¶15 of his Addendum, that he first learned of Plaintiffs' "new number by their letter to Kathy Boyce", presumably on October 21, 2005. Plaintiffs presume that the "new number" in question was the following: 207-364-3964.

If Attorney Dick had 1. Answered Plaintiffs' August 17, 2005 letter or 2. Sent them a copy of his Notice of Appearance as he wrongly certified he had done on August 31, 2005, or 3. Read the Docket entries in this case, he would have found out that the above-referenced number has been available to the Court and to all of the Defendants and their counsel in this case since early June 2005. In fact, Attorney Davis' office utilized both the "new number" and its accompanying answering service in early July 2005 to communicate with Plaintiffs. This "new number" is clearly written on every motion submitted by Plaintiffs to the Court in this case. In fact, when Plaintiffs moved in August 2005, they purposefully retained this number for the convenience of the Court and counsel.

Plaintiffs catagorically deny that they have been negligent or unresponsive to Attorney Dick at any time and suggest that the inference that they have along with the false statements referenced in ¶1 and ¶2 of this Motion to Strike have been willfully introduced and attested to in Stephen Dick's Affidavit in order to mislead the Court. Therefore, Plaintiffs' Motion to Strike the entire Affidavit should be granted.

Respectfully submitted, November 5, 2005

_____
Peter Tinkham, Pro se

I certify that a true and accurate copy of the above document was sent to counsel for the other parties on November 7, 2005 by mail.

_____
Juliet Alexander, Pro se
P.O.Box 1075
Easton, MA  02334
207-364-3964

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


PETER TINKHAM
    V.                       CIVIL ACTION NO:   05-10470 MLW
Doreen R. Kelly


        AFFIDAVIT OF JULIET ALEXANDER


I, Juliet Alexander, state under oath as follows:

1.  I am a Plaintiff pro se in the above-captioned case.

2.  On July 15, 2005, I received a letter from Attorney Stephen Dick, requesting an immediate phonecall. I complied forthwith.

3.  The sum and substance of my conversation with Attorney Dick is as follows:

<u>Attorney Dick:</u>  I am notifying you that I intend to bring a Motion for Summary Judgement against you in the next few days.
<u>J. Alexander:</u>  Isn't that a bit premature since there is really no record in the case?
<u>Attorney Dick:</u>  No.
<u>J. Alexander:</u>  May I ask who you are defending in the case?
<u>Attorney Dick:</u>  I don't have to represent anyone in this matter.
<u>J. Alexander:</u>  Thank you and goodbye.

4.  After the conversation ended on the above note, I remembered reading that counsel are supposed to confer to narrow or resolve any or all issues to be brought by Motion before bringing a Motion. After I composed myself, I phoned Attorney Dick back a few minutes later. The sum and substance of this second conversation with Attorney Dick is as follows:

<u>J. Alexander:</u>  Was that last phonecall your attempt to confer to narrow or  resolve the issues in your proposed Motion?

Attorney Dick: I don't know what you are talking about.
J. Alexander: Rule 7 of the Federal Rules requires that counsel confer to resolve or narrow any issues that are the substance of any motion. If you want to confer about your Motion for Summary Judgement, you might begin by telling me what the grounds are that you are basing your motion on.
Attorney Dick: You cannot sue the State. The Eleventh Amendment bars all suits against the State.
J. Alexander: I am not suing the State.
Attorney Dick: You can't sue state employees, either.
J. Alexander: I certainly can in their individual capacity.
Attorney Dick: No, you cannot. The Eleventh Amendment bars you there as well.
J. Alexander: Well, I don't know. You could be right. I have never studied the Eleventh Amendment (actually I had never even READ the Eleventh Amendment.) It is possible that I could be wrong. Thank you for bringing it to my attention. I will certainly read up on the matter.

5. I have NEVER conferred with Attorney Dick at any time about a Rule 12(b)(1) Motion to Dismiss based on injury in fact standing jurisdiction, domestic relations exception, or failure to exhaust administrative remedies. I have NEVER conferred with Attorney Dick at any time about a Rule 12(b)(6) Motion to Dismiss based on failure to correctly allege RICO predicate acts.

6. I had assumed from Attorney Dick's emphasis on the Eleventh Amendment that he was going to intervene on behalf of the Commonwealth vis a vis our claim for declaratory relief. Attorney Dick has never notified me by copy of his appearance filed on August 31, 2005, or by letter or telephone call that he, in fact, represented the six DSS Defendants in this case.

