UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 NOV -7  P 12: 45

U.S. DISTRICT COURT
DISTRICT OF MASS.

PETER TINKHAM

    V.                    CIVIL ACTION NO: 05-10470 MLW

DOREEN R. KELLY

PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' NOTICE OF A FAIR HEARING

Plaintiffs Peter Tinkham, Juliet Alexander and Samantha Tinkham move to strike the Notice of a Fair Hearing filed by DSS Defendants through their counsel Stephen Dick, AAG, as false, misleading and a scandalous fraud upon the Court. As grounds therefore, Plaintiffs state:

1. This notice states "Plaintiffs originally requested a Fair Hearing sometime before March 19, 2003." This statement, while technically correct, was made to deliberately mislead the Court about the amount of time that has elapsed between Plaintiffs' original request, March 14, 2002, and their contrived, ex post facto offer of a Fair Hearing on December 22, 2005, a lapse of 1365 days.

2. Defendants follow up this false statement with a deliberate lie, also manufactured to bolster their contention that Plaintiffs have failed to exhaust their administrative remedies in this case, a lie that is regrettably repeated in their Motion to Dismiss Under Rule 12(b). This lie consists of the following assertion in the body of the notice on Page 2, viz., "Complaint EXHIBIT M, DSS, 3/19/2003 Ackowledgment of Plaintiffs' Timely Fair Hearing request." Attorney Dick has the impertinence to change the date on this document, which was an Exhibit in Plaintiffs' Complaint, and the further impertinence to claim in his footnote to this foolish

Motion to Strike Defendants' Notice of a Fair Hearing. p.2

statement that, viz., "The letter is mis-dated 2002."

3.  If Attorney Dick had actually conferred with Plaintiffs as he has falsely asserted in his Rule 7.1(A)(2) Certification, they could have spared him the indignity of misleading the Court in both his Affidavit and in his Notice of a Fair Hearing, to say nothing of sparing themselves and the Court the tedium of disposing of the Contention asserted in DSS Defendants' Motion to Dismiss under Rule 12(b), that Plaintiffs have refused to exhaust their administrative remedies.

4.  The lynchpin to establish this affirmative defense of failure to exhaust is to first insinuate that Plaintiffs were incompetent to look out for their own interests which Attorney Dick has alleged in his Affidavit and then to narrow the chasm that exists between Plaintiffs' original request for a Fair Hearing and either Defendant Keezell's September, 2004 letter or Attorney Dick's Notice of a Fair Hearing in December, 2005. This preposterous attempt is soundly contradicted by the incontrovertible evidence in this case, clearly alleged in Plaintiffs' Complaint and attached to this Motion to Strike.

Therefore Plaintiffs' Motion to Strike should be granted.

Respectfully submitted, November 5, 2005

*Peter Tinkham* , Pro se

I certify that a true and accurate copy of the above document was sent to counsel for the other parties on November 67, 2005 by mail.

*Juliet Alexander* , Pro se
P.O. Box 1075
Easton, MA  02334
207-364-3964

Documents attached to Plaintiffs' Motion to Strike Notice of Fair Hearing.

1. Letter dated March 9, 2002 / Plaintiff to Defendant Pontes
2. Letter dated March 14, 2002 / Plaintiff to Defendant Keezell
3. Letter dated March 19, 2002 / Defendant Keezell to Plaintiff
4. Letter dated July 12, 2002 / Atty Moniz to Defendant Pontes
5. Letter dated Sept. 9, 2002 / Defendant Cohen to Plaintiff
6. Letter dated Sept. 29, 2004 / Defendant Keezell to Plaintiff
7. Letter dated July 12, 2005, Postmarked August 4, 2005, / Atty Dick to Plaintiff
8. Letter dated August 18, 2005 / Plaintiff to Atty Dick
9. Letter dated October 18, 2005 / Plaintiff to Atty Dick.

March 9, 2002

Ken Pontes, Area Director
30 Mystic Street
Arlington, MA  02474

Dear Mr Pontes,

Please send me a copy of the 51A and 51B charges filed against us by the Sharon School Department and all investigative notes by Ms. Singes and supporting documentation. We desire that all the requested material be forwarded to us as soon as possible.

I enclose the only written documentation we have received in this case. I would appreciate very much your kind attention to this matter and I remain

                                            Cordially yours,

                                            Peter Tinkham
                                            132 Massapoag Avenue
                                            Sharon, MA  02067

cc   Alan Levine, Esq.

