November 5, 2005

Kathy Boyce, Clerk
Clerk's Office
U.S. District Court
One Courthouse Way
Boston, MA   02210

FILED
IN CLERKS OFFICE

2005 NOV -7  P 12: 45

U.S. DISTRICT COURT
DISTRICT OF MASS.

RE:   TINKHAM V. KELLY   CIVIL ACTION NO:   05-10470 MLW

Dear Clerk Boyce,

Please find enclosed Two Motions to Strike with their supporting affidavits and documentation.  Also find enclosed a redacted copy of the Motion in Opposition to DSS Defendants' Motion to Dismiss which I filed in the Clerk's office on October 31, 2005.  This copy contains the corrections noted in my Motion to Correct Typographical Errors (I'm not sure I needed a motion to do that) and an omitted case citation, Footnote #15, is supplied.  I have also added two additional cases at the bottom of the second citation page and I have sent copies of this page to opposing counsel.

I checked the docket when I was at the Court  last week and I noted that Defendant Barry Mintzer's Waiver of Service has still not been docketed.  I have, therefore, attached a copy of his Waiver of Service if this will be of use to you.  There is no question that the original waiver of this very important Defendant was sent to the Clerk's  Office with the rest of School Defendant Waivers on  July _11_, 2005.  Please notify me of the status of Defendant Mintzer at your convenience.

I remain

                                                    very truly yours,

                                                    [signature]

                                                    Peter Tinkham, Pro se
                                                    P.O.Box 1975
                                                    Easton, MA 02334
                                                    207-364-3964

♦AO 399 (Rev. 10/95)

## WAIVER OF SERVICE OF SUMMONS

ATTACHMENT 8

TO: __Peter Tinkham, et al.__
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Barry L. Mintzer__, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __Peter Tinkham et al. v. Doreen R. Kelly, et al.__,
(CAPTION OF ACTION)

which is case number __05-10470MLW__ in the United States District Court
(DOCKET NUMBER)

for the __Eastern Division__ District of __Massachusetts__.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after __June 1, 2005__,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

__June 2F, 2005__              __[signature]__
(DATE)                                  (SIGNATURE)

Printed/Typed Name: __Barry L. Mintzer__

As _____ of _____
(TITLE)                                  (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 398 (Rev. 12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

**ATTACHMENT 7**

TO: (A) __BARRY MINTZER__

as (B) _____ of (C) _____

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the
(D) __EASTERN DIVISION__ District of __MASSACHUSETTS__
and has been assigned docket number (E) __05-1047 OMLW__

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver
within (F) __30__ days after the date designated below as the date on which this Notice and Request
is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this __1st__ day of __JUNE__, __2005__.

Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

---

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any
D—District
E—Docket number of action
F—Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver