U.S. District Court
District of Massachusetts

TINKHAM V. KELLY    CIVIL ACTION #05-10470-MLW

MOTION IN LIMINE

FILED
CLERK'S OFFICE

2006 JAN 19 P 1:44

DISTRICT OF MASS

Plaintiffs Tinkham and Alexander move in the above-captioned matter to strike both DSS and School Defendants' Motions to Dismiss as presumptively invalid on their faces, objectively void in content, and not properly before the Court for any reason. As grounds therefore, Plaintiffs state:

1.  Both Motions to Dismiss are in direct and contumacious violation of the Federal Rules of Civil Procedure as enumerated below:

Concerning DSS Defendants' Rule 12(b) Motion

a) DSS Defendants' filed their Rule 12(b) Motion to Dismiss 65 days after they were objectively in default for willfully refusing to answer Plaintiffs' Complaint within the time specified both on the summons they received and in FRCP 12.

* DSS Defendants received Plaintiffs' Complaint on June 1, 2005 and declined to return the waiver of summons; took, each of them, affirmative steps to evade personal service thereafter, causing Plaintiffs great inconvenience and expense; and when they were finally served, each DSS Defendant had had at least 60 days to review the Complaint and formulate their defenses to it.

B) DSS Defendants' Motion to Dismiss violates the spirit of the Federal Rules as it constituted the very first document Plaintiffs received from DSS Defendants in the case.

* DSS Defendants Counsel filed an appearance in the case on August 31, 2005, falsely certifying to the Court that he had mailed a copy of the appearance document to Plaintiffs.

* This action followed Counsel's refusal to identify himself as DSS Defendants' Counsel in response to a direct question from Plaintiffs on July 15, 2005, and Counsel's refusal to acknowledge or respond to Plaintiffs' written request on August 18, 2005, that he identify who or what he represented in the case.

1

FILED
In Open Court
USDC, Mass
Date 1/19/06
By _____ LOVETT

c) DSS Defendants' Motion further violates FRCP 7 and 11 as enumerated below:

* DSS Defendants' counsels' Rule 7 affidavit falsely certified that it had been sent along with its accompanying documents to Plaintiffs on October 6, 2005.

* DSS Defendants' Counsel, Attorney Stephen Dick declined to mail Plaintiffs a copy of this affidavit when they sent him a written request for it on October 18, 2005.

* DSS Defendants' affidavit, which was obtained by Plaintiffs from the Court Docket, is an overt attestation to a fraud and an imposture upon the Court. It falsely certifies that Defendants' Counsel conferred with the Plaintiffs to narrow the issues contained in his Motion to Dismiss and it falsely certifies that Attorney Dick made a diligent, informed assessment that the Motion was warranted by existing law and had evidentiary support.

* DSS Defendants' Counsel further discredited their Motion to Dismiss by maintaining in it that Plaintiffs had not exhausted their administrative remedies, had not even attempted to do so, and that therefore their case should be dismissed. Counsel then perpetrated another imposture upon the Court by filing a Notice of Fair Hearing that purported to show that Plaintiffs had indeed not exhausted their administrative remedies. This Notice purported to demonstrate this fact to the Court by attaching a document contained in Plaintiffs' Complaint and falsified by DSS Defendants' Counsel to show that Plaintiffs had requested a Fair Hearing much later than they actually did.

Concerning School Defendants' Rule 41(b) Motion

d) School Defendants' filed their Rule 41(b) Motion to Dismiss between their receipt of Plaintiffs' Complaint and the date for answer specified in FRCP 4 in direct violation of Rule 12. This action placed all School Defendants in default for not answering Plaintiffs' Complaint.

2

       * A Rule 41(b) Motion to Dismiss is neither a responsive pleading nor a defense and does not extend the time to answer. School Defendants' Counsel could easily have informed himself of this fact by reading FRCP 12.

       * In, addition, School Defendants' Motion disregards the advice of Rule 9 which plainly states that Rule 17 and Rule 8 objections are more properly plead as negative averrments in the responsive pleading.

       * Undaunted, School Defendants' Counsel counters with an argument that their Rule 41(b) Motion to dismiss was really a Rule 12(e) Motion for a more Definite Statement in disguise. This suggestion, aside from the fact that no Rule will permit it, is not to be credited because there is absolutely no identity of interest between Defendants' Rule 41(b) Motion and ANY motion that could be conceived of under Rule 12.

