TINKHAM V. KELLY    CIVIL ACTION # 05-10470-MLW

MOTION IN LIMINE

Plaintiffs Tinkham and Alexander move that, with respect to the Status Conference scheduled for 1/19/06 in the above captioned matter, only their Motions for Default Judgement and for Payment of the Costs of Service are properly before this Court. As grounds therefore, Plaintiffs state:

1. Both sets of Defendants have been objectively in default for failure to answer Plaintiffs' Complaint or otherwise defend within the time permitted by Rule 12(a), viz., Sixty days for School Defendants; twenty days for DSS Defendants.

2. As intended by the Federal Rules, when a party against whom a judgement for affirmative relief is sought has failed to plead or otherwise defend, as provided for by the rules, and this fact is made to appear by affidavit or otherwise, the Clerk SHALL enter the party's default.

3. The policy reasons for allowing default judgements are basically the same as they were in the early days of English Law. The diligent party must be protected lest he be forced to endure interminable delay and continued uncertainty as to his rights.

4. The longer Defendants have been in default, the less prejudice to their case Plaintiffs must demonstrate. In the instant case the prejudice against Plaintiffs is not mere inconvenience, but grave injustice.

5. Because Defendants are not allowed to systematically invoke the Federal Rules against Plaintiffs while simultaneously flouting them in their Motions to the Court, their Motions to Dismiss are presumptively invalid and are not properly before this Court for any purpose.

6. Since both School and DSS Defendants' present position before this Court is that they have defaulted by refusing to answer or other-

wise defend, their respective defaults are a complete concession to the well-pleaded allegations in Plaintiffs' Complaint and a binding admission on the issue of liability for the claims made against them.

7. Plaintiffs therefore contend that both sets of Defendants' Motions are not properly before this Court because no Defendant has any standing to make them.

8. All Defendants' liability on the most innocuous assessment of their conduct in this litigation, arises from their failure to comply with the fixed and uniform standards of the Federal Rules of Civil Procedure which every lawyer is presumed and required to know. DSS Defendants' failure was a contumacious refusal to admit that the Federal Rules exist; School Defendants' failure was a contumacious refusal to read them.

9. Both School and DSS Defendants' defaults are the result of carefully crafted litigation strategies that backfired and have severely prejudiced Plaintiffs. Not only have Plaintiffs had to respond to a blizzard of pointless paper and to spend time and money in opposing Defendants' defective Motions, they appear to be the only party who thinks that the Federal Rules have any force or effect. This is a deeply disconcerting position and one which continues to keep Plaintiffs off balance. Almost a year from the date they filed their complaint they have no idea what affirmative defenses may be lurking in the minds of any Defendant and they have been completely unable to formulate any strategy for discovery, ascertain the undisputed facts, narrow the scope of the issues, or expedite the case.

10. Plaintiffs contend that Defendant defaults are willful and plainly not the result of mistake, inadvertence, surprise, or excusable neglect. Therefore, the Court should grant their Motions for Default Judgement against All Defendants, preserving

the liability determinations made by Entry of Default and allow Defendants to contest damages, if it so cooses, in the interests of justice.

A list of the relevent cases supporting Plaintiffs' contention that good cause to remove entry of default in this case does not exist is attached.

Respectfully submitted,

Date: Jan 19 2006

Peter Tinkham, Pro se

Juliet Alexander, Pro se

P.O. Box 1075
Easton, MA  02334
(207) 364-3964

TINKHAM V. KELLY    CIVIL ACTION    #05-10470-MLW

1. WEBB V. JAMES  147 F.3d 617, 622 (7th Cir. 1998)

   "Atty's error cannot be excusable when a cursory reading of Rule 12 would have revealed it to him"

2. ALL AMERICA FINANCIAL LIFE V. LLEWELLYN  139 F.3d 664, 665-6, (9th Cir. 1997)

   "Atty's negligence in failing to plead affirmative defense does not justify relief under Rule 60(b)(1)"

3. CASEY V. ALBERTSON'S, INC.  362 F.3d 1254, 1260-61, (9th Cir. 2004)

   "Mistake must be an excusable one so that a "mistake" occasioned by ignorance or incompetence will not suffice."

4. AFRICAN METHODIST E. CHURCH V. WARD  185 F.3d 1201-03, (11th Cir. 1999)

   "Failure to explain default requires denial of motion to set aside default judgement."

5. SPEISER, KRAUSE, AND MADOLE, P.C. V. ORTIZ  271 F.3d 884, 886-7, (9th Cir. 2001)

   "Due diligence must be demonstrated for excusable inadvertence or ignorance of the law.

6. PIONEER INVESTMENT SERVICES, CO. V. BRUNSWICK ASSOCIATES, INC.  507 U.S. 380, 387-89,  113 S. Ct. 1489, 123 L.Ed. 74 (1993)

   "issues of "excusable neglect" to be resolved on a case by case basis.  Court must conduct its excusable neglect analysis under this case."

7. ADVANCED V. RINEY  130 F.3d 396, 397, 399, (11th Cir. 1997)

   "An atty's erroneous belief that a Rule 41(b) motion suspended the time to answer or that a motion for a more definite statement is either a pleading or a defense is no basis for removing default."