United States District Court
District of Massachusetts

TINKHAM V. KELLY    CIVIL ACTION # 05-10470-MLW

MOTION IN LIMINE

FILED
CLERK'S OFFICE

2006 JAN 19 P 1:45

Plaintiffs Tinkham and Alexander move to strike School Defendants' Motion in Opposition to Default Judgement as a legally frivolous, non-cognitive proposition that is not properly before the Court for any valid purpose. Plaintiffs would also move to strike Defendants' alleged Motion to File a Rule 12(e) Motion Late (referenced in the above Motion on page 2 as "attached"), if they had actually received a copy of it. As grounds therefore, Plaintiffs state:

1. When School Defendants learned on August 15, 2005, that their carefully crafted litigation strategy had backfired, they declined to file an Answer then and there to mitigate their default.

2. They did not show good cause (which Plaintiffs allege does not exist) why Default Judgement should not be entered against them and proceeded to, in effect, deny that they were in default at all.

3. First, they misrepresented the complaint made in their Motion to Dismiss Under Rule 41(b). Instead of complaining that Plaintiffs had failed to plead short and plain, now they will insist that what they really meant was that Plaintiffs provide even greater exactitude than Rule 8 will permit.

4. Willing to knock down any Federal Rule that stands in their way, they suggest that the Court denominate their Rule 41(b) Motion to Dismiss as a Rule 12(e) Motion for a More Definite Statement. Not only does their Rule 41(b) Motion have absolutely no identity of interest with any motion that could be conceived of under Rule 12(e), the idea that Defendants could evade the limitations of Rule 12(a) by asking the Court to change the title of their Motion is to literally defy the reason for the federal Rules in the first place.

5. Defendants' Motion to Dismiss, unlike a Rule 12(e) Motion, does not allege that Plaintiffs' Complaint is so vague or ambiguous that they cannot reasonably be required to frame a responsive pleading to it. Nor does it point out in detail, with citations from the record, exactly what defects they are complaining about or what

specific details they require. If Defendants' real purpose was to obtain a more definite statement, all they had to do was to pick up the phone. Plaintiffs would have been happy to supply them with all the details they desired. Plaintiffs note, in passing, that School Defendants made zero attempts to narrow the issues presented in either their Motion to Dismiss or this Motion to Oppose Default Judgement as required by Rule 7(c) before filing ANY motion.

6. When the Court considers Plaintiffs' detailed descriptions of all of School Defendants' alleged racketeering schemes and predicate acts and Defendants' obvious resistence to filing an answer to Plaintiffs' Complaint, it will be able to reasonably conclude that School Defendants' insistence on knowing just exactly what it is that they have done to injure Plaintiffs is nothing more than a frivolous attempt to halt the forward progress of this case and to obscure the fact that Defendants have no excusable or meritorious defense to its claims.

Therefore, Plaintiffs respectfully move that School Defendants' Motion in Opposition to Default Judgement be struck for the foregoing reasons.

Date: January 17 2006

Peter Tinkham, Pro se

Juliet Alexander, Pro se.

P.O.Box 1075
Easton, MA 02334
(207) 354-3964