TINKHAM V. KELLY   CIVIL ACTION # 05-10470 MLW

## MOTION IN LIMINE

Plaintiffs Tinkham and Alexander move that the Court consider the following argument in relation to School and DSS Defendants' motions to dismiss based on the inability of Plaintiff/parents to represent their minor daughter in this case.

1.   A party generally must assert the party's own legal arguments and interests and may not rely on the legal rights or interests of a third party to assert a claim for relief.

2.   This rule is based on the prudential consideration that a third party is the best advocate of its own interests and that Plaintiffs may place a slightly different, self-interested viewpoint on its own presentation.

3.   However, there are exceptions to this Rule and Plaintiffs Peter Tinkham and Juliet Alexander qualify as an exception.

4.   If a Plaintiff asserting third party standing has suffered a redressable injury, the federal Courts will allow Plaintiff to proceed if the following three additional factual elements are satisfied:

    A.   Plaintiffs have suffered an injury in fact thus giving Plaintiffs a concrete interest in the outcome of the litigation.

    B.   There is a close relationship between the Plaintiffs and the third party. The purpose of the close relationship requirement is to ensure that the Plaintiff will act as an effective advocate for the third party. If the third party is unable to raise its own rights and its relationship to the Plaintiffs suggests an identity of interests, the Courts may be certain that the litigation is necessary and that the issues will be framed clearly and effectively.

    C.   There is some impediment to the third party's ability to protect its own interests. Any legal or physical inability qualifies as such an obstacle.

5.   Plaintiffs assert that they have suffered an injury in fact and that the Court can take judicial notice that Plaintiffs have a close relationship to the third party in this instance, viz., their minor daughter and that their minor daughter is unable to raise her own rights in this case because she is not of the legal age to do so.

6.   Plaintiffs reference the following cases in support of their position:

    1.  CAPLIN AND DRYSDALE CHARTERED V. U.S.
        491 U.S. 617, 623  n.3
        109  S. Ct. 2646
        105  L.Ed. 2d  528   (1989)

    2.  POWERS V. OHIO
        499 U.S. 400, 411
        111 S. Ct. 1364
        113 L.Ed  2d  411 (1991)

    3.  HODEL V. IRVING
        481 U.S. 704, 711
        107 S. Ct.  2076
        95 L.Ed 2d  668   (1987)

7. For the above reasons, Plaintiffs respectfully submit that they should be allowed to represent their minor daughter, Samantha Tinkham, age 15, in the above-captioned matter.

Date: _January 19 2006_

P.O. BOX 1075
Easton, MA 02334
(207) 364-3964

_Peter Tinkham_, Pro se

_Juliet Alexander_, Pro Se