UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER TINKHAM, JULIET ALEXANDER, and SAMANTHA TINKHAM, pro se,<br>    Plaintiffs,<br>v.<br><br>DOREEN R. KELLY, BARRY L. MINTZER, JEAN CURTIS LOUD, ROBERT L. DOYLE, DONNA KYED, MARGARET VERRET, JOAN BERNHEIMER, JUDI ALBERTON, CLAIRE JACKSON, ERIN L. SENGES, BARBARA A. HAWKES-SULLIVAN, BARNEY KEEZELL, STEPHANIE THOMAS, ERICA COHEN, and KENNETH PONTES,<br>    Defendants. | CIVIL ACTION<br>NO. 05-10470-MLW |

## OPPOSITION TO PLAINTIFFS' THREE MOTIONS IN LIMINE AGAINST THE DSS DEFENDANTS

These are not Motions in Limine.

The Motion seeking "third-party" standing for Plaintiffs' daughter, Samantha, is misplaced. She is not a third party; she can sue through her parents. She cannot be represented by her parents, who are not lawyers.

The papers regarding the scheduling conference and seeking to strike the Defendants' Motions to Dismiss are re-attempts (1) to default the Defendants for not timely answering the Complaint (duplicative of #25-31), and (2) to oppose dismissal (duplicative of #59). Both defendants have interposed dispositive motions. The time DSS spent to comprehend the

H:\AG\1 TRIAL\Tinkham\Motions\Opp Lim\D1.wpd

confusing, redundant pleadings, a task made no easier by their brazen falseness,[1] was not unreasonable. The Motions should be denied.

## CONCLUSION

For the above reasons, Plaintiffs' Motions in Limine should be denied.

---

[1] It is of dispositive importance that these Motions doggedly re-visit the allegations and Plaintiffs have not backed away from the Complaint's inescapable falsity. The DSS Motion to Dismiss clearly shows that as a matter of law, on these allegations Plaintiffs cannot have been placed on the list of alleged perpetrators, and cannot have been criminally investigated or prosecuted -- whether through the alleged RICO scheme or in any other manner. Yet they refuse to acknowledge or amend the knowing, central, falseness of this matter. Their conduct is sanctionable: the pleadings are voluminous for this stage of the litigation; not only has an entirely frivolous matter preyed upon the Commonwealth's precious resources, it has consternated innocent, assiduously hard-working DSS employees with exposure to individual, financial liability for deprivation of civil rights. It has had the desired effect. They are frightened. Under the circumstances, this knowing, intentionally-false pleading ought not be judicially tolerated, most particularly where the falseness goes to the fulcrum of the Complaint..

Defendants,
Erin L. Senges, Barbara A. Hawkes-Sullivan, Barney Keezell, Stephanie Thomas Brown, and Erica Cohen

By Their Attorney,

/s/
Stephen Dick, BBO #560508
Assistant Attorney General
Trial Division/Government Bureau
1 Ashburton Place
Boston MA 02108
617-727-2200
Fax: 617-727-3076
stephen.dick@ago.state.ma.us

**CERTIFICATE OF SERVICE**

I certify that I served one true copy each of the above Document upon both Plaintiffs pro se, via first-class mail addressed to Peter Tinkham, PO Box 466, Hopkinton MA 01748-9998, and Juliet Alexander, PO Box 466, Hopkinton MA 01748-9998, on **February 1, 2006**

/s/
Stephen Dick