*UNITED STATES DISTRICT COURT*
*DISTRICT OF MASSACHUSETTS*

CIVIL ACTION No. 05-10470 MLW

PETER TINKHAM, JULIET ALEXANDER and
SAMANTHA TINKHAM,

      Plaintiffs,

v.

DOREEN R. KELLY, BARRY L. MINTZER, JEAN
CURTIS LOUD, ROBERT L. DOYLE, DONNA
KYED, MARGARET VERRET, JOAN
BERNHEIMER, JUDI ALBERTON, CLAIRE
JACKSON, ERIN L. SENGES, BARBARA A.
HAWKES-SULLIVAN, BARNEY KEEZELL,
STEPHANIE THOMAS, ERICA COHEN and
KENNETH PONTES,

      Defendants.

### OPPOSITION OF SCHOOL DEFENDANTS
### TO PLAINTIFFS' FOUR (4) "MOTIONS IN LIMINE"

      The defendants, Doreen R. Kelly; Barry L. Mintzer, Esq.; Dr. Jean Curtis Loud; Dr.

Robert L. Doyle; Judith M. Alberton; Dr. Claire W. Jackson; Dr. Joan Bernheimer; Margaret

Verret, R.N.; and Donna Kyed (hereinafter the "School defendants"), hereby oppose plaintiffs'

four (4) so-called "Motions in Limine." Plaintiffs' Motions in Limine (which are not otherwise

captioned), address the following:

-     Motion in Limine regarding the plaintiffs, Peter Tinkham's and Juliet

    Alexander's, inability to represent their minor daughter;

-     Motion in Limine regarding the plaintiffs' Motion for Default Judgment;

-     Motion in Limine to strike the School defendants' Opposition to plaintiffs'

Motion for Entry of Default Judgment; and

• Motion in Limine to strike the School defendants' and DSS defendants' Motions to Dismiss as "presumptively invalid on their faces, objectively void in content, and not properly before the Court for any reason . . .."

As grounds for this Opposition, the School defendants state as follows:

1. Plaintiffs' Motions in Limine should be stricken as untimely and because they were filed without prior leave of the Court. Local Rule 7.1(B)(2) provides that a party opposing a motion shall file an opposition within fourteen days after service, unless another period is fixed by rule or by statute, or by an order of the court. Additional papers "may be submitted only with leave of court." L.R. 7.1(B)(3). The School defendants' Motion to Dismiss Plaintiffs' Complaint was filed on **July 27, 2005.** The plaintiffs' Motion for Entry of Default Judgment was filed on **August 18, 2005**, and the School defendants' Opposition thereto was filed on **August 29, 2005**. Nearly six months after the filing of the School defendants' Motion to Dismiss, and nearly five months after the filing of the School defendants' Opposition to plaintiffs' Motion for Entry of Default Judgment, the plaintiffs now seek to file "additional papers" relating to said Motions. Such late filings should be stricken. See Cook v. McLaughlin, 917 F. Supp. 79, 81 (D. Mass. 1996) (opposition to motion to dismiss filed fifty days late, without leave of court or explanation for delay, held stricken as untimely under L.R. 7.1(B)(2)).

Plaintiffs offer no reason or excuse whatsoever for their unreasonable delay in submitting such "additional papers" to the Court over 120 days late. Moreover, to the extent plaintiffs seek (by their Motions in Limine) to raise further arguments in opposition to the School defendants' Motion to Dismiss or in support of their own Motion for Entry of Default Judgment, which

-2-

arguments were not raised in plaintiffs' original papers, the School defendants are prejudiced. The plaintiffs failed to serve copies of their Motions in Limine to the defendants prior to the hearing held on January 19, 2006, nor did they even provide copies of said Motions upon defense counsel *at the hearing itself*. Thus, defendants were denied the opportunity to adequately respond to or rebut the arguments raised in plaintiffs' Motions in Limine at the time of the hearing.[1]

2. To the extent plaintiffs' Motions in Limine contain nothing more than a rehash of arguments previously raised in plaintiffs' original papers, said Motions are redundant and superfluous and, again, should be stricken. Plaintiffs should not be afforded multiple opportunities to make (and remake) the same points raised in their original motion papers. The Federal Rules of Civil Procedure and the Local Rules of this Court make no provision for the filing of such supplemental papers absent prior Court approval.

3. With respect to plaintiffs' first Motion in Limine, the School defendants' Motion to Dismiss was based on, among other grounds, the inability of Peter Tinkham and Juliet Alexander to serve as legal counsel for their minor daughter, Samantha. (See Memorandum of Law in Support of School Defendants' Motion to Dismiss, at 6-7). Under the Federal Rules of Civil Procedure, a minor lacks the legal capacity to bring suit. Fed. R. Civ. P. 17(c). Thus, suit may only be brought on the minor's behalf by a legal representative such as a parent or legal guardian, or one of the other legal representatives identified in Rule 17(c).

