UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-10470-MLW

PETER F. TINKHAM,
JULIET B. ALEXANDER,
and
SAMANTHA TINKHAM,

Plaintiffs

v.

DOREEN R. KELLY, BARRY L. MINTZER, JEAN CURTIS LOUD,
ROBERT L. DOYLE, DONNA KYED, MARGARET VERRETT,
JOAN BERNHEIMER, JUDI ALBERTON, CLAIRE JACKSON,
ERIN L. SENGES, BARBARA A. HAWKES-SULLIVAN,
BARNEY KEEZELL, STEPHANIE THOMAS, ERICA COHEN
and KENNETH PONTES

Defendants

**ORDER ON**

**MOTION FOR PAYMENT OF COSTS OF PERSONAL SERVICE
(Docket # 32)**

**and**

**MOTION FOR PAYMENT OF COSTS OF PERSONAL SERVICE
(Docket # 35)**

**and**

**MOTION FOR PAYMENT OF COSTS OF PERSONAL SERVICE
(Docket # 36)**

**and**

**MOTION FOR PAYMENT OF COSTS OF PERSONAL SERVICE**
**(Docket # 40)**

**and**

**MOTION FOR PAYMENT OF COSTS OF PERSONAL SERVICE**
**(Docket # 43)**

**and**

**MOTION FOR PAYMENT OF COSTS OF PERSONAL SERVICE**
**(Docket # 46)**

**and**

**PLAINTIFFS' MOTION TO STRIKE THE**
**AFFIDAVIT OF STEPHEN DICK**
**(Docket # 61)**

**and**

**PLAINTIFFS' MOTION TO STRIKE**
**DEFENDANTS' NOTICE OF A FAIR HEARING**
**(Docket # 62)**

**and**

**MOTION IN LIMINE**
**(Docket # 67)**

**and**

**MOTION IN LIMINE**
**(Docket # 68)**

**and**

2

**MOTION IN LIMINE**
**(Docket # 69)**

**and**

**MOTION IN LIMINE**
**(Docket # 70)**

ALEXANDER, M.J.

In a Report and Recommendation issued to the District Court today in this case, this Court addressed a number of pending motions.  This Order separately decides additional motions that have also been referred to this Court.  Because the Report and Recommendation iterates the relevant background, this Court does not re-iterate that information here and turns instead directly to the motions at issue.

**Motions for Payment of Costs of Personal Service**

The plaintiffs have filed six motions seeking payment of costs they incurred in personally serving their complaint on each of the six DSS defendants.  The plaintiffs aver that because the DSS defendants did not comply with the plaintiffs' request for waiver of service, the plaintiffs are entitled to recover the costs incurred in effecting personal service of the complaint pursuant to Fed. R. Civ. P. 4(2)(d).[1]  Rule 4(2)(d) states that if a defendant "fails to comply with a request for waiver made by a plaintiff . . . , the court shall impose the costs subsequently

---

[1] Each of the school defendants waived service.

incurred in effecting service on the defendant unless good cause for the failure be shown."

The DSS defendants have made no effort to demonstrate "good cause" for the failure to comply with the plaintiffs' request for waiver of service. Indeed, the DSS defendants never even filed a response to the extant motions for costs. Given the DSS defendants' failure both to waive service and to provide any basis for that failure, the Court ALLOWS the plaintiffs' motions for costs.

**Plaintiffs' Motion to Strike the Affidavit of Stephen Dick**

The plaintiffs have also moved to strike the affidavit of DSS defendants' counsel Stephen Dick filed in support of the DSS defendants' motion to dismiss. Although the plaintiffs may disagree with statements made by Mr. Dick in his affidavit, they provide no legal basis for their motion to strike, and Mr. Dick's affidavit appears to have been properly filed in support of the DSS defendants' motion to dismiss. The Court therefore DENIES the plaintiffs' motion to strike the affidavit.

**Plaintiffs' Motion to Strike Defendants' Notice of a Fair Hearing**

The plaintiffs next move to strike the DSS defendants' notice of a fair hearing. As with their motion to strike Mr. Dick's affidavit, the plaintiffs provide no legal basis for their motion. Their opinion as to the purpose of the notice – that

4

it is meant to mislead the Court – does not provide a basis for striking the notice.

The plaintiffs' motion to strike the notice of fair hearing is therefore DENIED.[2]

**Plaintiffs' Motion in Limine**

Finally, the plaintiffs have filed four motions that they have deemed

motions in limine.  Although the motions are not, technically, motions in limine,

the Court will not tarry over the misnomer.  As both the school defendants and the

DSS defendants point out, in their respective oppositions to the motions in limine,

the plaintiffs do nothing in the motions other than re-iterate assertions they have

already made in previously filed papers.  In one of the motions, for example, the

plaintiffs move to strike the motions to dismiss filed by the defendants.  The

plaintiffs have already, properly, filed oppositions to those motions.  The "motion

in limine" provides no new information and there appears to be no basis for its

filing.  The other motions in limine suffer the same problem.  The Court therefore

DENIES the motions.

**CONCLUSION**

For the foregoing reasons, the Court ALLOWS the plaintiffs' motions for

---

[2]Not only did the plaintiffs move to strike the notice of the fair hearing, but they failed to attend the hearing itself.

5

costs of personal service and DENIES all of the plaintiffs' other motions.  As a
final matter, the Court cautions all parties to abide by the Rules of Civil Procedure
and the Local Rules, to respond to motions in a timely fashion, and to refrain from
filing motions that do nothing more than reiterate assertions made in previously
filed papers (particularly the plaintiffs).

SO ORDERED.


2/6/06                              /s/ Joyce London Alexander
Date                                United States Magistrate Judge