August 17, 2005

Stephen Dick, AAG
One Ashburton Place
Boston, Massachusetts
        02108-1598

RE:  Tinkham v. Kelly  Civil Action No: 05-10470MLW

Dear Mr. Dick,

I am in receipt of your July 12, 2005 letter, that is to say, your
letter dated July 12, 2005 but mailed on August 4, 2005 and
received by me on August 11, 2005.   In this letter you kindly
advise that the Court will not hear motions that are not sent
also to defense counsel.  I assume this is your round-about way
of indicating  that you are defending someone or something in
the above-captioned matter.  If this assumption is correct, please
inform me  and I will be pleased to send you all of the motions
that have been sent to the Court and to the only other counsel
of whom I had knowledge, John Davis, Esq..


I remain


                                        Cordially yours,


                                        _____
                                        Peter Tinkham, Pro se
                                        P.O. Box 466
                                        Hopkinton, MA 01748-9998


PS. I note that Attorney Davis has not, to my knowledge, sent
you his very interesting Motion To Dismiss.  Would you like me
to send you a copy?

⇨ MAILED
   August 4, 2005

July 12, 2005

Mr. Peter Tinkham
Ms. Juliet Alexander
PO Box 466
Hopkinton MA 01748-9998

      **Re:    Tinkham, pro se, et al v. Kelly, et al.**
            **USDC 05-10470-MLW**

Dear Mr. Tinkham and Ms. Alexander:

The Massachusetts Department of Social Services will hear your appeal. Should you desire to
exercise that right, the hearing would probably occur sometime between November, 2005 and
January, 2006. In the event you are aggrieved by that decision, judicial review will of course be
available to you, also as of right, under G.L. c. 30A, §14. Please contact me if you wish to go
forward with your DSS appeal.

On another matter, kindly be advised that the Court will not consider motions with which defense
counsel has not been served a copy.

Thank you for your attention.

Sincerely,

Stephen Dick, AAG
x3324
stephen.dick@ago.state.ma.us

cc:    Barney Keezell

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PETER TINKHAM, JULIET ALEXANDER, and SAMANTHA TINKHAM, pro se, <br> Plaintiffs, <br><br> v. <br><br> DOREEN R. KELLY, BARRY L. MINTZER, JEAN CURTIS LOUD, ROBERT L. DOYLE, DONNA KYED, MARGARET VERRET, JOAN BERNHEIMER, JUDI ALBERTON, CLAIRE JACKSON, ERIN L. SENGES, BARBARA A. HAWKES-SULLIVAN, BARNEY KEEZELL, STEPHANIE THOMAS, ERICA COHEN, and KENNETH PONTES, <br> Defendants. | CIVIL ACTION <br> NO. 05-10470-MLW |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2) AND AFFIDAVIT OF STEPHEN DICK, ATTACHED TO DSS DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. RR. CIV. P. 12(b)(1), (6)

Stephen Dick deposes and says of his own knowledge:

1. . I am the assistant attorney general assigned to the above-captioned matter, appearing for the DSS Defendants.

2. Pursuant to Rule 7.1(A)(2) of the United States District Court for the District of Massachusetts, I certify that the parties conferred on the attached Motion by telephone on July 15, 2005 at 2:39 PM on this Motion, but were unable to narrow the issues.

3. I further certify that on July 20, 2005, DSS informed me that a fair hearing remained open to Plaintiffs at their request.

4. On August 3, 2005, I transmitted a letter to Plaintiffs informing them that DSS would hear their appeal at a fair hearing that, if immediately scheduled, would most likely be heard in January, 2006. The letter is attached hereto.

H:\AG\TRIAL\Tinkham\Motions\Dismiss\Affidavit.wpd

5.    Having heard nothing from Plaintiffs, I wrote to them on September 14, 2005, requesting that they contact me as soon as possible. The letter is attached hereto.

6.    I informed Plaintiffs again of the availability of the fair hearing in my letter of 10/3, transmitting a copy of Defendants' consent to transfer of this case to Magistrate Judge Alexander.

7.    I then attempted to contact Plaintiffs by phone on September 15th, on the 16th at 11:15 AM, and again at 2:30 PM, and on September 19, at 7:57 AM. There was no answer, and no voice mail has ever picked up.

