UNITED STATS DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER TINKHAM, et al<br>Plaintiffs<br><br>v.<br><br>DOREEN R. KELLY, et al<br>Defendants | CIVIL ACTION NO.<br>05-10470-MLW |

PLAINTIFFS' OBJECTIONS TO
MAGISTRATE JUDGE ALEXANDER'S
REPORT AND RECOMMENDATIONS

Respectfully submitted,

_____
Peter Tinkham, pro se

February 15, 2006

_____
Juliet Alexander, pro se
P.O. Box 1075
Easton, MA 02334
(207) 364-3964

I hereby certify that I have served a true copy of this document to opposing counsel, Stephen Dick and John Davis, via first class mail on February ___, 2006.

_____
Peter Tinkham, pro se

UNITED STATS DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER TINKHAM, et al<br>**Plaintiffs**<br><br>v.<br><br>DOREEN R. KELLY, et al<br>**Defendants** | CIVIL ACTION NO.<br>05-10470-MLW |

Plaintiffs object to Magistrate Judge Alexander's Rulings and Recommendations in the above-captioned case: to Magistrate Judge Alexander's denial of Plaintiffs' Motions to Strike and Motions in Limine; to Magistrate Judge Alexander's recommendation that both Defendants' Motions to Dismiss be allowed and that Plaintiffs' Motions for Default Judgment against all Defendants be denied for the following three reasons:

1. <u>Magistrate Judge Alexander</u> clearly did not read Plaintiffs' Complaint. Her background and analysis are both inaccurate and irrelevant. It is inconceivable that no reference whatsoever was made to Plaintiffs' careful detailing of the numerous RICO and §1983 abuses by two state agencies run constitutionally amuck.

2. <u>Magistrate Judge Alexander</u> clearly demonstrated, both during the January 19, 2006 alleged motion hearing and in the document presently objected to, absolutely no familiarity whatsoever with either of Plaintiffs' Memoranda in Opposition to both Motions to Dismiss, preferring to focus in both venues on the

irrelevant issue of exhaustion of administrative remedies as applied to §1983 cases with related and irrelevant observations on habeas corpus.

3. <u>Magistrate Judge Alexander</u> did not consider, as she is required by the Federal Rules when analyzing Defendants' Motions to Dismiss, all well-pleaded facts in Plaintiffs' Complaint as true. Instead, she improperly and arbitrarily adopted the collateral documents submitted by DSS Defendants as a primary basis for recommending dismissal of Plaintiffs' Complaint. These documents, Stephen Dick's Rule 7 affidavit and DSS Defendants' Notice of a Fair Hearing, are both preposterous impostures and manifest frauds upon the Court, as Plaintiffs clearly alleged in their Motions to Strike same.

For these reasons, Magistrate Judge Alexander's rulings and recommendations should be reviewed as allowed under Rule 3(b) and set aside. The basis for Plaintiffs' Objections being more fully set forth below:

Respectfully submitted,

<u>February 15 2006</u>

Peter Tinkham, pro se

*Juliet Alexander* (signature)
Juliet Alexander, pro se
P.O. Box 1075
Easton, MA  02334
(207) 364-3964

I hereby certify that I have served a true copy of this document to opposing counsel, Stephen Dick and John Davis, via first class mail on <u>February   , 2006.</u>

Peter Tinkham, pro se

2.

## PART ONE

Concerning the orders issued by Magistrate Judge Alexander on February 6, 2006, denying Plaintiffs' Motion to Strike the Affidavit of Stephen Dick; Plaintiffs' Motion to Strike the Notice of Fair Hearing; and Plaintiffs' four Motions in Limine filed in open court on January 19, 2006, for the following reasons:

1. <u>As to the denial</u> of Plaintiffs' Motion to Strike the Affidavit of Stephen Dick, the attached motion with its supporting affidavits will speak for itself.

Insofar as Magistrate Judge Alexander claims that Plaintiffs have provided no legal basis for their Motion to Strike, Plaintiffs supply the following argument in opposition:

There is absolutely no evidence upon the record that Attorney Dick opposes Plaintiffs' Motion to Strike. Indeed, he has offered no defense whatsoever to Plaintiffs' allegations under oath that he deliberately introduced and attested to the false facts; that he falsely certified he had sent a copy of his affidavit to Plaintiffs as required by Rule 7(c); that he took affirmative steps to hinder Plaintiffs (who live four and one-half hours away in another state) from obtaining a copy through normal channels and thus discovering the deception.

