UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 05-10470 MLW

PETER TINKHAM, JULIET ALEXANDER and
SAMANTHA TINKHAM,

    Plaintiffs,

v.

DOREEN R. KELLY, BARRY L. MINTZER, JEAN
CURTIS LOUD, ROBERT L. DOYLE, DONNA
KYED, MARGARET VERRET, JOAN
BERNHEIMER, JUDI ALBERTON, CLAIRE
JACKSON, ERIN L. SENGES, BARBARA A.
HAWKES-SULLIVAN, BARNEY KEEZELL,
STEPHANIE THOMAS, ERICA COHEN and
KENNETH PONTES,

    Defendants.

**REPLY OF SCHOOL DEFENDANTS TO PLAINTIFFS' OBJECTIONS
TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

The defendants, Doreen R. Kelly; Barry L. Mintzer, Esq.; Dr. Jean Curtis Loud; Dr. Robert L. Doyle; Judith M. Alberton; Dr. Claire W. Jackson; Dr. Joan Bernheimer; Margaret Verret, R.N.; and Donna Kyed (hereinafter the "School defendants"), hereby respond to plaintiffs' Objections to Magistrate Judge Alexander's Report and Recommendations as follows:

    1. Plaintiffs' first ground for objection – that Magistrate Judge Alexander "clearly did not read Plaintiffs' Complaint" – is contradicted by the Report and Recommendation itself. Magistrate Judge Alexander specifically stated that her Report and Recommendation was issued only "after careful consideration of the parties' asseverations, both oral and written . . .." (Report and Recommendation, at 3). After describing the excessive length of plaintiffs' *pro se*

Complaint, she then characterized it as "not easily comprehended and . . . bordering also on vexatious." (Id., at 4). Indeed, Magistrate Judge Alexander termed the task of deciphering the Complaint as "a difficult if not impossible one," but then nonetheless provided a "general summary of what the Court has gleaned from the complaint." (Id.) The characterizations and general summary as set forth in the Report and Recommendation could only have come from Magistrate Judge Alexander's careful reading of plaintiffs' *pro se* Complaint. Plaintiffs' first objection is, therefore, without merit.

    2. Plaintiffs' second ground for objection – that Magistrate Judge Alexander demonstrated an absolute unfamiliarity with plaintiffs' Memoranda in Opposition to the defendants' two Motions to Dismiss – is likewise contradicted by the Report and Recommendation itself. Again, as stated at the outset, Magistrate Judge Alexander's Report and Recommendation was based on "careful consideration of the parties' asseverations, both oral *and written* . . .." (Id., at 3) (emphasis added). Further, in addressing the School defendants' argument that Ms. Alexander and Mr. Tinkham cannot represent their daughter Samantha in this matter *pro se*, Magistrate Judge Alexander expressly stated that she considered the case law cited by plaintiffs in their Opposition, together with their averments made at the January 19, 2006 hearing. (Id., at 10). Her rejection of plaintiffs' arguments does not, under any set of circumstances, demonstrate "absolutely no familiarity" with them. Plaintiffs' second objection is, therefore, also without merit.

    3. Plaintiffs' third ground for objection – that Magistrate Judge Alexander failed to consider all well-pleaded facts in plaintiffs' Complaint as true – begs the question. The Magistrate Judge was not concerned with the truth or accuracy of plaintiffs' factual allegations.

Rather, the issue raised by defendants' Motions was whether plaintiffs' *pro se* Complaint was, in fact, "well-pleaded." Magistrate Judge Alexander concluded it was not.

> Complying with procedural law includes filing a complaint that contains "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2). Even under a lenient application of this rule [in light of plaintiffs' *pro se* status], the plaintiffs' complaint fails to meet the rule's requirements. Although the complaint does not lack volume, it does lack clarity. Even with the Court's best efforts, it is impossible to "intuit" all of the plaintiffs' specific claims.

(Id., at 8). Because she concluded plaintiffs' Complaint was not well-pleaded, Magistrate Judge Alexander recommended it be dismissed "without prejudice," and that the plaintiffs be granted leave to amend. (Id.) The truth or falsity of plaintiffs' "facts" is not material to this recommendation. Plaintiffs' third objection is likewise without merit.

    4. In further response to plaintiffs' Objections to Magistrate Judge Alexander's Report and Recommendations, the School defendants also rely upon and incorporate by reference their Opposition to Plaintiffs' Four (4) "Motions in Limine," filed on February 2, 2006

WHEREFORE, for the reasons set forth above, the School defendants request that the District Court Judge, pursuant to Fed. R. Civ. P. 72(b), accept in whole the Report and Recommendation of the Magistrate Judge.

> The Defendants,
> DOREEN R. KELLY, BARRY L. MINTZER, JEAN CURTIS LOUD, ROBERT L. DOYLE, DONNA KYED, MARGARET VERRET, JOAN BERNHEIMER, JUDI ALBERTON, CLAIRE JACKSON
>
> By their attorneys,
> **PIERCE, DAVIS & PERRITANO, LLP**
>
> /s/ John J. Davis
> John J. Davis, BBO #115890
> Ten Winthrop Square
> Boston, MA 02110
> (617) 350-0950

**CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of the foregoing Pleading on all parties by mailing same, postage Prepaid, to all counsel of record and pro se plaintiffs Signed under the pains and penalties of perjury.

DATED: 3/2/06

JJD