UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
PETER TINKHAM,                    )
JULIET ALEXANDER,                 )
SAMANTHA TINKHAM                  )
     Plaintiffs,                  )
                                  )
     v.                           )    C.A. No. 05-10470-MLW
                                  )
DOREEN R. KELLY, ET AL.           )
     DefendantS.                  )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                        March 19, 2006

The court has considered the attached February 6, 2006 Report and Recommendation of the Magistrate Judge, pro se plaintiffs' Peter Tinkham and Juliet Alexander's objections to it, and the replies of the defendants affiliated with Sharon Public Schools (the "Sharon Schools defendants") and of the defendants affiliated with the Department of Social Services (the "DSS defendants"). The Report and Recommendation is thorough, well-reasoned, and hereby adopted and incorporated in this Memorandum.

As explained by the Magistrate Judge, plaintiffs' motions for default judgments are not meritorious. The Sharon Schools defendants timely filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b), based on the plaintiffs' failure to satisfy the requirement of Federal Rule of Civil

Procedure 8(a)(2) that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief."  A motion to dismiss is a valid defense to a motion for default under Federal Rule of Civil Procedure 55.  See Fed. R. Civ. P. 12(a)(4)(A); Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1995).

The DSS defendants' motion to dismiss was not timely filed.  However, as the Magistrate Judge explained, the DSS defendants tried to contact the plaintiffs to offer them a hearing before DSS.  This explains the delay in the filing of their motion to dismiss.  While a failure to make a timely request to the court for more time to respond to the complaint would not always be excused by such an effort, it is sufficient in the instant case.

As the Magistrate Judge describes, it would be impossible for the Sharon Schools or DSS defendants to respond properly to plaintiffs' long, rambling complaint.  Even recognizing that the pleadings of pro se parties must be liberally construed, the complaint in this case fails to provide fair notice of claims on which relief could be granted.  See Moore v. United States, 193 F.R.D. 647, 650-51 (N.D. Cal. 2000).  This conclusion is not qualified by any of the new arguments in Plaintiffs' Motion to Enlarge their Opposition to the DSS defendants Motion to Dismiss.

Moreover, the Magistrate Judge correctly concluded that while Peter Tinkham and Juliet Alexander may represent

themselves, because neither is a lawyer neither can represent Samantha Tinkham, who is also named as a plaintiff in this case. See Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d. Civ. 1990); Feliciano v. DuBois, 846 F. Supp. 1033, 1039 (D. Mass. 1994).

Accordingly, this case is being dismissed without prejudice. For the reason described by the Magistrate Judge, Mr. Tinkham and Ms. Alexander may wish to invoke the DSS administrative review process if they want to minimize the risk that any future, properly pled claims that they have been deprived of procedural due process will be dismissed. They will also have to obtain counsel to represent Samantha Tinkham if they wish to have claims pursued on her behalf.

After the Report and Recommendation was issued, plaintiffs moved for the imposition of sanctions under Federal Rule of Civil Procedure 11. They did not, however, provide their adversaries the 21-days notice of their intent to file the motion for sanctions if the challenged pleadings were not corrected or withdrawn. See F. R. Civ. P. 11(b)(1)(A); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1337 (3d ed. 2004). Therefore, the request for sanctions is being denied.

Accordingly, it is hereby ORDERED that:

1. The Sharon Schools defendants' Motion to Dismiss (Docket No. 19) is ALLOWED without prejudice.

    2. The DSS defendants' Motion to Dismiss (Docket No. 53) is ALLOWED without prejudice.

    3. The plaintiffs' Motion for Entry of Default Judgment against the Sharon School defendants (Docket No. 25) is DENIED.

    4. The plaintiffs' motions for entry of default judgment against the individual DSS defendants (Docket Nos. 26, 27, 28, 29, 30, and 31) are DENIED.

    5. The plaintiffs' Motion for Sanctions (Docket No. 78) is DENIED.

    6. The plaintiffs' Motion to Enlarge their Opposition to the DSS Defendants' Motion to Dismiss (Docket No. 79) is ALLOWED.

    7. The Sharon School's defendants' Assented to Motion for Extension of Time to File Response/Reply to Objection to Report and Recommendation (Docket No. 83) is ALLOWED.

