UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETER TINKHAM, ET AL.
    Plaintiffs

v.    CIVIL ACTION NO. 05-10475-MLW

DOREEN R. KELLY, ET AL.
    Defendants

MOTION AMENDING COMPLAINT

Peter Tinkham, Juliet Alexander and Samantha Tinkham, Plaintiffs pro se in the above-captioned case, amend their complaint as of right under the order issued by Judge Wolfe on March 19, 2006 as follows:

1. Strike all Exhibits (A through O) and the incorporation thereof.
2. Strike Appendices A, B, C, D, and the incorporation thereof.
3. Strike Paragraphs #1 through #218 contained in the body of the Complaint and substitute the following paragraphs #1-#46, denominating the prayer for relief on pages 58 and 59 of the original Complaint, Paragraph 47.

1. That this action is brought to obtain redress for the deprivation and conspiracy to deprive Plaintiffs of their federally protected rights and for unlawful conversion and conspiracy to unlawfully convert Plaintiffs' property through a pattern of racketeering activity. In addition, Plaintiffs seek to have Chapter 119 sections 51/a and 51/b of the General Laws of the Commonwealth of Massachusetts and the relevant policies of its creature agency, the Massachusetts Department of Social Services, declared unconstitutional and enjoined.

JURISDICTION

2. That this Court has jurisdiction pursuant to:

A. 18 U.S.C., section 1961 et seq., because this is an action for damages and other appropriate relief arising under the Racketeer Influenced and Corrupt Organization Act (RICO).

B. 28 U.S.C., section 1331 because this case arises under the Constitution and Laws of the United States.

1

C. 28 U.S.C., section 1343 because this action also seeks redress and damages for violations of the Due Process and Equal Protection provisions of the United States Constitution and the rights protected under the First, Fourth, Fifth, Sixth, Ninth and Fourteenth Amendments to that Constitution pursuant to 42 U.S.C., sections 1983, 1985 and 1986, respectively.

D. 28 U.S.C., section 1232 since there is diversity of citizenship and since this is also a civil action involving, exclusive of interests and costs, a sum in excess of $75,000.00.

E. The Court's pendant jurisdiction to hear and decide claims, hereinafter alleged, arising under the laws of the Commonwealth of Massachusetts.

## VENUE

3. That venue is properly situated in the District of Massachusetts pursuant to the provisions of 18 U.S.C., sections 1965(a) and 28 U.S.C., section 1391(b) and (c). Venue is also proper since the causes of action alleged in this Complaint occurred in, and all of the Defendants reside in, Massachusetts.

## PARTIES

4. That the Plaintiffs are: Peter Tinkham, Juliet Alexander and Samantha Tinkham who are members of the same family, citizens of the State of Maine, and reside in Franklin County in that state.

5. That nine Defendants are or were employees or agents of the Sharon Public Schools, to wit., Doreen R. Kelly, Barry L. Mintzer, Jean Curtis Loud, Robert L. Doyle, Donna Kyed, Margaret Verret, Joan Bernheimer, Judi Alberton, and Claire Jackson.

6. That six Defendants are or were employees of the Massachusetts Department of social Services, to wit., Erin Senges, Barbara Hawkes-Sullivan, Barney Keezell, Stephanie Thomas, Erica Cohen and Kenneth Pontes.

7. That all fifteen Defendants are residents of the Commonwealth of Massachusetts and and all times relevant to this Complaint and in all their actions herein alleged, were acting under color and pretense of law, pursuant to their authority as employees of government agencies or pursuant to their joint activity with said employees.

8. That all Defendants are sued in their individual capacities, and that none of the named Defendants is entitled to immunity, qualified or otherwise.

## STATEMENT OF THE CASE

9. That the named nine school Defendants, in February 2001, attempted the constructive theft of over $175,000.00 belonging to the Plaintiffs and engaged in a two-and-a-half year RICO enterprise to bring about this theft with predicate acts ranging from simple mail fraud and invasion of medical privacy to bribery, extortion, conspiracy and obstruction of justice.