7. My first hint as to who or what Attorney Dick represented was his October 3, 2005 notice to the Court, copied to me, that DSS Defendants consented to the transfer of the case.

8. This impression was confirmed several days later with the arrival of DSS Defendants' Motion to Dismiss minus Attorney Dick's Affidavit in support of his Rule 7 Certificate.

9. I wrote a letter to Attorney Dick on October 18, 2005, requesting a copy of this Affidavit at his earliest convenience.

10. As of today, Attorney Dick has not responded to that request.

11. I obtained a copy of this Affidavit myself by driving 3½ hours from Maine to the Clerk's office on November 1, 2005.

Sworn under the penalties of perjury, this 6 day of November, 2005

Juliet Alexander
P.O. Box 1075
Easton, MA  02334
207 - 364-3964

August 17, 2005

Stephen Dick, AAG
One Ashburton Place
Boston, Massachusetts
          02108-1598

RE:  Tinkham v. Kelly  Civil Action No:  05-10470MLW

Dear Mr. Dick,

I am in receipt of your July 12, 2005 letter, that is to say, your letter dated July 12, 2005 but mailed on August 4, 2005 and received by me on August 11, 2005.  In this letter you kindly advise that the Court will not hear motions that are not sent also to defense counsel.  I assume this is your round-about way of indicating that you are defending someone or something in the above-captioned matter.  If this assumption is correct, please inform me and I will be pleased to send you all of the motions that have been sent to the Court and to the only other counsel of whom I had knowledge, John Davis, Esq..


I remain

                                        Cordially yours,

                                        [signature]
                                        Peter Tinkham, Pro se
                                        P.O. Box 466
                                        Hopkinton, MA 01748-9998

PS.  I note that Attorney Davis has not, to my knowledge, sent you his very interesting Motion To Dismiss.  Would you like me to send you a copy?

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


PETER Tinkham

  v.                        CIVIL ACTION NO:   )05-10470 MLW

DOREEN R. KELLY


AFFIDAVIT OF PETER TINKHAM

I, Peter Tinkham, state under oath as follows:

1.   I am a Plaintiff, pro se in the above-captioned case.

2.   On August 11, 2005, I received a letter from Attorney Stephen Dick, AAG., dated July 12, 2005 but postmarked August 4, 2005 in which he asked me to notify him if we consented to DSS's offer of a Fair Hearing. He also asked me to make sure I sent a copy of all motions to counsel.

3.   On August 17, 2005, I sent Attorney Dick a letter stating that I would be pleased to send him all correspondence if he would have the courtesy to tell me who or what he represented in the above-captioned case.

4.   Attorney Dick has never responded to my letter nor did he send me a copy of his appearance on behalf of the six DSS Defendants which he filed with the Court on August 31, 2005, although he certified under oath on that document that he had done so.

5.   My first impression that Attorney Dick was representing the Commonwealth on the issue of declaratory relief was disabused when I received his consent form on October 3, 2005, followed a few days later by his Motion to Dismiss. This Motion to Dismiss did not include Attorney Dick's Affidavit or the attached documents to his motion.

6. Although my wife sent a letter to Attorney Dick on October 18, 2005, at my request, asking him to forward a copy of this missing affidavit, he has not done so.

7. In early June 2005, I had a phone installed at a house I was repairing and where my wife, who is ill, spent most of her time. This phone number, 207-364-3964, was furnished to the Court in early July and written on every motion and almost every letter sent to the Court thereafter. This number included the service of message and caller I.D., and was utilized in early July by defense counsel Davis' office to communicate with my wife on a procedural matter regarding this case.

8. The second number written on all documents sent to the Court by Plaintiffs, 207-585-2137, is the seasonal number at my summer camp and was included because I wanted to insure that we would not miss out on ANY call from the Court.

9. When I moved to my new residence in August 2005, I had the number, 207-364-3964, transferred to my new home in order to have no confusion about where I could be reached. I cancelled our seasonal number to our camp in October and promptly notified the Court of same.

10. Attorney Dick has never left a message at this number or been reflected in the caller I.D. until Friday, October 22, 2005. This message, requesting a return phone call as soon as possible, was honored with a phone call to Attorney Dick's office on Monday, October 25, 2005.

Signed under the penalties of perjury this 6 day of November, 2005

Peter Tinkham, Pro se
P.O. BOX 1075
Easton, MA  02334
207-364-3964