Fair Hearing Office
Massachusetts Department of Social Services
24 Farnsworth Street
Boston, MA  02210


March 14, 2002


Dear Sir,

On March 8, 2002, Ms. Singes informed me via the telephone that a complaint of 'neglect', viz. failure to provide 'therapy' for our daughter was being 'supported' by her agency. We wish to request a Fair Hearing on this matter and this letter will serve as that request. The information required by the brochure she gave us in order to request such a hearing is as follows:

<u>Name, Address, and Telephone</u>:

Juliet Alexander and Peter Tinkham, parents.
132 Massapoag Avenue, Sharon, MA 02067
781-784-5521

<u>Date Decision was Made</u>:
March 8, 2002

<u>Name of Child</u>:
Samantha Louise Tinkham

<u>Name And Address Of Office Where Decision Was Made</u>:
Arlington Area Office
30 Mystic Street, Arlington, MA  02474
781-641-8500

<u>Decision Desired To Be Appealed</u>:

See Above.

<u>A Copy Of The Notice Sent By Department</u>:
Enclosed please find the ONLY written material sent by Ms. Singes.

I remain

Cordially,

*Peter Tinkham*

cc Alan Levine, Esq.

Executive Office of Health and Human Services
Department of Social Services
Fair Hearing Unit
24 Farnsworth Street, Boston, Massachusetts 02210
Phone: (617) 748-2000  Fax: (617) 261-7428



JANE SWIFT, Governor
ROBERT P. GITTENS, Secretary
LEWIS H. SPENCE, Commissioner

03/19/2002

RE: Hearing # 20020407

Peter Tickham/Alexander, Juliet
132 Massapoag Ave.
Sharon, MA 02067

Dear M. Tickham/Alexander, Juliet

This letter is to acknowledge receipt of your timely request for a fair hearing.

As you may be aware, the fiscal crisis in Massachusetts has resulted in an early retirement offer to eligible state workers and a freeze in our ability fill vacancies. We are now in the process of reconfiguring our hearing schedule due to loss of staff. As a result, we are unable to give you a date, time, and location of your hearing at this time. We expect to be able to do so within the near future.

I regret not being able to be more definitive at this time and appreciate your patience and cooperation.

Please feel free to contact me if you have any questions.

Sincerely,

Barney Keezell
Director, Fair Hearing Unit

# Law Offices Of Lawrence Moniz

41 Harrison Street ♦ Taunton, MA 02780
Phone (508) 823-3612 ♦ Fax (508) 824-2820

July 12, 2002

Mr. Kenneth F. Pontes, Area Director
Mass. Department of Social Services
Arlington Area Office
30 Mystic Street
Arlington, MA 02474

**Re: Samantha Tinkham**

Dear Mr. Pontes:

Please know that I represent Peter Tinkham and Juliet Alexander, the parents of the child, Samantha Tinkham, for whom a 51A decision was supported pursuant to M.G.L. c. 119, §51B on or about March 8, 2002. The social worker Stephanie Thomas was assigned to do the assessment subsequent to that supported 51B investigation and she has now forwarded, to my clients and myself, a proposed Service Plan for our consideration.

My clients have requested a fair hearing relative to the decision to support the 51A allegation, but on March 19, 2002, Mr. Barney Keezell, Director of the Fair Hearing Unit, indicated that they were not able to schedule a fair hearing based upon budgetary restrictions.

On that basis, this letter is to request that a meeting be arranged with you, Ms. Thomas if you so desire, and anyone else that you feel is necessary as well as both of my clients and their counsel. The purpose of this meeting would be in what as been described as a "conciliatory meeting" and we would seek to address issues involving the validity of the decision to support the allegations against my clients and the need for further DSS involvement. My clients have obtained indications from appropriate clinicians that this child needs to continue to be home tutored and that is the plan for the fall and the clinician's "order" to the effect that the child should be home tutored are being communicated to the Sharon School Department in the hopes that they will abide by their obligations under special education law and Massachusetts General Laws generally to provide the level of education to which this child is entitled in her home setting.

Would you please contact this office upon receipt of this letter to discuss the feasibility and timing of such a conciliatory meeting.

Mr. Kenneth F. Pontes, Area Director   -2-                                July 12, 2002

      In addition, please let this letter serve as my request pursuant to Chapter 110 of the Code of Massachusetts Regulations, Section 12.01 et. seq., for a copy of the entire DSS case file relating to Samantha Tinkham. I certify, consistent with said regulations, that I shall not disclose the contents thereof to anyone not a party to this action or his or her counsel without further authorization of DSS or a court of competent jurisdiction. I enclose an Authorization signed by both of my clients allowing for the release of this information.

      I look forward to the receipt of these records and to speaking to you relative to the scheduling of the conciliatory meeting.