      *School Defendants, uncertain that the Court will entertain this argument, counter with another, viz., that what they really meant to say in their Motion to Dismiss was not that Plaintiffs had said too much in violation of Rule 8, but that they had, in fact, said too little. This is to insist upon an even greater exactitude than Rule 8 permits.

      * School Defendants' final Counter argument consists of their request that they should be given leave to "file the attached Rule 12(e) Motion Late. If this Motion exists, Plaintiffs have never received a copy of it and Attorney Davis has never bothered to respond to their written request in October that he send them one.

    e)   School Defendants are in direct violation of **FRCP 7** in failing to file a Rule 7 Certificate and accompanying affidavit with their Motion to Dismiss as required by Rule 7. If they did, it is not disclosed by reading the Court Docket and Plaintiffs have certainly never received a copy.

      *Attorney Davis never conferred with Plaintiffs to narrow the issues before filing his motion as required by Rule 7.

      * School Defendants' Counsel, by filing the Motion

to Dismiss, has plainly attested and falsely attested that it was warranted by existing law and had evidentiary support. Clearly, no diligent pre-filing inquiry was ever made into the questions of law or of fact or of the Federal Rules of Civil Procedure which every attorney is presumed and required to know, contrary to the demands of Rule 11.

2.   Plaintiffs further contend that both of Defendants' Motions to Dismiss were part of a deliberate litigation strategy that either put Defendants in default or kept them there and are without legal significance because Defendants either didn't have the standing to file them or don't have the standing, now, to litigate them.

3.   Plaintiffs further contend that both Motions to Dismiss violate both the letter and the spirit of FRCP 1 because they have deliberately obstructed the just, speedy and inexpensive resolution of Plaintiffs' claims

4.   Defendants whose litigation strategy attempted to exact compliance with the Federal Rules of Civil Procedure in order to have Plaintiffs' Complaint dismissed, should have no objection to conforming themselves to the Rules with a comparable exactitude.

Therefore, Plaintiffs would respectfully point out that neither DSS nor School Defendants' Motions to Dismiss are properly before the Court and should be struck and their respective Counsel sanctioned.

Plaintiffs attach affidavits in support of their claims as against School Defendants and rest on the affidavits filed in November 2005 with their Motions to Strike regarding their claims as against DSS Defendants.

P.O.Box 1075
Easton, MA 02334
(207) 364-3964

_Peter Tinkham_, Pro se

_Juliet Alexander_, Pro se

4

TINKHAM V. KELLY   CIVIL ACTION #05-01470-MLW

I, Peter Tinkham, state under oath as follows:

1. I am a Plaintiff in the above-captioned action.
2. I have never conferred with Attorney Davis or with anyone in his office to narrow the issues or to attempt to narrow the issues for his Motion to Dismiss on behalf of School Defendants.
3. I have never been served with a responsive pleading from Attorney Davis or School Defendants to my Complaint, sent to them on June 1, 2005.
4. I have never been served with a Rule 7 affidavit in support of School Defendants' Motion to Dismiss, or any other accompanying certification or documentation.

Signed under the pains and penalties of perjury, this *19* day of January *2006*.

*Peter Tinkham*
Peter Tinkham
P.O.Box 1075
Easton, MA   02334
(207) 364-3964

TINKHAM V. KELLY   CIVIL ACTION # 05-10470-MLW

I, Juliet Alexander, state under oath as follows:

1.  I am a Plaintiff in the abouve-captioned action.

2.  I have never conferred with Attorney Davis or with anyone from his office to narrow the issues or to attempt to narrow the issues regarding School Defendants' Motion to Dismiss.

3.  I have never been served with a responsive pleading from Attorney Davis or from anyone in his office to my Complaint which was sent to School Defendants on June 1, 2005

4.  I have never been served with a Rule 7 affidavit in support of School Defendants' Motion to Dismiss or with any other accompanying certification or documentation.

Signed under the pains and penalties of perjury, this _19_ day of January _2006_ .

_____
Juliet Alexander, P
P.O.Box 1075
Easton, MA  02334
(207) 364-3964