The plaintiffs, Peter Tinkham and Juliet Alexander, fail to appreciate the legal basis for

---

[1] Plaintiffs' fourth Motion in Limine (to strike the defendants' Motions to Dismiss) was apparently supported by two affidavits. The affidavits, however, were not served with the Motion upon defense counsel.

-3-

the School defendants' Motion to Dismiss. The School defendants do not contest Samantha's right to bring suit at this time, nor do they deny Samantha's right to do so through her parents, Peter Tinkham and Juliet Alexander, acting as her legal representatives. Nevertheless, Mr. Tinkham and Ms. Alexander (who are not licensed to practice as attorneys) may not stand up in federal court to serve as Samantha's lawyers. Serving as legal representative for capacity purposes is not the same as serving as Samantha's legal counsel. The cases cited by the plaintiffs in opposition to the School defendants' Motion to Dismiss stand only for the proposition that a parent may legally act on behalf of his or her son or daughter. They do not bear on the issue of whether a parent may also represent a son or daughter in court *pro se*. See, e.g., Kedra v. City of Philadelphia, 454 F. Supp. 652, 660-661 (E.D. Pa. 1978) (children held entitled to bring suit through mother, who, in turn, was represented by counsel); Communities for Equity v. Mich. High Sch. Athletic Ass'n, 26 F. Supp. 2d 1001, 1006 (W.D. Mich. 1998) (general guardian who was represented by counsel may sue on behalf of minor).

At the hearing held on January 19, 2006, the Court requested the plaintiffs to identify just one case in support of their position that they are entitled to bring suit *pro se* on behalf of their minor daughter, Samantha. Ms. Alexander cited In the Matter of Chicago, Rock Island & Pac. R.R. Co., 788 F.2d 1280 (7th Cir. 1986). The Chicago, Rock Island case, however, does not stand for the proposition for which it was cited. There, the Seventh Circuit Court of Appeals held that the plaintiff, who lost his foot in a railroad accident as a child, was barred from subsequently bringing suit against the railroad upon reaching the age of majority because his mother had failed to file a timely notice of claim with the trustee when the railroad filed for bankruptcy. 788 F.2d at 1282. The issue of *pro se* representation was not involved.

-4-

Nor do the cases cited in their first Motion in Limine lend plaintiffs any assistance on this issue whatsoever.  See <u>Caplin & Drysdale, Chartered v. U.S.</u>, 491 U.S. 617, 623 n.3 (1989) (attorney of criminal defendant held to have standing to raise client's Sixth Amendment rights); <u>Powers v. Ohio</u>, 499 U.S. 400, 411 (1991) (criminal defendant held to have standing to raise equal protection rights of excluded juror for purpose of challenging own conviction); <u>Hodel v. Irving</u>, 481 U.S. 704, 711 (1987) (survivors of estate held to have standing to assert decedent's right to dispose of property by will or intestacy).

4.  Plaintiffs cannot, at this late date, raise defendants' failure to comply with L.R. 7.1(A)(2) as grounds to strike defendants' Motions to Dismiss.  The plaintiffs (who, to defense counsel's knowledge, have likewise failed to comply with Local Rule 7.1(A)(2) prior to filing their numerous motions),[2] cannot wait until *after* the hearing is held on defendants' Motions to Dismiss, then complain that defense counsel did not confer with them.  Both fairness and the interests of judicial economy require this Court to reject plaintiffs' argument.  See <u>Gerakaris v. Champagne</u>, 913 F. Supp. 646650-651 (D. Mass. 1996).

WHEREFORE, for the reasons set forth above, and for the reasons set forth in their original Memorandum in Support of their Motion to Dismiss, and in their Opposition to

---

[2]  According to the docket, the plaintiffs, to date, have filed 23 motions in this action.

plaintiffs' Motion for Entry of Default Judgment, the School defendants hereby oppose plaintiffs'

four Motions in Limine, and further request that said Motions be stricken.

> The Defendants,
> DOREEN R. KELLY, BARRY L. MINTZER,
> JEAN CURTIS LOUD, ROBERT L. DOYLE,
> DONNA KYED, MARGARET VERRET, JOAN
> BERNHEIMER, JUDI ALBERTON, CLAIRE
> JACKSON, ERIN L. SENGES, BARBARA A.
> HAWKES-SULLIVAN, BARNEY KEEZELL,
> STEPHANIE THOMAS, ERICA COHEN and
> KENNETH PONTES.
>
> By their attorneys,
> **PIERCE, DAVIS & PERRITANO, LLP**
>
>
>      /s/ John J. Davis
> John J. Davis, BBO #115890
> Ten Winthrop Square
> Boston, MA 02110
> (617) 350-0950

I hereby certify that a true copy of the
above document was served upon (each
party appearing pro se and) the attorney
of record for each (other) party by mail
(by hand)on

-6-