8.    I telephoned Plaintiffs again on Friday, 9/30 at 6:47pm. Again there was no answer.

9.    I telephoned Plaintiffs again on Wednesday, 10/5 at 3:59pm. Again, no answer.

10.   I telephoned again on Thursday, 10/6 at 9:31am and 11:55 am, to no answer.

11.   On each phone call I rang 15 times.

12.   Finally, I reiterated the matter in my transmittal letter of the attached Motion to Dismiss the Complaint, one each to both Plaintiffs. I have also furnished Plaintiffs with my e-mail address.

13.   I have heard nothing from Plaintiffs since the above-mentioned conversation on July 15, 2005.

Sworn to under penalty of perjury, this 6th day of October, 2005.


_____/s/_____
Stephen Dick

October 6, 2005

Mr. Peter Tinkham
PO Box 466
Hopkinton MA 01748-9998

      **Re:    Tinkham, pro se, et al v. Kelly, et al.**
            **USDC 05-10470-MLW**

Dear Mr. Tinkham:

Enclosed and served on you please find a true and accurate copy of the DSS Defendants' Motion
to Dismiss the Complaint pursuant to Fed. RR. Civ. P. 12(b)(1), (2) with attached Certificate of
Compliance and Affidavit of Stephen Dick.

Once again, I reiterate that I have written and attempted several times to contact you by
telephone, in order to get your response to DSS's notice that it will schedule a fair hearing for
you. The fair hearing will open access to the entire panoply of state remedies, administrative and
judicial, of which you have not as yet availed yourself.

                    Sincerely,

                    Stephen Dick, AAG
                    Assistant Attorney General
                    (617) 727-2200, x3324

enc.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


PETER TINKHAM

        V.                    CIVIL ACTION NO: 05-10470 MLW

DOREEN R. KELLY


PLAINTIFFS' MOTION TO STRIKE DEFENDANTS'   NOTICE OF A FAIR HEARING

Plaintiffs Peter Tinkham, Juliet Alexander and Samantha Tinkham
move to strike the Notice of a Fair Hearing filed by DSS Defendants
through their counsel Stephen Dick, AAG, as false, misleading and
a scandalous fraud upon the Court.  As grounds therefore, Plaintiffs
state:

1.  This notice states  "Plaintiffs originally requested a Fair
Hearing sometime before March 19, 2003."  This statement, while
technically correct, was made to deliberately mislead the Court
about the amount of time that has elapsed between Plaintiffs'
original request, March 14, 2002, and their contrived, ex post facto
offer of a Fair Hearing on December 22, 2005, a lapse of 1365 days.

2.  Defendants follow up this false statement with a deliberate
lie, also manufactured to bolster their contention that Plaintiffs
have  failed to exhaust their administrative remedies in this case,
a lie that is regrettably repeated in their Motion to Dismiss Under
Rule 12(b).  This lie consists of the following assertion in the
body of the notice on Page 2, viz., "Complaint EXHIBIT M, DSS,
3/19/2003 Ackowledgment of Plaintiffs' Timely Fair Hearing request."
Attorney Dick has the impertinence to change the date on this
document, which was an Exhibit in Plaintiffs' Complaint, and the
further impertinence to claim in his footnote to this foolish

statement that, viz., "The letter is mis-dated 2002."

3.    If Attorney Dick had actually conferred with Plaintiffs as
he has falsely asserted in his Rule 7.1(A)(2) Certification, they
could have spared him the indignity of misleading the Court in
both his Affidavit and in his Notice of a Fair  Hearing, to say
nothing of sparing themselves and the Court the tedium of disposing
of  the Contention asserted in DSS Defendants' Motion to Dismiss
under Rule 12(b), that Plaintiffs have refused to exhaust their
administrative remedies.

4.    The lynchpin to establish this affirmative defense of failure
to exhaust is to first insinuate that Plaintiffs were incompetent
to look out for their own interests which Attorney Dick has
alleged in his Affidavit and then  to  narrow the chasm that
exists between Plaintiffs' original request for a Fair Hearing
and  either Defendant Keezell's September, 2004 letter or Attorney
Dick's  Notice of a Fair Hearing in December, 2005.  This preposter-
ous attempt is soundly contradicted by the incontrovertible
evidence in this case, clearly alleged in Plaintiffs' Complaint
and attached to this Motion to Strike.

Therefore Plaintiffs' Motion to Strike should be granted.


Respectfully submitted,  November 5, 2005

Peter Tinkham, Pro se


I certify that a true and accurate
copy of the above document was sent
to counsel for the other parties
on November ____, 2005 by mail.