3.

The legal basis for Plaintiffs' Motion to Strike is not that they "disagree" with the statements made by Attorney Dick in his affidavit, they categorically <u>deny</u> <u>under</u> <u>oath</u> that his statements are true. Plaintiffs' opinion that Attorney Dick's false statements were intended to unfairly prejudice Plaintiffs' case is also the inescapable conclusion mandated by an impartial consideration of all the facts.

Therefore, the legal basis for Plaintiffs' Motion to Strike is, in fact, Attorney Dick's deeply unedifying contempt for the spirit of the Federal Rules of Civil Procedure and a gross violation of the text of Rule 7(c) and Rule 11.

Magistrate Judge Alexander's decision to deny Plaintiffs' Motion to Strike was not reasonable under the circumstances and should be reversed.

2. <u>As to the denial</u> of Plaintiffs' Motion to Strike the Notice of Fair Hearing, the attached motion with its supporting affidavit and documents will speak for itself.

Insofar as Magistrate Judge Alexander's claim that Plaintiffs' opinion as to the purpose of the notice does not provide a basis for striking the notice, Plaintiffs would respectfully point out that their opinion is not intended to provide a legal basis.

The legal basis for Plaintiffs' Motion to Strike is the deliberate falsification of a document crucial to Attorney Dick's defense of failure

-4-

to exhaust administrative remedies, the filing of which falsification violates both the spirit and the text of Rule 1 and Rule 11 of the Federal Rules of Civil Procedure.

Therefore, in consideration of the fact that Attorney Dick has made no objection to nor offered a defense of the indefensible, the denial by Magistrate Judge Alexander of Plaintiffs' Motion to Strike was not reasonable under the circumstances and should be reversed.

3. As to the denial of Plaintiffs' four Motions in Limine, the four attached motions will speak for themselves.

Insofar as Magistrate Judge Alexander claims that these Motions in Limine are nothing more than re-iterated assertions made in previously filed papers, the Plaintiffs offer the following argumentation in opposition to this claim:

Motions in Limine are threshold motions designated to assist the Court in narrowing the issues before it. Plaintiffs' four Motions in limine are manifestly NOT reiterations of their memoranda in opposition or any other document. They are independent motions whose bases for filing are:

- to assist the Court in determining Plaintiffs' constitutional right to represent their child's interests in this case with further case law concerning the issue.

5.

- to enable the Court to distinguish the Defendants' lack of standing to either file or litigate any Motion to Dismiss.

- to eliminate the wrongful consideration of a School Defendants' motion concerning leave "to file the attached Rule 12(e) motion late."

- to allow the Court to focus on the only motions properly before it, viz., Plaintiffs' Motions for Default Judgment and Plaintiffs' Motions to Strike.

Magistrate Judge Alexander's denial of Plaintiffs' four Motions in Limine was not reasonable under the circumstances and should be reversed.

## HEARING REQUEST

If a hearing concerning the Court's de novo review of Magistrate Judge Alexander's orders and recommendations is permitted, Plaintiffs request it.

## PART TWO

Concerning Magistrate Judge Alexander's Recommendations

Background, Analysis and Conclusions with respect to DSS and School Defendants' Motions to Dismiss and Plaintiffs' seven Motions for Default Judgment, the Plaintiffs make the following objections:

RECOMMENDATIONS (pages 3-4)

1. Plaintiffs object to the statement of the Court on page 3 which describes Plaintiffs' complaint as "a myriad of claims arising from disputes between the Plaintiffs and School and DSS" Defendants.

6.

BASIS FOR OBJECTION: There is no support in Plaintiffs' complaint for this statement. A careful reading of Plaintiffs' complaint and a willingness to accept all well-pleaded facts and allegations in it as true would clearly demonstrate that Plaintiffs' claims do NOT arise out of a "dispute" or "disputes" and are manifestly not myriad.[1]

Plaintiffs' complaint arose out of and on account of deliberate pattern of racketeering activity by Defendants which injured them and its claims are three in number, viz.,

    A) the claim-in-chief alleging Defendant liability for their actions harming Plaintiffs under 18 U.S.C. §1961, et seq. (¶¶ 35-114 in complaint).