                                /s/ MARK L. WOLF  
                                UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-10470-MLW

PETER F. TINKHAM,
JULIET B. ALEXANDER,
and
SAMANTHA TINKHAM,

Plaintiffs

v.

DOREEN R. KELLY, BARRY L. MINTZER, JEAN CURTIS LOUD,
ROBERT L. DOYLE, DONNA KYED, MARGARET VERRETT,
JOAN BERNHEIMER, JUDI ALBERTON, CLAIRE JACKSON,
ERIN L. SENGES, BARBARA A. HAWKES-SULLIVAN,
BARNEY KEEZELL, STEPHANIE THOMAS, ERICA COHEN
and KENNETH PONTES

Defendants

**REPORT AND RECOMMENDATION ON**

**SCHOOL DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINT UNDER RULE 41(b)
(Docket # 19)**

and

**MOTION OF DEFENDANTS ERIN L. SENGES,
BARBARA A. HAWKES-SULLIVAN, BARNEY KEEZELL,
STEPHANIE THOMAS BROWN, ERICA COHEN
AND KENNETH PONTES PURSUANT TO
FED RR. CIV. P. 12(b)(1), (6) TO DISMISS THE
COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION AND FAILURE TO STATE A CLAIM
(Docket # 53)**

and

**MOTION FOR ENTRY OF DEFAULT JUDGMENT**
(Docket # 25)

and

**MOTION FOR ENTRY OF DEFAULT JUDGMENT**
(Docket # 26)

and

**MOTION FOR ENTRY OF DEFAULT JUDGMENT**
(Docket # 27)

and

**MOTION FOR ENTRY OF DEFAULT JUDGMENT**
(Docket # 28)

and

**MOTION FOR ENTRY OF DEFAULT JUDGMENT**
(Docket # 29)

and

**MOTION FOR ENTRY OF DEFAULT JUDGMENT**
(Docket # 30)

and

**MOTION FOR ENTRY OF DEFAULT JUDGMENT**
(Docket # 31)

ALEXANDER, M.J.

The plaintiffs in this case, Peter Tinkham, Juliet Alexander and Samantha Tinkham, have filed a complaint against defendants Doreen Kelly, Barry L. Mintzer, Jean Curtis Loud, Robert L. Doyle, Donna Kyed, Margaret Verrett, Joan Bernheimer, Judi Alberton, Claire Jackson, Erin L. Senges, Barbara A. Hawkes-Sullivan, Barney Keezell, Stephanie Thomas, Erica Cohen and Kenneth Pontes, alleging a myriad of claims arising from disputes between the plaintiffs and the Town of Sharon Public Schools ("Sharon Schools") and the Department of Social Services ("DSS"). The numerous defendants are representatives, officials and employees of the Sharon Schools (the "school defendants") and DSS (the "DSS defendants").[1] Both the school defendants and the DSS defendants have moved to dismiss the complaint. That motion, as well as seven motions for default judgment, were referred to this Court by the District Court for a Report and Recommendation. A hearing on the motions was held on January 19, 2006, and, after careful consideration of the parties' asseverations, both oral and written, this Court RECOMMENDS that the defendants' respective motions to dismiss be

---

[1] Defendants Doreen Kelly, Barry L. Mintzer, Jean Curtis Loud, Robert L. Doyle, Donna Kyed, Margaret Verrett, Joan Bernheimer, Judi Alberton, and Claire Jackson are the "school defendants." The remaining defendants, Erin L. Senges, Barbara A. Hawkes-Sullivan, Barney Keezell, Stephanie Thomas, Erica Cohen and Kenneth Pontes, are the "DSS defendants."

ALLOWED, but that the complaint be dismissed WITHOUT PREJUDICE and leave granted for the plaintiffs to file an amended complaint. The Court also RECOMMENDS that the plaintiffs' motions for default judgment be DENIED.

**BACKGROUND**

The plaintiffs' *pro se* complaint is fifty-nine (59) pages long, includes 226 numbered paragraphs, numerous sub-paragraphs, and an additional thirty (30) pages of appendices. The complaint also includes thirty-five separate counts (although they are not numbered one through thirty-five), is not easily comprehended and is bordering also on vexatious. The school defendants and the DSS defendants have, in their respective motions to dismiss, made some attempt at deciphering the plaintiffs claims, but the task is a difficult if not impossible one. The following is but a general summary of the what the Court has gleaned from the complaint.