10. When this effort did not achieve the desired result, five of these Defendants mounted a malicious prosecution of Plaintiffs for 'child abuse', aided by the six Department of Social Services Defendants whose unbridgeable commitment to protect children from their parents included the malicious suppression of Plaintiffs' constitutional rights.

11. That all named Defendants were abetted in their quest to arraign Plaintiffs on fake charges of child abuse by a state statute that effectively repeals the 4th and 5th Amendments to the Constitution of the United States.

## FIRST CAUSE OF ACTION (RICO)

### PLEADINGS

Plaintiffs further allege:

12. A pattern and practice of illegality by the named Defendants consisting of three separate criminal schemes or episodes which authorized multiple predicate acts that were planned, on-going, and continuous over a 24 month period.

13. That each named Defendants' acts were related to one another, shared the same methods, victims and intended results and were committed in furtherance of one pentultimate objective, to wit., to convert Plaintiffs' property to their own use or for their own interests by whatever means necessary.

14. That Scheme #1, 'Consent by Deceit', began in February 2001 and ended in July 2001, and consisted of the predicate acts of mail fraud, wire fraud and conspiracy in order to dupe Plaintiffs into voluntarily relinquishing their property to Defendants. That the Defendants involved in Scheme #1 were Doyle, Mintzer, Kelly, Bernheimer, Alberton and Verret.

15. That Scheme #2, 'Consent by Extortion', began in August 2001 and ended in January 2002, and consisted of the predicate acts of mail fraud, conspiracy, extortion, and obstruction of the due administration of justice in order to coerce Plaintiffs into compliance with Defendants' demands for their property. That the Defendants involved in Scheme #2 were Loud, Mintzer, Bernheimer, Alberton, Kelly, Verret and Kyed.

16. That Scheme #3, 'Consent by Malicious Prosecution', began in February 2002 and ended in March 2003, and consisted of the predicate acts of mail fraud, conspiracy, extortion, obstruction of the due administration of justice and impeding or subversion of a criminal investigation to compel Plaintiffs to allow the theft of their property and to prevent them from objecting to that theft. That the Defendants involved in Scheme #3 were Loud, Mintzer, Bernheimer, Kelly, Verret, Alberton, Kyed, Senges, Hawkes-Sullivan, Keezell, Thomas, Cohen, Pontes and Jackson.

17. That the Defendants named above, in furtherance of and for the purpose of executing these schemes to deprive Plaintiffs of their property, on several occasions used and caused to be used, the U.S. Mails and that each predicate act of mail fraud was part of a pattern of racketeering intended to defraud Plaintiffs of their property and that each Defendant anticipated Plaintiffs' reliance up on its contents and representations to their detriment.

18. That each predicate offense alleged to have been committed by these named Defendants violates federal statutes, is chargeable under the laws of the Commonwealth of Massachusetts and is punishable by more than one year in prison, to wit.,

   A. Mail Fraud, punishable under 18 U.S.C., section 1341.
   B. Wire Fraud, punishable under 18 U.S.C., section 1343.
   C. Extortion, punishable under 18 U.S.C., section 1951.
   D. Obstruction of the Due Administration of Justice, punishable under 18 U.S.C., section 1503
   E. Subversion of a Criminal Investigation, punishable under 18 U.S.C., sections 1510 and 1952.
   F. Conspiracy, punishable under 18 U.S.C., section 1962(d).

19. That each act of mail fraud, each act of wire fraud, each act of extortion, each act of obstruction of justice, each act of impeding or subverting a criminal investigation and each act of conspiracy constitutes a separately punishable act and predicate offense under RICO within the meaning of 1961(5).

20. That the pattern of racketeering activity alleged was undertaken in connection with the subversion of a legitimate institution, to wit., the Cottage Street School in Sharon, Ma, which is an enterprise, for purposes of RICO, having an ascertainable, hierarchical structure and personnel which functioned as a continuing unit with established duties that were conceptually distinct from the pattern of racketeering activity which Defendants Kelly, Loud, Doyle, Mintzer, Bernheimer, Alberton, Verret and Kyed conducted on its premises.

21. That this legitimate enterprise had the required nexus to interstate commerce in that it purchased and utilized services and supplies from outside the Commonwealth of Massachusetts and in that it conducted part of its business operations through interstate phone lines and internet sites.