                              Very truly yours,

                              LAWRENCE MONIZ

LM/sjt
Enclosure

cc:   Mr. Peter Tinkham
       Ms. Juliet Alexander
       Ms. Stephanie Thomas

Tinkham, Peter 6/12 letter to pontes.ltr





# The Commonwealth of Massachusetts
## Executive Office of Health and Human Services
### Department of Social Services

**Arlington Area Office**

30 Mystic Street, Arlington, Massachusetts 02474

Phone: (781) 641-8500 ◆ Fax: (781) 646-5172

JANE SWIFT
Governor
◆
ROBERT P. GITTENS
Secretary
◆
LEWIS H. SPENCE
Commissioner
◆
KEN PONTES
Area Director

9/9/02

Dear Mrs. Alexander and Mr. Tinkham,

I am writing you this letter to introduce myself as the ongoing social worker that has been assigned to work with your family. I am aware that you have requested a meeting with the area director, Keneth Pontes, and to date, that has not yet been scheduled. In the interim, I would like to have the opportunity to meet with your family to review the service plan that was mailed to you by the previous assessment worker, and to discuss any concerns you may have regarding the department's involvement at this time. Please contact me at your earliest convenience to schedule a home visit. My phone number is 781-641-8530. I look forward to speaking with you.

Sincerely

Erica Cohen
Ongoing social worker





The Commonwealth of Massachusetts
Executive Office of Health and Human Services
Department of Social Services
24 Farnsworth Street, Boston, Massachusetts 02210
Tel (617) 748-2000 * Fax (617) 261-7428

MITT ROMNEY
Governor
♦
KERRY HEALEY
Lieutenant Governor
♦
RONALD PRESTON
Secretary
♦
LEWIS H. SPENCE
Commissioner

September 29, 2004

Mr. Peter Tickham
Ms. Juliet Alexander
132 Massapoag Ave.
Sharon, MA 02067

Re: Fair Hearing # 20020407

Dear Mr. Tickham/Ms. Alexander:

    As you may remember, we have not been able to schedule the Fair Hearing you requested on 3/14/2002 because of staffing shortages due to budget cuts. We are currently in the process of possibly scheduling your appeal in the near future.

    Please let our office know if you are still interested in the appeal by October 8, 2004 by calling 617-748-2030 and leave a message with your name and **hearing number**. If we do not hear from you by this date, we will **dismiss** your appeal, assuming you are no longer interested in pursuing this matter.

    Thank you for your patience in this matter.

Sincerely,

Barney Keezell, Director
Fair Hearing Unit



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

July 12, 2005

Mr. Peter Tinkham
Ms. Juliet Alexander
PO Box 466
Hopkinton MA 01748-9998

Re: **Tinkham, pro se, et al v. Kell , et al.**
    **USDC 05-10470-MLW**

Dear Mr. Tinkham and Ms. Alexander:

The Massachusetts Department of Social Services will hear your appeal. Should you desire to exercise that right, the hearing would probably occur sometime between November, 2005 and January, 2006. In the event you are aggrieved by that decision, judicial review will of course be available to you, also as of right, under G.L. c. 30A, §14. Please contact me if you wish to go forward with your DSS appeal.

On another matter, kindly be advised that the Court will not consider motions with which defense counsel has not been served a copy.

Thank you for your attention.

Sincerely,

Stephen Dick, AAG
x3324
stephen.dick@ago.state.ma.us

cc: Barney Keezell

August 17, 2005

Stephen Dick, AAG
One Ashburton Place
Boston, Massachusetts
            02108-1598

RE:  Tinkham v. Kelly  Civil Action No:  05-10470MLW

Dear Mr. Dick,

I am in receipt of your July 12, 2005 letter, that is to say, your letter dated July 12, 2005 but mailed on August 4, 2005 and received by me on August 11, 2005.  In this letter you kindly advise that the Court will not hear motions that are not sent also to defense counsel.  I assume this is your round-about way of indicating that you are defending someone or something in the above-captioned matter.  If this assumption is correct, please inform me and I will be pleased to send you all of the motions that have been sent to the Court and to the only other counsel of whom I had knowledge, John Davis, Esq..

I remain

                                        Cordially yours,

                                        [signature]
                                        Peter Tinkham, Pro se
                                        P.O. Box 466
                                        Hopkinton, MA 01748-9998

PS.  I note that Attorney Davis has not, to my knowledge, sent you his very interesting Motion To Dismiss.  Would you like me to send you a copy?

October 18, 2005

Re:   Civil Action #05-10470 MLW

Dear Mr. Dick,

I have received your letter of the 6th instant in which you say that a copy of DSS Defendants' Rule 12 motion and your Rule 7.1 (a)(2) certificate and affidavit are enclosed. This letter is to inform you that the Rule 7 certificate and affidavit were NOT enclosed, doubtless through inadvertence. Would you kindly see to it that I receive a copy of same at your very earliest convenience?

Additionally, please be advised that it has been Plaintiffs' policy, particularly since my conversation with you in early July, to communicate with opposing counsel in writing only, unless it concerns a procedural matter, for instance, a request to enlarge time, that could be expedited with a simple phone-call.

I would also like to take this opportunity to respectfully remind you that Rule 12(a) requires all Defendants to responsively plead or otherwise defend within 20 days of service of summons. You most certainly do not need to be reminded that the Federal Rules of Civil Procedure, far from being only advisory or optional, have the full force and effect of federal statutes.

I remain, my dear Sir

Very truly yours,

*Juliet Alexander*

Juliet Alexander, Pro se