Juliet  Alexander, Pro se
P.O. Box 1075
Easton, MA  02334
207-364-3964

Documents attached to Plaintiffs' Motion to Strike Notice
of Fair Hearing.

1. Letter dated March 9, 2002 / Plaintiff to Defendant Pontes

2. Letter dated March 14, 2002/Plaintiff to Defendant Keezell

3. Letter dated March 19, 2002 / Defendant Keezell to Plaintiff

4. Letter dated July 12, 2002 / Atty Moniz to Defendant Pontes

5. Letter dated Sept. 9, 2002 / Defendant Cohen to Plaintiff

6. Letter dated Sept. 29, 2004/Defendant Keezell to Plaintiff

7. Letter dated July 12, 2005, Postmarked August 4, 2005,
                              / Atty Dick to Plaintiff

8. Letter dated August 18, 2005 / Plaintiff to Atty Dick

9. Letter dated October 18, 2005/Plaintiff to Atty Dick.

March 9, 2002

Ken Pontes, Area Director
30 Mystic Street
Arlington, MA  02474

Dear Mr Pontes,

Please send me a copy of the 51A and 51B charges filed against
us by the Sharon School Department and all investigative notes
by Ms. Singes and supporting documentation.  We desire that all
the requested material be forwarded to us as soon as possible.

I enclose the only written documentation we have received in this
case.  I would appreciate very much your kind attention to this
matter and I remain

                                    Cordially yours,

                                    Peter Tinkham
                                    132 Massapoag Avenue
                                    Sharon, MA  02067

cc  Alan Levine, Esq.

Fair Hearing Office
Massachusetts Department of Social Services
24 Farnsworth Street
Boston, MA  02210

March 14, 2002

Dear Sir,

On March 8, 2002, Ms. Singes informed me via the telephone that a
complaint of 'neglect', viz. failure to provide 'therapy' for
our daughter was being 'supported' by her agency.  We wish to
request a Fair Hearing on this matter and this letter will serve
as that request.  The information required by the brochure she
gave us in order to request such a hearing is as follows:

Name, Address, and Telephone:
Juliet Alexander and Peter Tinkham, parents.
132 Massapoag Avenue, Sharon, MA 02067
781-784+5521

Date Decision was Made:
March 8, 2002

Name of Child:
Samantha Louise Tinkham

Name And Address Of Office Where Decision Was Made:
Arlington Area Office
30 Mystic Street, Arlington, MA  02474
781-641-8500

Decision Desired To Be Appealed:
See Above.

A Copy Of The Notice Sent By Department:
Enclosed please find the ONLY written material sent by Ms. Singes.

I remain

Cordially,

Peter Tinkham

cc Alan Levine, Esq.

Executive Office of Health and Human Services
Department of Social Services
Fair Hearing Unit
24 Farnsworth Street, Boston, Massachusetts 02210
Phone: (617) 748-2000  Fax: (617) 261-7428



JANE SWIFT, Governor
ROBERT P. GITTENS, Secretary
LEWIS H. SPENCE, Commissioner

03/19/2002

RE: Hearing # 20020407

Peter Tickham/Alexander, Juliet
132 Massapoag Ave.
Sharon, MA 02067

Dear M. Tickham/Alexander, Juliet

This letter is to acknowledge receipt of your timely request for a fair
hearing.

As you may be aware, the fiscal crisis in Massachusetts has resulted in
an early retirement offer to eligible state workers and a freeze in our ability
fill vacancies. We are now in the process of reconfiguring our hearing
schedule due to loss of staff. As a result, we are unable to give you a date,
time, and location of your hearing at this time. We expect to be able to do so
within the near future.

I regret not being able to be more definitive at this time and appreciate
your patience and cooperation.

Please feel free to contact me if you have any questions.

Sincerely,

Barney Keezell
Director, Fair Hearing Unit

# Law Offices Of Lawrence Moniz

41 Harrison Street ◆ Taunton, MA 02780
Phone (508) 823-3612 ◆ Fax (508) 824-2820

July 12, 2002

Mr. Kenneth F. Pontes, Area Director
Mass. Department of Social Services
Arlington Area Office
30 Mystic Street
Arlington, MA 02474

### Re: Samantha Tinkham

Dear Mr. Pontes:

Please know that I represent Peter Tinkham and Juliet Alexander, the parents of the child, Samantha Tinkham, for whom a 51A decision was supported pursuant to M.G.L. c. 119, §51B on or about March 8, 2002. The social worker Stephanie Thomas was assigned to do the assessment subsequent to that supported 51B investigation and she has now forwarded, to my clients and myself, a proposed Service Plan for our consideration.