    B) A second claim which is an alternative legal theory of liability arising out of the same set of operative facts as the claim-in-chief, alleging Defendant liability under 42 U.S.C. s1983, 1985(c) and 1986. (See ¶¶ 118-197 in Complaint.)

    C) A third claim which is also an alterative legal theory of liability, arising out of the same set of operative fact as the claim-in-chief, alleging Defendant liability under the laws of the Commonwealth of Massachusetts and brought pursuant to the Court's pendent jurisdiction. (See ¶ 202-226 in Complaint.)

2. Plaintiffs object to the statement of Magistrate Judge Alexander on

---

[1] Myriad as a noun means 10,000 persons or things;
Myriad as an adjective means innumerable, multitudinous, consistent with a very great but indefinite number.
Webster's Third International Dictionary

7.

page 3, that "a hearing on the motions was held on January 19, 2006 and that a careful consideration of the parties' asseverations, both oral and written" took place.

BASIS FOR OBJECTION: There is no support in the record or Magistrate Judge Alexander's Order for this statement. The hearing held on January 19, 2006 was identified in the notice papers as a "status conference" and the transcript of that conference (attached) will reflect that to denominate it a hearing on the motions is both unreasonable and unfair to pro se Plaintiffs.

Plaintiffs were not given any reasonable opportunity to respond to the Court's rambling disquisition on matters outside the only pleading in the case; to point out their contention at the outset that no Motion to Dismiss was properly before the Court; or to then address any motion in a logical manner.

Plaintiffs' four Motions in Limine, intended to be made orally before the Court, were filed in open court after the hearing in order to preserve these positions for the record.

3. <u>Plaintiffs object</u> to the statement, on page 3 of Magistrate Judge Alexander's recommending that Defendants' respective Motions to Dismiss be allowed.

BASIS FOR OBJECTION: There is no support in Plaintiffs' complaint or upon the record for such a statement. It would be an abuse of

8.

discretion for the Court to disregard the force and effect of the Federal Rules of Civil Procedure governing the status and conduct of Defendants in this case and to allow Motions to Dismiss filed by Defendants who have no legal standing under the Rules to litigate them.

DSS Defendants' Motion to Dismiss under Rule 12(b)(1) and 12(b)(6) was filed 65 days after entry of default and is void as a matter of law. School Defendants' Rule 41(B) Motion to Dismiss is neither a responsible pleading nor a permitted defense under Rule 12(b) and is void as a matter of law.

Secondly, there is no indication in the inappositeness of Magistrate Judge Alexander's recommendations that she took any notice of Plaintiffs' memoranda in opposition to these two Motions to Dismiss or that she conducted any analysis of three of the four defenses brought by DSS Defendants, none of which has any merit. Moreover, Magistrate Judge Alexander's analysis of DSS Defendants' defense of "Exhaustion of Administrative Remedies" is simply incompatible with the facts and the law governing this defense.

Thirdly, Magistrate Judge Alexander in her exposition of the "principle of Exhaustion" as it may apply to Plaintiffs disregards the plain meaning of the Supreme Court in *Patsy v. Board of Regents*, which eliminates any exhaustion requirement for 1983 cases.

9.

At the January 17, 2006 conference, Magistrate Judge Alexander expatiated warmly and at a substantial length upon the need of habeas corpus Plaintiffs to exhaust THEIR administrative remedies, apparently oblivious to the fact that Peter Tinkham and Juliet Alexander are neither adult prisoners nor has their property been taken by eminent domain without compensation.

An impartial consideration of the foregoing argumentation is, Plaintiffs contend, evidence that Magistrate Judge Alexander has placed an unreasonable, unfair, exclusive and improper reliance upon the authority or legitimacy of both DSS and School Defendants' arguments and defenses, not one of which has any relation to Plaintiffs' well pleaded facts, the Federal Rules of Civil Procedure or the relevant case law.

Therefore, Magistrate Judge Alexander's recommendation that Defendants' Motions to Dismiss be allowed is unreasonable and should be disregarded.

BACKGROUND (pages 4-6)

1. Plaintiffs <u>object</u> to Magistrate Judge Alexander's blanket description of their complaint as "59 pages long including 226 numbered paragraphs, numerous sub-paragraphs and an additional 30 pages of appendices." Their complaint is also described as having "35 separate counts (not numbered 1-35) and is not easily comprehended and borders on the vexatious:"[2]

---

[2] Plaintiffs are allowed by Rule 8 to structure their complaint according to their own lights. There is nothing in the Federal Rules that says a complaint must conform to a rigid numerical formula of counts or claims.