Peter Tinkham and Juliet Alexander are the adoptive parents of Samantha Tinkham. Complaint (Cmpl.) ¶ 10, 11. From 1980 through 1985, Mr. Tinkham and Ms. Alexander were employed as "subcontractors" by DSS to care for high-risk adolescents. Id. ¶ 9. Samantha is the daughter of one of Mr. Tinkham and Ms. Alexander's former clients and came into their custody in 1992, at the request of the former client, when Samantha was two years old. Id. ¶¶ 10, 11.

In September 2000, Samantha entered the Cottage Elementary School, one of the Sharon Schools. Id. ¶¶ 17, 19. Samantha had a "cosmetic disfigurement" caused by a metabolic disorder. Id. For the next six months Samantha experienced difficulties in school and in March 2001, Mr. Tinkham and Ms. Alexander removed Samantha from the school. Id. ¶ 17, 22. Although the Sharon Schools wanted to place Samantha into a special education program, Mr. Tinkham and Ms. Alexander appear to have resisted, and Samantha was instead tutored at home by, at least in part, a school-supplied tutor. E.g., id. ¶ 24, 28.

Mr. Tinkham and Ms. Alexander continued to communicate with the school defendants regarding Samantha's education, but the parties continued to disagree about the education that Samantha should have been receiving. E.g., id. ¶¶ 72-79, 89-91. Then, in March 2002, Mr. Tinkham and Ms. Alexander received a telephone call from the DSS defendants stating that charges of child abuse had been filed against them. Id. ¶ 122. According to the complaint, the charges included, *inter alia*, Mr. Tinkham and Ms. Alexander's refusal to allow a special education evaluation, failure to provide Samantha with necessary therapy, and giving Samantha medication not prescribed by a physician. Id. ¶ 123.

These facts, as alleged, are, again, but a smattering of what is included in the lengthy complaint. The complaint also alleges numerous violations of the

5

plaintiffs' rights, ranging from violations of their due process rights to mail fraud to harassment and obstruction of justice. The plaintiffs also assert that from March 2001 through March 2003, the defendants engaged in a conspiracy designed to deny Samantha of educational funding and opportunities. At the January 19, 2006, court hearing the plaintiffs described their RICO/conspiracy claims as an "umbrella" to all of the claims that allege violations of the plaintiffs' constitutional rights.

In response to the plaintiffs' complaint, the school defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 41(b) on the basis that the plaintiffs failed to comply with the Federal rules. The DSS defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) on the bases that the Court lacks subject matter jurisdiction and that the plaintiffs have failed to state a claim upon which relief can be granted.

## ANALYSIS

### Defendants' Motions to Dismiss

The DSS defendants asseverate that the plaintiffs' complaint should be dismissed for failure to comply with the Federal rules for two reasons: first, that Mr. Tinkham and Ms. Alexander may not act as *pro se* representatives for Samantha, their minor daughter; and second, that the plaintiffs' complaint fails to

meet the requirements of Fed. R. Civ. P. 8(a).[2]  The Court finds both assertions

well-made, but because the second reason compels the Court's ultimate

recommendation that the entire complaint be dismissed without prejudice, it is to

that assertion that the Court turns first.

   **Fed. R. Civ. P. 8(a)**

All of the defendants recognize that *pro se* plaintiffs may be held to a more

lenient standard of pleading than plaintiffs represented by counsel.  E.g., Green v.

Commonwealth of Massachusetts, 108 F.R.D. 217, 218 (D. Mass. 1985) (citing

Sissbaro v. Warden, Massachusetts State Penitentiary, 592 F. 2d 1, 2 (1st

Cir.1979), cert. denied, 440 U.S. 849, 100 S.Ct. 99, 62 L.Ed.2d 64 (1979)).  "The

policy behind affording pro se plaintiffs liberal interpretation is that if they present

sufficient facts, the court may intuit the correct cause of action, even if it was

imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  This

does not mean, however,

> that pro se complaints are held to no standard at all.  The
> controlling rule requires a short, plain statement of the
> claim showing that the pleader is entitled to relief.