COUNT ONE (18 U.S.C., section 1962(a)

Plaintiffs re-allege and incorporate paragraphs 1-21 by reference as if fully stated herein and further allege:

22. That Defendant Doreen Kelly, acting with the necessary mens rea, received tainted de facto income as a result of the aforementioned racketeering activity conducted by her and other Defendants, that this income was invested by her in the Cottage Street School, and that Defendant Kelly's actions were the direct and proximate cause of injury to Plaintiffs because that tainted income was, in fact, the property of Plaintiffs.

23. That, pursuant to RICO, 18 U.S.C., section 1964(c),, Plaintiffs are entitled to recover threefold their damages plus costs and attorneys' fees.

COUNT TWO (18 U.S.C., section 1962(b))

Plaintiffs re-allege and incorporate paragraphs 1-23 by reference as if fully stated herein and further allege:

24. That Defendants Doreen Kelly, Robert Doyle and Jean Curtis-Loud, acting with the necessary mens rea, corrupted their respective offices in the commission of predatory racketeering offenses; that through the aforementioned pattern of racketeering activity they were enabled to maintain their interest in and/or control of the Cottage Street School, and that this activity was the direct and proximate cause of injury to Plaintiffs and loss of their property.

25. That, pursuant to RICO, 18 U.S.C., section 1964(c), Plaintiffs are entitled to recover threefold their damages plus costs and attorneys' fees.

COUNT THREE (18 U.S.C., section 1962(c))

Plaintiffs re-allege and incorporate paragraphs 1-25 by reference as if fully stated herein and further allege:

26. That Defendants Doreen Kelly, Jean Curtis Loud, Joan Bernheimer, Judi Alberton, Margaret Verret, Donna Kyed and Barry Mintzer, employed by or associated with the Cottage Street School, conducted or participated in the conduct of the Cottage Street School's affairs through a pattern of racketeering activity while acting with the necessary mens rea and that this activity was the direct and proximate cause of injury to Plaintiffs and the loss of their property.

27. That pursuant to RICO, 18 U.S. C., section 1964(c), Plaintiffs are entitled to recover threefold their damages plus costs and attorneys' fees.

COUNT FOUR (18 U.S.C., section 1962(d))

Plaintiffs re-allege and incorporate paragraphs 1-27 by reference as if fully stated herein and further allege the following:

28. That Defendants Doreen Kelly, Jean Curtis Loud, Joan Bernheimer, Judi Alberton, Margaret Verret, Donna Kyed, Barry Mintzer, Erin Senges, Barbara Hawkes-Sullivan, Stephanie Thomas, Barney Kezell, Erica Cohen, Kenneth Pontes, and Claire Jackson, acting with the necessary mens rea and the required scienter, conspired to violate 18 U.S.C., section 1962 (a), (b), and (c).

29. That the primary wrongdoers, Defendants Kelly, Kyed, Verret, Mintzer, Loud; the co-conspiritors, Defendants Bernheimer, Doyle, Alberton, Senges, Hawkes-Sullivan; the aiders and abettors, Defendants Thomas, Keezell, Pontes, Cohen and Jackson, bound together by a common agreement, mounted their attacks on Plaintiffs according to a settled principle of mutual understanding.

30. That there is a direct, causal link between the predicate acts committed by the above-named Defendants and the quantifiable loss of Plaintiffs' property.

31. That, pursuant to RICO, 18 U.S.C., section 1964 (c), Plaintiffs are entitled to recover threefold their damages plus costs and attorneys' fees.

SECOND CAUSE OF ACTION (42 U.S.C., sections 1983, 1985(3), 1986)

PLEADINGS

Plaintiffs re-allege and incorporate, paragraphs 1-31 by reference as if fully stated herein and further allege the following:

32. That Plaintiffs were seen by Defendants to be members of a limited and specifically definable group, to wit., parents of disabled and, therefore, costly to educate children, and/or parents accused of child abuse and that the criteria used to define these groups were invidious.