My clients have requested a fair hearing relative to the decision to support the 51A allegation, but on March 19, 2002, Mr. Barney Keezell, Director of the Fair Hearing Unit, indicated that they were not able to schedule a fair hearing based upon budgetary restrictions.

On that basis, this letter is to request that a meeting be arranged with you, Ms. Thomas if you so desire, and anyone else that you feel is necessary as well as both of my clients and their counsel. The purpose of this meeting would be in what as been described as a "conciliatory meeting" and we would seek to address issues involving the validity of the decision to support the allegations against my clients and the need for further DSS involvement. My clients have obtained indications from appropriate clinicians that this child needs to continue to be home tutored and that is the plan for the fall and the clinician's "order" to the effect that the child should be home tutored are being communicated to the Sharon School Department in the hopes that they will abide by their obligations under special education law and Massachusetts General Laws generally to provide the level of education to which this child is entitled in her home setting.

Would you please contact this office upon receipt of this letter to discuss the feasibility and timing of such a conciliatory meeting.

Mr. Kenneth F. Pontes, Area Director   -2-                    July 12, 2002

 

 

 

In addition, please let this letter serve as my request pursuant to Chapter 110 of the Code of Massachusetts Regulations, Section 12.01 et. seq., for a copy of the entire DSS case file relating to Samantha Tinkham. I certify, consistent with said regulations, that I shall not disclose the contents thereof to anyone not a party to this action or his or her counsel without further authorization of DSS or a court of competent jurisdiction. I enclose an Authorization signed by both of my clients allowing for the release of this information.

I look forward to the receipt of these records and to speaking to you relative to the scheduling of the conciliatory meeting.

Very truly yours,

_____

LAWRENCE MONIZ

LM/sjt
Enclosure

cc:    Mr. Peter Tinkham
        Ms. Juliet Alexander
        Ms. Stephanie Thomas
Tinkham, Peter 0712 letter to pontes.k:d



# The Commonwealth of Massachusetts
## Executive Office of Health and Human Services
## Department of Social Services

### Arlington Area Office

30 Mystic Street, Arlington, Massachusetts 02474
Phone: (781) 641-8500    ◆    Fax: (781) 646-5172

**JANE SWIFT**
Governor
◆
**ROBERT P. GITTENS**
Secretary
◆
**LEWIS H. SPENCE**
Commissioner
◆
**KEN PONTES**
Area Director

9/9/02

Dear Mrs. Alexander and Mr. Tinkham,

   I am writing you this letter to introduce myself as the ongoing social worker that has been assigned to work with your family. I am aware that you have requested a meeting with the area director, Keneth Pontes, and to date, that has not yet been scheduled. In the interim, I would like to have the opportunity to meet with your family to review the service plan that was mailed to you by the previous assessment worker, and to discuss any concerns you may have regarding the department's involvement at this time. Please contact me at your earliest convenience to schedule a home visit. My phone number is 781-641-8530. I look forward to speaking with you.

Sincerely

Erica Cohen
Ongoing social worker



**MITT ROMNEY**
Governor
♦
**KERRY HEALEY**
Lieutenant Governor
♦
**RONALD PRESTON**
Secretary
♦
**LEWIS H. SPENCE**
Commissioner

**The Commonwealth of Massachusetts**
**Executive Office of Health and Human Services**
**Department of Social Services**
24 Farnsworth Street, Boston, Massachusetts 02210
Tel (617) 748-2000 * Fax (617) 261-7428

September 29, 2004

Mr. Peter Tickham
Ms. Juliet Alexander
132 Massapoag Ave.
Sharon, MA 02067

Re:  Fair Hearing # 20020407

Dear Mr. Tickham/Ms. Alexander:

As you may remember, we have not been able to schedule the Fair Hearing you requested on 3/14/2002 because of staffing shortages due to budget cuts. We are currently in the process of possibly scheduling your appeal in the near future.

Please let our office know if you are still interested in the appeal by October 8, 2004 by calling 617-748-2030 and leave a message with your name and **hearing number**. If we do not hear from you by this date, we will **dismiss** your appeal, assuming you are no longer interested in pursuing this matter.

Thank you for your patience in this matter.