10.

BASIS FOR OBJECTION: There is absolutely no support for this blanket assertion in Plaintiffs' complaint. Plaintiffs attach an outline of their complaint which demonstrates both the transcendently logical structure and the compelling attention to the pleading requirements of both RICO and their alterative legal theory of liability under 18 U.S.C. §1983, 1985(c) and 1986.

Federal Rule 8(e)(1) allows Plaintiffs a broad latitude in fashioning their complaint and also allows for an unlimited number of alternative legal theories to be articulated. Plaintiffs have taken this Rule at its word and have carefully identified each Defendant as to the allegations against him or her. Not one of the 15 Defendants in this case can complain that he has been left in the dark.

Lastly, there is no identity of interest between Magistrate Judge Alexander's recapitulation of Plaintiffs' complaint in the section entitled "Background" and the complaint itself. In her arbitrary recounting of the facts, she references, and in every instance wrongly references paragraphs from the General Statement of the case, then misrepresents ¶¶ 72-74; ending with a grave omission of facts referenced in ¶¶122, 123, all of which are fabrications by Defendants and form the core of Plaintiffs' complaint against them.

ANALYSIS (pages 6-13)

1. <u>Plaintiffs object</u> to Magistrate Judge Alexander's characterization of the motion analyzed on page 6 as "DSS Defendants' Motion to Dismiss."

BASIS FOR OBJECTION: The motion, in fact, is the School Defendants' Motion to Dismiss. Plaintiffs will not tarry over the misnomer except to observe that it is analogous to Magistrate Judge Alexander's confusion, evident upon the record, at the January 19, 2006 status conference, as to which motion she was referencing in her remarks. This confusion put pro se Plaintiffs, already mute with anxiety, at a serious disadvantage in trying to address each (or any) motion in a logical manner.

2. Plaintiffs object to Magistrate Judge Alexander's characterization of DSS Defendants' (sic) motion as "well made with regard to Rule 8(a)."

BASIS FOR OBJECTION: There is absolutely no support for this statement in Plaintiffs' complaint. Plaintiffs attach their motions and memoranda in opposition to both Defendants' Motions to Dismiss and rely on them to demonstrate the legal vacuity of Defendants' motions. They clearly articulate the unambiguous necessity that Plaintiffs' complaint must, by its very nature, be long and plain. As mentioned earlier, Plaintiffs point to their right to advance and articulate in their complaint as many alternative legal theories as they wish.

Surely Rule 8(a) cannot be applied to alternative theories in the aggregate with the claim-in-chief? As pointed out in Plaintiffs' memorandum, their RICO claim-in-chief is 19 pages long and contains 75 substantive paragraphs most of them a factual basis for the claim. Since Plaintiffs' RICO claim alleges five primary Defendants, one of whom is a lawyer, conducted a

pattern of racketeering activity, with the aid of ten subordinate Defendants, that consisted of three separate schemes, comprehended dozens of predicate and overt acts and extended for almost three and one-half years, how could they have compressed their claim any further?

When the particularity with which scienter must be inferentially plead with regard to conspiracy and the volume of facts required to allege fraud under Rule 9, it is arbitrary and unfair to expect a short and plain complaint.

3. <u>Plaintiffs object</u> to Magistrate Judge Alexander's characterization of the case law Plaintiffs cited in both their Motion and Memorandum in Opposition to School Defendants' Motion to Dismiss and in their Motion in Limine as "inapposite and unavailing."

<u>BASIS FOR OBJECTION</u>: It remains Plaintiffs' adamant position, supported by the case law they cite, that they have a constitutional right to represent themselves and that this right extends to their prosecution, direction and control of any litigation on behalf of their minor child. (See Plaintiffs' Motion and Memorandum in Opposition to School Defendants' Motion to Dismiss and their Motion in Limine, also attached).

4. <u>Plaintiffs object</u> to Magistrate Judge Alexander's statement (on page 10) that Plaintiffs may be barred if they have failed to exhaust their state court remedies."

<u>BASIS FOR OBJECTION</u>: There is absolutely <u>NO</u> support in view of *Patsy v. Board of Regents* for this statement. This statement betrays not only

13.