---

[2] The DSS defendants, although they filed a separate motion to dismiss, also join in the school defendants' motion.  Motion of Defendants Erin L. Senges, Barbara A. Hawkes-Sullivan, Barney Keezell, Stephanie Thomas Brown, Erica Cohen, and Kenneth Pontes Pursuant to Fed. RR. Civ. P. 12(b)(1), (6) to Dismiss the Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim ("DSS Defendants' Motion") at 2, n. 1.

> Fed.R.Civ.P. 8(a)(2). "[C]omplaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system; such complaints must be dismissed...." *Prezzi v. Berzak*, 57 F.R.D. 149, 151-52 (S.D.N.Y. 1972).

Green, 108 F.R.D. at 218. See also Ahmed, 118 F.3d at 890. Although the judicial system "zealously guards" *pro se* litigants' attempts to represent themselves, "*pro se* status does not insulate a party from complying with procedural and substantive law." Ahmed, 118 F.3d at 890.

Complying with procedural law includes filing a complaint that contains "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Even under a lenient application of this rule, the plaintiffs' complaint fails to meet the rule's requirements. Although the complaint does not lack volume, it does lack clarity. Even with the Court's best efforts, it is impossible to "intuit" all of the plaintiffs' specific claims. This Court therefore RECOMMENDS that the plaintiffs' complaint be DISMISSED WITHOUT PREJUDICE and that the plaintiffs be granted leave to amend their complaint. Should the District Court adopt this recommendation, the plaintiffs should keep in mind that a complaint's quantity has little bearing on its quality. The Court now

addresses two other issues, raised by the defendants, that the plaintiffs should also bear in mind it they are given leave to amend their complaint.

**Representation of Samantha Tinkham**

The defendants aver that Mr. Tinkham and Ms. Alexander's representation of Samantha violates Fed. R. Civ. P. 17(c), which states that a "representative may sue or defend on behalf of [an] infant or incompetent person . . . ." Although Mr. Tinkham and Ms. Alexander may act as Samantha's representatives, and bring suit on her behalf, they may not act on her behalf *pro se*. That is, they may not act as her counsel. Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F. 2d 59, 61 (2nd Cir. 1990) (non-attorney parent must be represented by counsel when bringing an action on behalf of his or her child). See also, e.g., Osei-Afriyie v. Med. College of Pennsylvania, 937 F.2d 876, 883 (3rd Cir. 1991) (non-lawyer father not entitled to represent his children as a *pro se* litigant); Meeker v. Kercher, 782 F. 2d 153, 154 (10th Cir. 1986) (minor child can not bring suit through parent unless parent represented by attorney). Where minors "have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." Cheung, 906 F. 2d at 61.

The case law that Mr. Tinkham and Ms. Alexander cite in support of their asseverations that they may, in fact, represent Samantha is inapposite and unavailing. Mr. Tinkham and Ms. Alexander do not appear entirely unaware of the problem. They averred at the January 19 hearing that they had tried to find counsel to represent Samantha and that they had some family members who might be available to represent her. If Mr. Tinkham and Ms. Alexander wish to pursue claims on Samantha's behalf they must do so through an attorney.

**Exhaustion of Remedies**

Finally, the Court addresses one other issue, raised by the DSS defendants, that may ultimately be dispositive of some, if not all, of Mr. Tinkham and Ms. Alexander's claims. To the extent that the complaint asserts violations of the plaintiffs' constitutional rights, including claims that their due process rights were violated, those claims may be barred if the Mr. Tinkham and Ms. Alexander failed to exhaust certain state court remedies. See, e.g., Boston Envtl. Sanitation Inspectors Assoc. v. City of Boston, 794 F.2d 12, 13 (1st Cir. 1986). Plaintiffs who do not avail themselves of available state procedural remedies may not complain of a violation of procedural due process. Id. "We cannot be sympathetic to a party who elects to forego the hearing provided him, and then complains he received none." Roslindale Co-op Bank v. Greenwald, 638 F.2d 258, 261 (1st Cir.

10

1981).  Where a "sufficiently timely hearing [is] available to [the plaintiffs], they cannot bootstrap themselves into federal court by failing to seek it."  Id.