33. That Plaintiffs were treated by all named Defendants with a contempt engendered by a specific and invidious discriminatory animus on account of their perceived membership in these two groups and that the conduct of all named Defendants put them at risk of serious and immediate harm, a risk which was obvious and well-known to each and every Defendant, to wit., imprisonment, possibly for years, and/or loss of custody of their daughter.

34. That all Defendants acted recklessly and in conscious disregard of that risk and, fully aware of the gravity of the crime they maliciously imputed to Plaintiffs, intentionally attempted to force Plaintiffs to run the gauntlet of that risk, specifically intending the

harmful effects of such a performance, with its anticipated attendant publicity, on other members of the group so situated.

## COUNT ONE (42 U.S.C., section 1983)

Plaintiffs re-allege and incorporate paragraphs 1-34 by reference as if fully stated herein and further allege the following:

35. That Defendants Kelly, Mintzer, Verret, Alberton, Kyed, Senges, Hawkes-Sullivan, Thomas, Keezell and Pontes during the course of their RICO activities deliberately, willfully and maliciously violated Plaintiffs' First, Fourth, Fifth, Six, Ninth, and Fourteenth Amendment rights in violation of 42 U.S.C. section 1983, injuring Plaintiffs and entitling them to damages and reasonable attorneys' fees.

## COUNT TWO (42 U.S.C., section 1985(3))

Plaintiffs re-allege and incorporate paragraphs 1-35 by reference as if fully stated herein and further allege the following:

36. That all Defendants conspired inter alia, as part and parcel of their RICO enterprise, to deprive Plaintiffs of their liberty and their property through a malicious prosecution under color of law and in retaliation for the expression of their First Amendment rights in violation of 42 U.S.C., section 1985(3), injuring Plaintiffs and entitling them to damages and reasonable attorneys' fees.

37. That all said Defendants acting ultra vires engaged in a deliberate scheme to subvert Chapter 119, sections 51/a and 51/b of the General Laws of the Commonwealth of Massachusetts in an unconscionable and fraudulent manner in order to falsely prosecute Plaintiffs; that each Defendant was motivated by subjective malice and ill will; and that each Defendant committed or consented to the commission of at least one overt act in furtherance of the conspiratorial scheme.

38. That Defendants Kelly, Doyle and Mintzer formed the initial conspiracy to deprive Plaintiffs of their constitutional rights in March of 2001; that Defendants Bernheimer, Alberton and Verret climbed on board in May of 2001; th at Defendants Loud and Kyed committed themselves in September of 2001; that Defendants Senges and Hawkes-Sullivan joined in February of 2002; That Defendants Thomas, Keezell, Pontes, Cohen and Jackson aided and abetted the other Defendants in or after April of 2002.

## COUNT THREE (42 U.S.C., section 1986)

Plaintiffs re-allege and incorporate paragraphs 1-38 by reference as if fully stated herein and further allege the following:

39. That Defendants Jackson and Pontes during the relevant times adduced in this Complaint authorized, ratified and condoned the misconduct of their respective

employees; engaged in systemic mis-administration of the law and policy governing their respective agencies; effectively aided and abetted the malicious conspiratorial conduct of their respective subordinates; and, acted in an improper manner to conceal that misconduct from proper redress in violation of 42 U.S.C., section 1986.

### THIRD CAUSE OF ACTION (State Claims)

Plaintiffs re-allege and incorporate paragraphs 1-39 by reference as if fully stated herein and further allege the following:

#### COUNT ONE (Intentional infliction of emotional distress.)

40. That at all times material herein the conduct of all Defendants and especially the conduct of Defendants Kelly, Kyed, Verret, Mintzer, Senges and Hawkes-Sullivan was intentional, odious, perverse and outrageous AND so malicious and unjust in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society. As a result of this conduct, Plaintiffs suffered intense humiliation, outrage, pain and suffering amounting to extreme emotional distress.

#### COUNT TWO (Defamation)

41. That on several specific occasions in 2001 and 2002, Defendants Kelly, Verret, Kyed, and Hawkes-Sullivan, pursuant to a conspiracy to blacken Plaintiffs' good name, to deprive them of their daughter, and if all went according to plan, their liberty, willfully defamed them with specific, false statements of material fact. These statements were made knowingly and with reckless and malicious disregard of their falsity and were made by these Defendants with the deliberate intent to bring about a malicious prosecution of Plaintiffs' in retaliation for their expression of their First Amendment rights and with the certain knowledge that they would defame, and cause injury and peril to Plaintiffs.