Sincerely,

Barney Keezell, Director
Fair Hearing Unit



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

July 12, 2005

Mr. Peter Tinkham
Ms. Juliet Alexander
PO Box 466
Hopkinton MA 01748-9998

      **Re:**    **Tinkham, pro se, et al v. Kelly, et al.**
                    **USDC 05-10470-MLW**

Dear Mr. Tinkham and Ms. Alexander:

The Massachusetts Department of Social Services will hear your appeal. Should you desire to exercise that right, the hearing would probably occur sometime between November, 2005 and January, 2006. In the event you are aggrieved by that decision, judicial review will of course be available to you, also as of right, under G.L. c. 30A, §14. Please contact me if you wish to go forward with your DSS appeal.

On another matter, kindly be advised that the Court will not consider motions with which defense counsel has not been served a copy.

Thank you for your attention.

Sincerely,

Stephen Dick, AAG
x3324
stephen.dick@ago.state.ma.us

cc:    Barney Keezell

August 17, 2005

Stephen Dick, AAG
One Ashburton Place
Boston, Massachusetts
                02108-1598

RE:  Tinkham v. Kelly  Civil Action No:  05-10470MLW

Dear Mr. Dick,

I am in receipt of your July 12, 2005 letter, that is to say, your
letter dated July 12, 2005 but mailed on August 4, 2005 and
received by me on August 11, 2005.   In this letter you kindly
advise that the Court will not hear motions that are not sent
also to defense counsel.  I assume this is your round-about way
of indicating  that you are defending someone or something in
the above-captioned matter.  If this assumption is correct, please
inform me  and I will be pleased to send you all of the motions
that have been sent to the Court and to the only other counsel
of whom I had knowledge, John Davis, Esq..


I remain


                                    Cordially yours,


                                    Peter Tinkham, Pro se
                                    P.O. Box 466
                                    Hopkinton, MA 01748-9998


PS.  I note that Attorney Davis has not, to my knowledge, sent
you his very interesting Motion To Dismiss.  Would you like me
to send you a copy?

October 18, 2005

Re:  Civil Action #05-10470 MLW

Dear Mr. Dick,

I have received your letter of the 6th instant in which you
say that a copy of DSS Defendants' Rule 12 motion and your
Rule 7.1 (a)(2) certificate and affidavit are enclosed.  This
letter is to inform you that the Rule 7 certificate and affi-
davit were NOT enclosed, doubtless through inadvertence.
Would you kindly see to it that I receive a copy of same at
your very earliest convenience?

Additionally, please be advised that it has been Plaintiffs''
policy, particularly since my conversation with you in early
July, to communicate with opposing counsel in writing only,
unless it concerns a procedural matter, for instance, a request
to enlarge time, that could be expedited with a simple phone-
call.

I would also like to take this opportunity to respectfully
remind you that Rule 12(a) requires all Defendants to respon-
sively plead or otherwise defend within 20 days of service of
summons.  You most certainly do not need to be reminded that
the Federal Rules of Civil Procedure, far from being only ad-
visory or optional, have the full force and effect of federal
statutes.

I remain, my dear Sir

                                    Very truly, yours,

                                    Juliet Alexander, Pro se

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER TINKHAM, JULIET ALEXANDER, and SAMANTHA TINKHAM, pro se,<br>        Plaintiffs,<br><br>v.<br><br>DOREEN R. KELLY, BARRY L. MINTZER, JEAN CURTIS LOUD, ROBERT L. DOYLE, DONNA KYED, MARGARET VERRET, JOAN BERNHEIMER, JUDI ALBERTON, CLAIRE JACKSON, ERIN L. SENGES, BARBARA A. HAWKES-SULLIVAN, BARNEY KEEZELL, STEPHANIE THOMAS, ERICA COHEN, and KENNETH PONTES,<br>        Defendants. | CIVIL ACTION<br>NO. 05-10470-MLW |

### NOTICE OF SCHEDULING OF FAIR HEARING AT DIVISION OF SOCIAL SERVICES, WITH ADDENDUM TO AFFIDAVIT OF STEPHEN DICK, AND SUGGESTION THAT PLAINTIFFS ENGAGE THEIR STATE REMEDIES

On October 17, 2005, DSS transmitted notice to Plaintiffs of a Fair Hearing on the

reported allegations of neglect which are the center of this matter. The Hearing is scheduled for

Thursday, December 22, 2005 at the DSS Arlington Area Office, 30 Mystic Street, Arlington,

MA 02174, at 1:00 o'clock PM. DSS will consider any reasonable request to change this date or

time. **This hearing will invoke the panoply of to-date unresorted-to state remedies which**

**have been available to Plaintiffs since before the commencement of this action, without**

**exhaustion of which remedies Plaintiffs cannot complain of due process deprivations,** one of

several bases of the DSS Defendants' Motion to Dismiss, #53.