Magistrate Judge Alexander's unfamiliarity with the unambiguous Supreme Court decisions in the matter, but also her confusion with regard to exactly what sort of remedy DSS Defendants have been peddling since October 2005. (See Plaintiffs' attached Motion to Enlarge, which soundly disposes of this so-called defense on pages *2+3*).

5. <u>Plaintiffs object</u> to Magistrate Judge Alexander's statement on page 12 that School Defendants' timely filed their Rule 41(b) Motion to Dismiss and that there was no basis for any entry of default judgment against them."

<u>BASIS FOR OBJECTION</u>:  There is no support in any Federal rule for this statement. The Federal Rules of Civil Procedure, Rule 12, makes it perfectly clear that a 41(b) motion is neither a responsive pleading nor a permitted defense. School Defendants by failing to file a timely answer, or even to file a late answer to mitigate their default, have placed themselves in clear violation of Rule 12(a) which has the force and effect of a federal statute.

It is an abuse of discretion to allow School Defendants to evade their default absent a showing of good cause. Good cause has not been forthcoming from any Defendant because it does not exist.

Magistrate Judge Alexander's recommendation that the entry of default judgment against School Defendants be denied is unreasonable and as against DSS Defendants is marginally inexcusable and unquestionably improper arbitrary and unfair.

For all the foregoing bases, Plaintiffs respectfully request that

Magistrate Judge Alexander's recommendations be set aside; School and DSS Defendants' Motions to Dismiss be denied; and Plaintiffs' Motions for Default Judgment be allowed.

### ADDENDUM

If, however, Plaintiffs are to be penalized for pleading with particularity and for the temerity to assert the right to represent their daughter's interests in this case, they submit the attached <u>Motion Amending Complaint</u> which rule permits. This amendment removes Samantha Tinkham as Plaintiff and prunes Plaintiffs' Complaint to ____ pages.

Respectfully submitted,

_____
Peter Tinkham, pro se

_____
Juliet Alexander, pro se
P.O. Box 1075
Easton, MA 02334
(207) 364-3964

### CERTIFICATE OF SERVICE

I certify that I served a true copy of the above via first-class mail on opposing counsel Stephen Dick, AAG, Office of the Attorney General, 1 Ashburton Place, Boston, MA 02108 and John Davis, Esquire, Ten Winthrop Square, Boston, MA 02110-1257 on February ____, 2006.

_____
Peter Tinkham, pro se

UNITED STATS DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETER TINKHAM, et al
    Plaintiffs

v.                                          CIVIL ACTION NO.
                                            05-10470-MLW

DOREEN R. KELLY, et al
    Defendants

## MOTION AMENDING COMPLAINT

Peter Tinkham and Juliet Alexander, Plaintiffs pro se, in the above-captioned case, amend their complaint as of right under Rule 15(a) since there has been no responsive pleading filed in this case as follows:

1. Strike Samantha Tinkham as Plaintiff.

2. Strike ¶¶9, 10, 11.

3. Strike ¶16-34

4. Strike ¶¶144-218 and substitute the following five paragraphs denominating them ¶¶144, 145, 146, 147 and 149 respectively.

Paragraph 144 – Plaintiffs allege that school Defendants Kelly, Verret, Alberton, Kyed and Loud and all DSS Defendants violated one or more of Plaintiffs' constitutional rights in violation of 42 U.S.C. §1983, injuring Plaintiffs and entitling them to reasonable attorney's fees.

Paragraph 148 – Plaintiffs allege that the conduct of all Defendants herein described constitutes intentional infliction of emotional distress, defamation and educational malpractice, all arising out of a common nucleus of operative fact with the RICO claim-in-chief, and injuring Plaintiffs in violation of state law; and that the Court has pendent jurisdiction to hear and adjudicate these claims

    5. Denominate ¶¶219-226 as #149 to #156 respectively.

    6. STRIKE ALL EXHIBITS (A-O) AND INCORPORATION THEREOF.

    7. STRIKE APPENDICES A,B,C,D AND INCORPORATION THEREOF.

RESPECTFULLY SUBMITTED,

                                       Peter Tinkham, pro se

February ___ 2006

                                       Juliet Alexander, pro se
                                       P.O. Box 1075
                                       Easton, MA  02334
                                       (207) 364-3964

    I hereby certify that I have served a true copy of this document to opposing counsel, Stephen Dick and John Davis, via first class mail on February ___, 2006.

                                       Peter Tinkham, pro se