The DSS defendants assert that the plaintiffs have failed to invoke the "administrative review process" and "comprehensive judicial review statutorily available to all persons aggrieved by DSS decisions."  DSS Defendants' Motion at 14.  The Court's concern with the exhaustion issue is whether DSS did, in fact, offer the plaintiffs a timely hearing.  The DSS defendants suggest that the plaintiffs refused to schedule a DSS fair hearing.  Id., n. 1.  At the January 19 hearing, however, the plaintiffs averred that they waited 940 days for a response to their request for a hearing.  Although DSS did, eventually, schedule a hearing, it appears that it was not scheduled until after the plaintiffs commenced the extant suit.

If the plaintiffs, as they seem to be asserting, sought a DSS fair hearing and DSS failed to provide one in a timely manner, that failure may constitute a deprivation of the plaintiffs' due process rights.  On the other hand, although DSS did schedule a hearing, for December 2005, the plaintiffs declined to attend, something that may ultimately work to the plaintiffs' disadvantage.  See Roslindale Co-op Bank, 638 F.2d at 261.  The problem, at this stage, is that it's not entirely clear what the plaintiffs constitutional claims are and, furthermore,

whether, if DSS did fail to hold a hearing in a timely manner, this has any effect on the exhaustion issue. The Court addresses this issue merely as a way to try to assist the parties in their further handling of the case. It has no bearing on this Court's recommendation to the District Court regarding dismissal.

### Motions for Entry of Default Judgment

Among the numerous motions filed by the plaintiffs are seven for the entry of default judgment, one against all of the school defendants and six against the individual DSS defendants. The basis for the motion against the school defendants, filed on August 18, 2005, is that the school defendants had not filed an answer to the plaintiffs' complaint. It is true that the school defendants did not file an answer. They did, however, timely file their motion to dismiss, and there is therefore no basis for an entry of default judgment against the school defendants.[3]

The motions for entry of default judgment against each of the DSS defendants are slightly more problematic. It is not clear whether the DSS defendants ever responded to the motion for entry of default judgment, but, more importantly, the DSS defendants' motion to dismiss, filed in lieu of an answer,

---

[3]That the defendants filed their motion under Fed. R. Civ. P. 41(b) rather than 12(b)(6) appears to be of no import. See Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993) (citing, *inter alia*, Rule 41(b) in support of proposition that District Court has power to dismiss complaint if it does not comply with the Federal Rules, including Rule 8(a)).

12

does not appear to have been timely filed.[4] An affidavit of DSS defendants' counsel, submitted with the DSS defendants' motion to dismiss, indicates that the DSS defendants did try to contact the plaintiffs regarding the motion, as well as the availability of a DSS fair hearing, prior to the date by which the motion, or an answer, should have been filed. While the Court is not unsympathetic to any difficulties that DSS defendants' counsel may have had in trying to confer with the plaintiffs, the DSS defendants should perhaps have sought additional time from the Court in which to answer or otherwise respond to the complaint when it became apparent that they would be unable to respond by the required date. Given the shape of the plaintiffs' complaint, however, and this Court's recommendation that it be dismissed without prejudice, a default judgment in favor of the plaintiffs is not warranted. This Court therefore RECOMMENDS that the District Court DENY the plaintiffs' motions for entry of default judgment.

**CONCLUSION**

For the foregoing reasons the Court RECOMMENDS that the District Court ALLOW the defendants' motions to dismiss WITHOUT PREJUDICE to

---

[4]Although the docket entry that applies to the school defendants' opposition to the motion for entry of default judgment, docket # 42, indicates that the opposition applies to all of the motions for entry of default judgment, this does not appear to be the case. Docket # 42 is entitled Opposition of School Defendants to Plaintiffs' Motion for Entry of Default Judgment and states that is filed on behalf of the nine individuals who comprise the "school defendants."

plaintiffs amending their complaint with a lawyer to represent Samantha and perhaps a lawyer to represent themselves. Additionally, the Court RECOMMENDS that the District Court DENY the plaintiff's motions for default judgment.

SO ORDERED.

| | |
|---|---|
| 2/6/06 | /s/ Joyce London Alexander |
| Date | United States Magistrate Judge |

# NOTICE TO THE PARTIES

The parties are hereby advised that under the provisions of Rule 3(b) of the Rules for United States Magistrate Judges in the United States District Court the District Court of Massachusetts, any party who objects to this proposed Report and Recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of the Report and Recommendation. The written objections must specifically identify the proportions of the proposed findings, recommendations or report to which objection is made and the basis for such objection. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 273 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 687 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986).