#### COUNT THREE (Educational Malpractice)

42. That Defendants Kelly, Mintzer, Loud, Doyle, Bernheimer, and Kyed, at different times from March 2001 to September 2002 and in various configurations entered into agreements and reached mutual understandings whereby they would and did deliberately and maliciously deprive Plaintiff Samantha Tinkham of her rights and benefits under state and federal education law.

43. That these specific Defendants deliberately and maliciously sought to detain, harass, intimidate, coerce, embarrass, annoy, abuse and otherwise distract Plaintiffs in order to interfere with or eliminate their ability to advocate for their daughter's educational prerogatives.

8

44. That as a direct and proximate result of this misconduct herein described, Plaintiffs experienced and continue to suffer great mental distress, intentionally inflicted, humiliation, embarrassment, outrage, fear, diminution of their enjoyment of life, liberty and property, and the actual theft of their property in an amount in excess of $75,000.00. They have also incurred legal fees in connection with their defense of the Defendants' manufactured allegations against them.

45. That the conduct of all Defendants herein described constituted warrantless search, abuse of process, prima facie tort, conspiracy tort, vendetta, defamation of character, intentional infliction of emotional distress, defamation; educational malpractice, negligence and gross negligence, all arising out of a common nucleus of operative fact with the RICO Claim-in-Chief and injuring Plaintiffs in violation of the laws of the Commonwealth of Massachusetts. This Federal District Court has pendant jurisdiction to hear and adjudicate these claims.

46. That Sections 51/a and 51/b of Chapter 119 of the General Laws of the Commonwealth of Massachusetts, on their face and as applied to Plaintiffs, violate the Due Process and Equal Protection clauses of the 5th and 14th Amendments to the Constitution of the United States in at least seven particulars. That the indiscriminate sweep of the Massachusetts Department of Social Services' mandate, created by the above-mentioned statutes, is constitutionally intolerable and does not conform to even minimal state or federal constitutional standards in at least seven particulars.

Wherefore, Plaintiffs request that both the above-mentioned statutes and the relevant policy and procedure of the Massachusetts Department of Social Services, in their current form and operation, be declared unconstitutional and enjoined.

Respectfully submitted, July 17, 2008,

_____
Peter Tinkham, Pro se

_____
Juliet Alexander, Pro se
P.O. Box 92
Weld, Maine 04285
(207) 364-3964

CERTIFICATION

I hereby certify that I have served a true copy of this document to opposing counsel (John Davis, Esq., and Mathew Q. Berge, ADA) via first class mail on July 18, 2008.

_____
Peter Tinkham

10

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC 20543-0001

William K. Suter
Clerk of the Court
(202) 479-3011

June 9, 2008

Mr. Peter Tinkham
P.O. Box 1075
Easton, MA 02334

    Re: Peter F. Tinkham, et al.
        v. Doreen R. Kelly, et al.
        No. 07-1011

Dear Mr. Tinkham:

The Court today entered the following order in the above-entitled case:

The petition for rehearing is denied.

                                                Sincerely,

                                                William K. Suter

                                                **William K. Suter**, Clerk

Clerk of Court FEDERAL
Massachusetts/District Court
One Courthouse Way
Boston, Massachusetts

Re: Civil Action No.05-10475-MLW

Dear Sir,

Please find enclosed for docketing Plaintiffs' Motion To Amend Complaint in the above-captioned case. You will note from the attached letter that the S. Ct. denied our Petition for a Re-hearing on June 9, 2008. Kindly send confirmation of the date for Motion Hearing if there is one, to my MA mailing address, viz., P.O. Box 1075, Easton, MA 02334 to ensure timely receipt of same.

I remain, my dear sir,

Very truly yrs.,

_____
Peter Tinkham, Pro Se
P.O. Box 92
Weld, Maine 04285
207-364-3964

13