Plaintiffs originally requested a Fair Hearing some time before March 19, 2003. Complaint EXHIBIT M, DSS, 3/19/2003 Acknowledgment of Plaintiffs' Timely Fair Hearing request.[1] They never again responded to DSS communications regarding their Fair Hearing.[2]

As argued in DSS' Motion to Dismiss, #53, Inasmuch as the Plaintiffs have been deprived of no rights unless and until they have exhausted the state administrative and judicial review provided them by statute, *Zinermon v. Burch*, 494 U.S. 113, 126 (1990), *Limerick v. Greenwald*, 749 F.2d 97, 99 (1st Cir.1984), Plaintiffs should engage their state remedies, before being irreparably deprived of them.

---

[1]The letter is mis-dated 2002. However, Plaintiffs' DSS case was dismissed in March, 2003. Complaint, ¶34.

[2]Affidavit of Stephen Dick in Support of Certificate of Compliance With L.R. 7.1A(2), attached to Motion to Dismiss #54, re-attached hereto with the following Addendum:

14.    On Monday, Oct. 17, 2005, at approximately 9:45, a telephone company message informed callers that Plaintiffs' number was no longer in service. The same message answered at 10:56 AM and 5:32 PM.

15.    Today, I learned for the first time of Plaintiffs' new number, by their letter to Kathy Boyce.

16.    I called the number at 10:24 AM, and again at 4:08 PM, each time leaving voice-mails requesting that they telephone me with confirmation that they received their Fair Hearing notice.

Sworn to under penalty of perjury, this 21st day of October, 2005.

                                                /s/
                                                Stephen Dick

Defendants,
Erin L. Senges, Barbara A. Hawkes-
Sullivan, Barney Keezell, Stephanie Thomas
Brown, and Erica Cohen

**CERTIFICATE OF SERVICE**
   I certify that I served one true
copy each of the above **Notice** upon
both Plaintiffs pro se, via first-class
mail addressed to Peter Tinkham, PO
Box 1075, Easton MA 02334.and Juliet
Alexander, PO Box 1075, Easton MA
02334, on **October 21, 2005**.

            /s/
        Stephen Dick

By Their Attorney,

            /s/
Stephen Dick, BBO #560508
Assistant Attorney General
Trial Division/Government Bureau
1 Ashburton Place
Boston MA 02108
617-727-2200
Fax: 617-727-3076
stephen.dick@ago.state.ma.us

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETER TINKHAM, JULIET ALEXANDER,
and SAMANTHA TINKHAM, pro se,
    Plaintiffs,

v.

DOREEN R. KELLY, BARRY L.
MINTZER, JEAN CURTIS LOUD,
ROBERT L. DOYLE, DONNA KYED,
MARGARET VERRET, JOAN
BERNHEIMER, JUDI ALBERTON,
CLAIRE JACKSON, ERIN L. SENGES,
BARBARA A. HAWKES-SULLIVAN,
BARNEY KEEZELL, STEPHANIE
THOMAS, ERICA COHEN, and
KENNETH PONTES,
    Defendants.

CIVIL ACTION
NO. 05-10470-MLW

## COMMONWEALTH DEFENDANTS' NOTICE OF PLAINTIFF JULIET ALEXANDER'S WRITTEN RELINQUISHMENT OF STATE REMEDIES

Defendants ERIN L. SENGES, BARBARA A. HAWKES-SULLIVAN, BARNEY

KEEZELL, STEPHANIE THOMAS, ERICA COHEN, and KENNETH PONTES give Notice

that Plaintiff Juliet Tinkham relinquished her statutory right to a DSS Fair Hearing, in a letter to

counsel of October 18, 2005, attached as EXHIBIT 1 (postscript).

Ms. Tinkham cannot have been deprived of due process she has knowingly waived,.

*Zinermon v. Burch*, 494 U.S. 113, 126 (1990),[1] *Boston Environmental Sanitation Inspectors*

*Association,* v. *City of Boston*, 794 F.2d 12, 13 (1st Cir. 1986),[2] and is without remedy.

---

[1] " One cannot complain of a violation of procedural due process rights when he has made no attempt to avail himself of existing state procedures."

[2] "It is well-settled that a claim of lack of available due process fail[s] on the merits [where] there [is] a process available under state law." (Citations omitted).

Defendants,
Erin L. Senges, Barbara A. Hawkes-
Sullivan, Barney Keezell, Stephanie Thomas
Brown, and Erica Cohen

**CERTIFICATE OF SERVICE**

    I certify that I served a true copy
of the above Notice upon Plaintiff pro
se, Juliet Alexander, via first-class mail
addressed to PO Box 1075, Easton MA
02374, on **November 1, 2005.**

          /s/ Stephen Dick
          Stephen Dick

By Their Attorney,

      /s/ Stephen Dick
Stephen Dick, BBO #560508
Assistant Attorney General
Trial Division/Government Bureau
1 Ashburton Place
Boston MA 02108
617-727-2200
Fax: 617-727-3076
stephen.dick@ago.state.ma.us

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHSETTS

PETER TINKHAM, et al
    Plaintiffs

            v.

DOREEN R. KELLY, et al
    Defendants

CIVIL ACTION NO.
05-10470-MLW

## MOTION TO IMPOSE SANCTIONS

Plaintiffs, Peter Tinkham and Juliet Alexander, move under F.R.C.P.

11(b)(1)(A), to have sanctions imposed upon Attorney Stephen Dick, counsel for

DSS Defendants, in the above-captioned case. As grounds therefore, Plaintiffs

state:

1.     The central duty imposed by Rule 11 is to investigate the law and the

facts before filing a paper in Federal Court.

2.     Attorney Dick's pre-filing inquiry into the facts and the law regarding his

Rule 12 Motion to Dismiss was not reasonable under the circumstances.

3.     His clients, as of October 6, 2005, had been objectively in default for

failing to responsively plead or otherwise defend, in violation of Rule 12(a).

4.     Attorney Dick took no action to excuse or to mitigate this fact, filing a

Rule 12(b) Motion to Dismiss 65 days after entry of default against his clients,

in violation of Rule 12(a).

5.    All four underlying defensive legal theories in Attorney Dick's Rule 12 Motion to Dismiss are frivolous and clearly not warranted by existing law. A reasonable inquiry into the facts of the case would have demonstrated this to counsel.

6.    Every case, without exception, cited in support of Attorney Dick's Rule 12 defenses is pretextural and without merit. Not one of the cited cases has any relevance whatsoever to the facts or the controlling law in this case.

7.    With regard to the defense of Failure to Exhaust Administrative Remedies, a moment's reflection would have revealed that the Supreme Court invalidated this defensive maneuver way back in 1982.

8.    Notwithstanding the unambiguous and settled law regarding the plain fact that Plaintiffs are manifestly not required to either invoke or exhaust their administrative remedy in their case, Attorney Dick pursued this groundless defense in a manner that constituted vexatious and unreasonable conduct towards both Plaintiffs and the Court.

9.    Attorney Dick, in his Rule 7 affidavit, knowingly misrepresented and falsely attested to facts that were deliberately invented to make Plaintiffs appear incompetent to assert any of their legal rights and to put them generally in a bad light before the Court.

10.    As a corollary to the above-referenced affidavit, Attorney Dick deliberately falsified the date on a document crucial to his exhaustion defense and referenced this falsified date in the Notice of Fair Hearing in order to mislead the Court to the detriment of Plaintiffs.

11.    Attorney Dick continued to file more paper related to this imposture of a Fair Hearing up to and including January 23, 2006, four days after he boycotted the January 19, 2006 status conference.

12.    Attorney Dick's conduct towards Plaintiffs and the Court has been characterized by a pattern of deceit and bad faith from the beginning of this case.

A.    On July 15, 2005, Attorney Dick refused to identify himself as counsel for anyone or anything in this case.

B.    On August 31, 2005, Attorney Dick falsely certified that he served Plaintiffs with a copy of his Notice of Appearance on behalf of six DSS Defendants.

C.    On October 6, 2005, Attorney Dick falsely certified that he served Plaintiffs with a copy of his Rule 7 affidavit, referenced above.

D.    On October 18, 2005, Attorney Dick declined Plaintiffs' written request that he send them a copy of the omitted affidavit.

E.    Attorney Dick has never acknowledged or replied to Plaintiffs' letters of August 18, 2005, October 18, 2005 and December 13, 2005 regarding important aspects of this case, preferring instead to falsely accuse Plaintiffs before the Court of ignoring him.

13.    The Court may infer from a consideration of all of the above circumstances, including the filing of at least five completely groundless documents, that Attorney Dick has demonstrated a serious and steady disregard for the Federal Rules of Civil Procedure, basic ethics and the

3

orderly process of justice.

For the foregoing reasons and in order to mitigate the manifest

prejudice to Plaintiffs by deterring any future repetition of this kind of conduct,

Plaintiffs move to have appropriate sanctions imposed upon Attorney Dick.

Plaintiffs attach two Motions to Strike, filed on November 8, 2005, with

their accompanying affidavits in support of this Motion to Impose Sanctions.

Respectfully submitted,

February 15, 2006

_____
Peter Tinkham, pro se

_____
Juliet Alexander, pro se

P.O. Box 1075
Easton, MA  02334
(207) 364-3964

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true copy of this above motion and
supporting documents via first class mail upon counsel for the other parties in this
case, Stephen Dick, AAG, and John Davis, Esquire on February 15, 2006.

_____
Peter Tinkham, pro se

4

*Pl. copy*
*Filed 11/7/0₅*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETER TINKHAM

    V.                    CIVIL ACTION NO: 05-10470 MLW

DOREEN R. KELLY


PLAINTIFFS' MOTION TO STRIKE THE AFFIDAVIT OF STEPHEN DICK

Plaintiffs Peter Tinkham, Juliet Alexander and Samantha Tinkham
move this Court to strike the affidavit of Stephen Dick as false
and misleading. As grounds therefore, Plaintiffs state:

1. Stephen Dick alleges in ¶2 of his affidavit that he conferred
with "the parties" on the subject of "the attached Motion" but
was "unable to narrow the issues".

    Plaintiffs catagorically deny that Stephen Dick conferred with
them on the subject of his Motion to Dismiss Under Rule 12(b) on
July 15,2005 or on any other day. Plaintiffs have NEVER conferred
with Attorney Dick to narrow or resolve any of the issues upon
which his Rule 12(b) Motion to Dismiss is based by telephone or
otherwise. Please see attached affidavit of Juliet Alexander.

2. Stephen Dick alleges in ¶5 and again in ¶13 of his affidavit
that he has "heard nothing" from Plaintiffs "since the above-
mentioned conversation on July 15, 2005. Nor does he correct
this error on the 21st day of October when he submits a sworn
Addendum to his Affidavit.

    Plaintiffs' catagorically deny that Stephen Dick has "heard
nothing" from them and submit the attached letter dated August
17, 2005 which was mailed to Attorney Dick in response to his
letter dated July 12, 2005 but postmarked August 4, 2005 and
received by Plaintiffs on August 11, 2005. Please see attached
affidavit of Peter Tinkham.

3. Finally, Stephen alleges in ¶7, ¶8, ¶9, ¶10, ¶11, ¶14, ¶15,

Motion to Strike the Affidavit of Stephen Dick, p.2

and ¶16, that he telephoned Plaintiffs innumerable times and implies that Plaintiffs were deliberately avoiding him.  He further states in ¶15 of his Addendum, that he  first learned of Plaintiffs' "new number by their letter to Kathy Boyce", presumably on October 21, 2005.  Plaintiffs presume that the "new number" in question was the following: 207-364-3964.

If Attorney Dick had 1. Answered Plaintiffs' August 17, 2005 letter or 2. Sent them a copy of his Notice of Appearance as he wrongly certified he had done on August 31, 2005, or 3. Read the Docket entries in this case, he would  have found out that the above-referenced number has been available to the Court and to all of the Defendants and their counsel in this case since early June 2005.  In fact, Attorney Davis' office utilized both the "new number" and its accompanying answering service in early July 2005 to communicate with Plaintiffs.  This "new number" is clearly written on every motion submitted by Plaintiffs to the Court in this case.  In fact, when Plaintiffs moved in August 2005, they purposefully retained this number for the convenience of the Court and counsel.

Plaintiffs catagorically deny that they have been negligent or unresponsive to Attorney Dick at any time and suggest that the inference that they have along with the false statements referenced in ¶1 and ¶2 of this Motion to Strike have been willfully introduced  and attested to in Stephen Dick's Affidavit in order to mislead the Court.  Therefore, Plaintiffs' Motion to Strike the entire Affidavit should be granted.

Respectfully submitted,   November 5, 2005

Peter Tinkham, Pro se

I certify that a true and accurate copy of the above document was sent to counsel for the other parties on November 5, 2005 by mail.

Juliet Alexander, Pro se

P.O.Box 1075
Easton, MA   02334
207-364-3964