UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 05-10470MLW

PETER TINKHAM, JULIET ALEXANDER and
SAMANTHA TINKHAM,

      Plaintiffs,

v.

DOREEN R. KELLY, BARRY L. MINTZER, JEAN
CURTIS LOUD, ROBERT L. DOYLE, DONNA
KYED, MARGARET VERRET, JOAN
BERNHEIMER, JUDI ALBERTON, CLAIRE
JACKSON, ERIN L. SENGES, BARBARA A.
HAWKES-SULLIVAN, BARNEY KEEZELL,
STEPHANIE THOMAS, ERICA COHEN and
KENNETH PONTES,

      Defendants.

## SCHOOL DEFENDANTS' OPPOSITION TO PLAINTIFFS' "MOTION AMENDING COMPLAINT"

## INTRODUCTION

On July 21, 2008, well over three years after the institution of this lawsuit and over two

years after this Court entered judgment dismissing the plaintiffs' case "without prejudice," the

plaintiffs filed their "Motion Amending Complaint," allegedly "as of right" and pursuant to a

Memorandum and Order issued by this Court on March 19, 2006. For the following reasons, the

defendants, Doreen R. Kelly; Barry L. Mintzer, Esq.; Dr. Jean Curtis Loud; Dr. Robert L. Doyle;

Judith M. Alberton; Dr. Claire W. Jackson; Dr. Joan Bernheimer; Margaret Verret, R.N.; and

Donna Kyed (hereinafter, the "School defendants"), hereby oppose plaintiffs' Motion:

    (1)    The First Circuit Mandate dated April 11, 2007, converted the March 20, 2006

Judgment of Dismissal of this Court into a final judgment; plaintiffs are judicially estopped from asserting otherwise.

(2)    Plaintiffs cannot seek to amend their Complaint without first obtaining post-judgment relief under Fed. R. Civ. P. 59 or 60.

(3)    Plaintiffs' "right" to amend their Complaint, if any, expired after a reasonable period of time.  Two years and four months is beyond a reasonable period of time.

(4)    Any request for leave to amend the Complaint should be denied based on undue delay, unfair prejudice to the School defendants, and futility.

(5)    The statute of limitations has expired on the claims of Peter Tinkham and Juliet Alexander, the only two parties who signed the Motion Amending Complaint.

## FACTS

On March 11, 2005, over three years ago, the *pro se* plaintiffs, Peter Tinkham, Juliet Alexander and Samantha Tinkham, filed a lengthy and indecipherable Complaint in this Court against the School defendants, as well as against the Department of Social Services and certain of its employees (hereinafter, the "DSS defendants.")  On July 27, 2005, the School defendants moved to dismiss plaintiffs' Complaint on the grounds that (1) the Complaint – which included over 35 Counts for relief, 90 pages of written materials and 291 paragraphs of allegations pled against 15 individual defendants – failed to contain a short and plain statement of plaintiffs' claims as required under Fed. R. Civ. P. 8(a); and (2) Peter Tinkham's and Juliet Alexander's *pro se* representation of their minor daughter, Samantha Tinkham, violated Fed. R. Civ. P. 17(c).[1]

---

[1] Plaintiffs state that Samantha Tinkham is eighteen years old and, therefore, no longer a minor.  Ms. Tinkham, however, did not sign the "Motion Amending Complaint" as required of a party who is unrepresented by counsel.  Fed. R. Civ. P. 11(a).  Thus, she is not a moving party.

On November 16, 2005, the Court referred this case to Magistrate Judge Alexander for full pre-trial case management, including the resolution of dispositive motions.  The School defendants' Motion to Dismiss was heard by the Magistrate Judge on January 19, 2006.

On February 6, 2006, the Magistrate Judge entered a Report and Recommendation, recommending that the District Court, among other rulings, allow the School defendants' Motion to Dismiss.  On March 19, 2006, this Court, upon review of the Report and Recommendation, found it to be "thorough" and "well-reasoned" and, accordingly, adopted it.  Thus, by Memorandum and Order, this Court allowed the School defendants' Motion to Dismiss (as well as a Motion to Dismiss filed by the DSS defendants on other grounds) without prejudice.  See Memorandum and Order, March 19, 2006, attached hereto as Exhibit A ("Ex. A").  The following day, March 20, 2006, the Court also entered a Judgment of dismissal without prejudice for the defendants pursuant to Fed. R. Civ. P. 58(a) - (b). See Judgment, March 20, 2006, attached hereto as Exhibit B ("Ex. B").

Instead of filing an amended Complaint, plaintiffs appealed the Judgment of dismissal to the United States Court of Appeals for the First Circuit by Notice of Appeal dated April 17, 2006.  The Notice states:

> Notice is hereby given that Peter Tinkham, Juliet Alexander and Samantha Tinkham, plaintiffs in the above named case hereby appeal to the United States Court of Appeals for the 1st Circuit from the final judgment entered in this action on the 19th day of March, 2006 by Wolfe [sic], J.

See Notice of Appeal, April 17, 2006, attached hereto as Exhibit C ("Ex. C").  Plaintiffs' appeal was docketed in the First Circuit on May 18, 2006.[2]  Prior to considering plaintiffs' appeal, the

---

[2] Plaintiffs did not move to stay the District Court action, either under Fed. R. Civ. P. 62 or Fed. R. App. P. 8(a)(1)(A).

First Circuit queried whether it had jurisdiction to do so.  See Order of Court, August 31, 2006,

attached hereto as Exhibit D ("Ex. D").  Specifically, questioning whether the March 20, 2006

judgment was sufficiently "final" to exercise appellate jurisdiction, the First Circuit offered

plaintiffs two choices.  Plaintiffs were ordered either to move for voluntary dismissal of the

appeal pursuant to Fed. R. App. P. 42(b) (which would then allow plaintiffs to file an amended

Complaint), or to show cause for why their appeal should not be dismissed.  (Ex. D).  Plaintiffs

chose the latter by filing a "Show Cause Response" on October 2, 2006. See Plaintiffs'-

Appellants' Show Cause Response, October 2, 2006, attached hereto as Exhibit E ("Ex. E").  In

their Response, plaintiffs insisted that the District Court Judgment of dismissal was indeed a

final decision appropriate for appellate review:

> [N]ot only is Judge Wolf's Memorandum and Order a final decision for purposes
> of appellate jurisdiction, it is a final decision that complies with the finality
> requirements of 28 U.S.C. §§ 1291, 1292, in two different ways.
>
> First, appellate jurisdiction exists because Judge Wolf's decision, on its face, most
> certainly complies with the finality requirements of 28 U.S.C. §§ 1291, 1292 as it
> is written, viz., Every final judgment shall grant the relief to which the party in
> whose favor it is rendered is entitled.  His Memorandum and Order which allowed
> Defendants' alleged Motions to Dismiss in their entirety gave every Defendant
> everything he asked for.
>
> . . ..
>
> Second, appellate jurisdiction exists because both Magistrate Judge Alexander's
> Report and Recommendation and Judge Wolf's Memorandum and Order . . . are
> unquestionably summary judgments, automatically converted under FRCP 12(b).
> Since summary judgments serve as a substitute for trial, both of these summary
> decisions strike at the merits of Plaintiffs' complaint, in fact, at its every
> existence.  They are binding and final determinations against Plaintiffs within the
> meaning of 28 U.S.C. §§ 1291, 1292, cannot be mitigated by "without prejudice"
> or "leave to amend," and invoke the mandatory jurisdiction of this Court.

Ex. E, ¶¶ 3, 4 & 6.

4

Based on plaintiffs' arguments as to finality in their Show Cause Response (as well in their lengthy appellate brief), the First Circuit chose to decide the appeal on its merits, affirming this Court's Judgment of dismissal on April 11, 2007.[3]  See First Circuit Mandate, April 11, 2007, attached hereto as Exhibit F ("Ex. F").  With respect to the issue of finality, the First Circuit concluded that:

> [A]lthough the district court's judgment of dismissal was "without prejudice," it evidenced sufficient indicia of finality so that we may properly assert appellate jurisdiction over it.  See, e.g., Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 389 (1st Cir. 1994) (holding that a dismissal of a complaint without prejudice that does not expressly grant leave to amend is a final decision from which a timely appeal may be taken).  Ex. F.

In response to the First Circuit decision, plaintiffs filed a motion for panel rehearing, which was denied on July 10, 2007.  See Order of Court, July 10, 2007, attached hereto as Exhibit G ("Ex. G").  Thus, pursuant to Fed. R. App. P. 41(a), the First Circuit issued its Mandate to this Court on July 20, 2007.  See Ex. F.

Not to be thwarted, plaintiffs sought further appellate review by filing a Petition for a Writ of Certiorari with the United States Supreme Court on December 7, 2007.[4]  The Supreme Court denied the Petition on April 14, 2008.  See Supreme Court Docket Sheet, attached hereto as Exhibit H ("Ex. H").  Characteristically, plaintiffs moved to have the Petition reheard.  Their motion for rehearing was denied on June 9, 2008.  Id.  Plaintiffs then filed their "Motion Amending Complaint" in this Court on July 21, 2008.

---

[3] In order to protect their interests on appeal, the School defendants were compelled to incur the considerable time, effort and expense of preparing and filing a Brief of Defendant-Appellees with the First Circuit on January 19, 2007.  The Brief was made necessary after the First Circuit failed to timely rule on defendants' Motion for Summary Disposition.

[4] The plaintiffs did not move to stay the appellate court mandate under Fed. R. App. P. 41(d)(2)(A).

**ARGUMENT**

I.    **The First Circuit Mandate Converts this Court's Order of March 20, 2006 into a Final Judgment, and Plaintiffs are Judicially Estopped from Asserting Otherwise.**

As stated above, this Court entered Judgment dismissing plaintiffs' Complaint on March 20, 2006. Because the dismissal was entered without prejudice, it was not necessarily final. Plaintiffs, however, insisted to the contrary, arguing that the Judgment *was* final and, hence, immediately appealable to the First Circuit. Plaintiffs were successful in convincing the First Circuit on the issue of finality. The First Circuit Mandate states that this Court's Judgment "evidenced sufficient indicia of finality" for appellate review and, upon conducting such review, affirmed that Judgment. Thus, by their own hand, plaintiffs persuaded the First Circuit that the March 20, 2006 Judgment was a final judgment and must be reviewed as such.

It is well-established that an appellate court's mandate controls all issues that "were actually considered and decided by the appellate court, or as were necessarily inferred from the disposition on appeal." Commercial Union Ins. Co. v. Walbrook Ins. Co., 41 F.3d 764, 770 (1st Cir. 1994); see also Arizona v. California, 460 U.S. 605, 618 (1983); New England Power Co. v. Federal Energy Regulatory Comm'n, – F.3d – , 2008 WL 2747038 (1st Cir. 2008); National Labor Relations Board v. Goodless Brothers Electric Co., Inc., 285 F.3d 102, 107 (1st Cir. 2002); Cohen v. Brown University, 101 F.3d 155, 188 (1st Cir. 1996). When a court of appeals determines a rule of law, that ruling must be abided by in any later proceedings in the trial court. Elias v. Ford Motor Co., 734 F.2d 463, 465 (1st Cir. 1984). "A mandate is completely controlling as to all matters before the appellate court and disposed of by its decree." Id.

The First Circuit Mandate here expressly determined that, even though the March 20, 2006 Judgment of dismissal was entered without prejudice, it possessed the qualities of a final

judgment and should be treated as one.  The First Circuit relied on <u>Acevedo-Villalobos v.</u>

<u>Hernandez</u>, 22 F.3d 384, 389 (1st Cir. 1994), where the Court held that a judgment of dismissal of

a complaint without prejudice, set forth in a separate document in accordance with Fed. R. Civ.

P. 58 and 79(a), is a final decision.  Pursuant to the First Circuit's Mandate, this Court is now

obliged to consider the March 20, 2006 Judgment as final.

      Even if this Court is not required to treat its March 20, 2006 Judgment as final (as the

School defendants maintain), plaintiffs are judicially estopped from arguing otherwise.  The

doctrine of judicial estoppel, designed to safeguard the integrity of the courts by preventing

parties from improperly manipulating the judicial system, prevents a litigant from "adopt[ing]

one position, secur[ing] a favorable decision, and then tak[ing] a contradictory position in search

of legal advantage." <u>InterGen N.V. v. Grina</u>, 344 F.3d 134, 144 (1st Cir. 2003).  While the

doctrine is typically applied based on the facts of each case, parties claiming judicial estoppel

must satisfy the following two elements: (1) the estopping position and the estopped position

must be directly inconsistent and mutually exclusive; and (2) the responsible party must have

succeeded in persuading the court to accept its prior position. <u>Alternative System Concepts, Inc.</u>

<u>v. Synopsys</u>, 374 F.3d 23, 33 (1st Cir. 2004) (manufacturer judicially estopped from claiming

breach of oral contract where it argued to the contrary on a prior motion); <u>see</u> <u>also</u> <u>Cadle Co. v.</u>

<u>Schlictmann, Conway, Crowley & Hugo</u>, 338 F.3d 19, 22-23 (1st Cir. 2003) (plaintiff estopped

from arguing that it was the agent of a note's owner where it had previously argued that it was

the owner).  Courts also consider whether the party asserting the inconsistent position would

derive an unfair advantage if not judicially estopped. <u>Id</u>.  "Judicial estoppel should be employed

when a litigant is 'playing fast and loose with the courts,' and when 'intentional self-

contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'" <u>Patriot Cinemas, Inc. v. General Cinemas Corp.</u>, 834 F.2d 208, 212 (1st Cir. 1987).

Judicial estoppel bars plaintiffs from arguing that this Court's Judgment was not final after having spent considerable effort arguing the exact opposite to the First Circuit, <u>i.e.</u>, that the March 20, 2006 Judgment *was* final and appealable.  Plaintiffs' argument to the First Circuit was successful.  The First Circuit heard plaintiffs' appeal and decided it on the merits.  Now, two years later, plaintiffs turn their own finality argument on its head by submitting their Motion Amending Complaint purportedly "as of right."  As discussed in greater detail below, a motion to amend a complaint cannot be considered by a trial court after final judgment has been entered unless plaintiff has first obtained post-judgment relief.  Thus, for this court to consider plaintiffs' motion to amend, it must accept that the March 20, 2006 judgment was not final.  Plaintiffs should not have the advantage of asserting both sides of an argument at different stages of the litigation, as they would gain the unfair advantage of reviving a lawsuit that was properly, and *finally*, dismissed.  Plaintiffs' Motion Amending Complaint should be denied.

## II.    Plaintiffs Cannot Seek Leave to Amend Their Complaint Without First Obtaining Post-Judgment Relief Under Fed. R. Civ. P. 59 or 60.

A trial court cannot amend a complaint after final judgment has been entered unless and until that judgment is vacated. <u>See, e.g.</u>, <u>Palmer v. Champion Mortgage</u>, 465 F.3d 24, 30 (1st Cir. 2006) (district court denied plaintiff's second motion for leave to amend a complaint  because motion was made subsequent to the entry of judgment).  "[A] district court cannot allow an amended pleading where a final judgment has been rendered unless that judgment is first set aside or vacated pursuant to Fed. R. Civ. P. 59 or 60." <u>Mirpuri v. Act Manufacturing, Inc.</u>, 212

F.3d 624, 628 (1st Cir. 2000), quoting Maldonado v. Dominguez, 137 F.3d 1, 11 (1st Cir. 1998).

A plaintiff seeking leave to amend a complaint under Fed. R. Civ. P. 15(a) in the post-judgment

context – such as in this case – must first file a motion to alter, vacate or amend judgment under

Rule 59(e) or 60(b). See Hernandez, 22 F.3d at 389.  Plaintiffs here have not filed any such post-

judgment motion, and it is now too late for them to do so.[5]  Thus, this Court has no authority to

allow plaintiffs to amend their Complaint; there simply is no Complaint left to amend. Mirpuri,

212 F.3d at 628 (noting that, where judgment is final, district court cannot allow an amended

pleading unless the final judgment is set aside or vacated).  Plaintiffs' Motion Amending

Complaint should be denied.

**III.    Plaintiffs' Right to Amend (if any) Expired After a Reasonable Time Period.**

Even if this Court's Judgment of March 20, 2006 was not final, giving plaintiffs a right to

amend their Complaint "once as a matter of course" pursuant to Fed. R. Civ. P. 15(a), the time

within which they could do so has long since passed.  If plaintiffs wished to amend their

Complaint, they should have amended it within a reasonable period of time after entry of the

March 20, 2006 Judgment. See 4 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,

*Federal Practice and Procedure* § 1483.  The First Circuit has made clear that the right to amend

a complaint cannot logically be extended beyond a reasonable time limit:

> . . . [I]t could hardly have been intended that a plaintiff should have the right to
> amend without limit of time after a judgment of dismissal had been entered; nor
> could it have been intended that the trial court should have discretionary power for
> an unlimited time after such judgment of dismissal to vacate the judgment and

---

[5]  A motion to alter or amend a judgment under Rule 59(e) must be filed "no later than 10 days after the
entry of the judgment."  A motion for relief from judgment under Rule 60(b) must be filed "no more than a year after
the entry of the judgment," unless the judgment is void or has been otherwise satisfied, released or discharged.
Under the catch-all Rule 60(b)(6), a motion for relief from judgment for "any other reason that justifies relief" must
be made "within a reasonable time."  Plaintiffs here offer no reason whatsoever to justify relief from the March 20,
2006 final Judgment and, certainly, failed to make their Motion Amending Complaint within a "reasonable time."

allow an amendment of the complaint.

United States v. Newbury Mfg. Co., 123 F.2d 453, 454 (1st Cir. 1941).

Plaintiffs had ample time to amend their Complaint after it was dismissed.  Indeed, the

Magistrate Judge's Report and Recommendation, as adopted and incorporated by the District

Court, invited them to do so.  See Ex. A.  Furthermore, plaintiffs should not now be heard to

complain that the appellate process justifies their unreasonable delay.  To stay a District Court

proceeding pending an appeal, appellants are required to so move. See Fed. R. Civ. P. 62 & Fed.

R. App. P. 8(a)(1)(A).  Plaintiffs filed no such motion, either with the District Court or with the

First Circuit.  Nor did plaintiffs file a motion to stay the First Circuit Mandate while they sought

Supreme Court review, as required under Fed. R. App. P. 41(d)(2)(a).  Thus, plaintiffs' Motion

Amending Complaint must be denied.  Even if they had a right to amend their Complaint

following the March 20, 2006 Judgment, plaintiffs lost that right by their own unreasonable

delay.

**IV.    Plaintiffs' Motion Amending Complaint Should be Denied on the Grounds of Undue Delay, Unfair Prejudice to the School Defendants, and Futility.**

Even if plaintiffs' Motion Amending Complaint is procedurally proper and may be

considered by this Court under the liberal standard of Fed. R. Civ. P. 15(a)(2) (which School

defendants deny), good reasons still exist to deny it.  First, while leave to amend is freely given

when justice so requires, "the liberal amendment policy prescribed by Rule 15(a) does not mean

that leave will be granted in all cases." Acosta-Mestre v. Hilton International of Puerto Rico, 156

F.3d 49, 51 (1st Cir. 1998), citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,

*Federal Practice and Procedure* § 1487, at 611 (2d ed. 1990).  The decision to grant or deny a

motion to amend a complaint lies within the sound discretion of this Court. Foman v. Davis, 371

10

U.S. 178, 182 (1962); see also Hayes v. New England Millwork Distributors, Inc., 602 F.2d 16, 19 (1st Cir. 1979); Ondis v. Barrows, 538 F.2d 904, 909 (1st Cir. 1979).  "The reviewing court will generally defer to a decision to deny a motion where an underlying basis for denial – 'such as undue delay, bad faith or dilatory motive on the part of the movant [or] undue prejudice to the opposing party' – is 'apparent or declared.'" Tiernan v. Blyth, Eastman, Dillon & Co., 719 F.2d 1, 4 (1st Cir. 1983), citing Foman, 371 U.S. at 182.  "Where . . . a considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some "valid reason for his neglect and delay." Hayes, 602 F.2d at 19-20 (quotations omitted).

In the Hayes decision, the First Circuit affirmed the denial of a plaintiff's motion to amend his complaint because plaintiff waited over two years to move for leave, without any legitimate reason for doing so. Hayes, 602 F.2d at 19-20.  Instead of asserting a reasonable basis for the delay – such as the discovery of new evidence or delay attributable to another party or to the court – the plaintiff "simply allowed his case to lie fallow for more than two years." Id.  Plaintiffs' situation here is similar to that of the plaintiff in Hayes.  Plaintiffs have asserted no justification *whatsoever* for the two years and four months delay, likely because one does not exist.  The plaintiffs had every opportunity and, indeed, the approval of this Court, to file an Amended Complaint.  Instead, for reasons unknown to this Court and the School defendants, the plaintiffs waited.  Now, over two years later, the School defendants would suffer undue prejudice if plaintiffs are allowed to reinstate their action.  The defendant, Dr. Robert L. Doyle, is deceased.  Defendants Doreen Kelly, Dr. Claire Jackson, and Judith Alberton, are retired.  Dr. Jean Curtis Loud and Donna Kyed are no longer employed in the Sharon public school system.

The School defendants' ability to assemble evidence and to mount a defense to plaintiffs' claims, whatever those claims may be, is seriously and irreparably compromised by plaintiffs' tactics.

A motion to amend a complaint is also properly dismissed where it would be futile. Adorno v. Crowley Towing and Transportation Co., 443 F.3d 122, 126 (1st Cir. 2006) (citations omitted). In determining whether an amendment would be futile, this court must apply the standard which applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6). Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996). Plaintiffs' proposed amended Complaint is shorter than their original Complaint, but is just as disorganized, redundant and difficult for the School defendants to discern as the original. Thus, even if this Court should allow plaintiffs to amend their Complaint (to which the School defendants object), the Amended Complaint would be subject to dismissal on the same grounds as its predecessor. Plaintiffs' Motion Amend Complaint must be denied.

**V.    The Statute of Limitations has run on the Claims of Peter Tinkham and Juliet Alexander.**

Finally, to the extent it is possible to hazard a guess as to the causes of action set forth in plaintiffs' proposed amended Complaint, the School defendants speculatively identify the following claims: (1) violations of RICO; (2) civil rights violations under 42 U.S.C. § 1983; (3) intentional infliction of emotional distress; (4) defamation; and (5) educational malpractice. Plaintiffs allege that all of the above-mentioned claims are based on events that arose during an approximately twenty-four month time period, beginning in February 2001 and ending in March 2003. See Plaintiff's Motion Amending Complaint, ¶¶ 12-16. Thus, at the latest, plaintiffs' causes of action arose in March of 2003. With respect to plaintiffs' claims under RICO and Section 1983, and for emotional distress and defamation, the statutes of limitations ran either in

March of 2007 or 2008. See Agency Holding Corp. V. Malley-Duff & Associates, Inc., 483 U.S. 143 (1987) (four year statute of limitations is to be applied in RICO actions); Perez-Sanchez v. Public Building Authority, 2008 WL 2571610 (1st Cir. 2008) (claim under Section 1983 takes the statute of limitations from the underlying state cause of action); M.G.L. c. 260, § 2A (three year statute of limitations for actions of tort); M.G.L. c. 260, § 4 (three year statute of limitations for actions of libel and slander). With respect to plaintiffs' educational malpractice claim, it does not exist. Doe v. Town of Framingham, 965 F. Supp. 226, 230 (D. Mass. 1997) (educational malpractice claim is not recognized under Massachusetts law).[6]

Thus, even if Peter Tinkham and Juliet Alexander should be allowed to begin their lawsuit anew, they are time-barred from doing so.

## CONCLUSION

WHEREFORE, for the aforementioned reasons, the School defendants request that this Court deny plaintiffs' Motion Amending Complaint.

---

[6] Moreover, plaintiffs' emotional distress and defamation actions cannot be maintained under any circumstances, based on Massachusetts' renewal statute, which states, in relevant part, that:

If any action duly commenced within the time limited in this chapter is dismissed . . . for any matter of form . . . the plaintiff . . . may commence a new action for the same cause within one year after the dismissal . . .

M.G.L. c. 260, § 32; see Corliss v. City of Fall River, 397 F. Supp. 2d 260, 264-265 (D. Mass. 2005). Thus, plaintiffs' time period to re-file their state law claims expired on March 20, 2007, one year after the March 20, 2006 Judgment.

The Defendants,

DOREEN R. KELLY, BARRY L. MINTZER, ESQ., DR. JEAN CURTIS LOUD, DR. ROBERT L. DOYLE, DONNA KYED, MARGARET VERRET, R.N., DR. JOAN BERNHEIMER, JUDITH M. ALBERTON and DR. CLAIRE W. JACKSON,

By their attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**


/s/ John J. Davis
John J. Davis, BBO #115890
90 Canal Street
Boston, MA 02114
(617) 350-0950

Date:   July 31, 2008

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on July 31, 2008.

/s/ John J. Davis
John J. Davis, Esq.

14

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETER TINKHAM,                    )
JULIET ALEXANDER,                 )
SAMANTHA TINKHAM                  )
        Plaintiffs,               )
                                  )
        v.                        )        C.A. No. 05-10470-MLW
                                  )
DOREEN R. KELLY, ET AL.           )
        DefendantS.               )

MEMORANDUM AND ORDER

WOLF, D.J.                                     March 19, 2006

The court has considered the attached February 6, 2006
Report and Recommendation of the Magistrate Judge, pro se
plaintiffs' Peter Tinkham and Juliet Alexander's objections to
it, and the replies of the defendants affiliated with Sharon
Public Schools (the "Sharon Schools defendants") and of the
defendants affiliated with the Department of Social Services (the
"DSS defendants"). The Report and Recommendation is thorough,
well-reasoned, and hereby adopted and incorporated in this
Memorandum.

As explained by the Magistrate Judge, plaintiffs' motions
for default judgments are not meritorious. The Sharon Schools
defendants timely filed their motion to dismiss pursuant to
Federal Rule of Civil Procedure 41(b), based on the plaintiffs'
failure to satisfy the requirement of Federal Rule of Civil

1

Procedure 8(a)(2) that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss is a valid defense to a motion for default under Federal Rule of Civil Procedure 55. <u>See</u> Fed. R. Civ. P. 12(a)(4)(A); <u>Kuehl v. F.D.I.C.</u>, 8 F.3d 905, 908 (1st Cir. 1995).

The DSS defendants' motion to dismiss was not timely filed. However, as the Magistrate Judge explained, the DSS defendants tried to contact the plaintiffs to offer them a hearing before DSS. This explains the delay in the filing of their motion to dismiss. While a failure to make a timely request to the court for more time to respond to the complaint would not always be excused by such an effort, it is sufficient in the instant case.

As the Magistrate Judge describes, it would be impossible for the Sharon Schools or DSS defendants to respond properly to plaintiffs' long, rambling complaint. Even recognizing that the pleadings of <u>pro</u> <u>se</u> parties must be liberally construed, the complaint in this case fails to provide fair notice of claims on which relief could be granted. <u>See</u> <u>Moore v. United States</u>, 193 F.R.D. 647, 650-51 (N.D. Cal. 2000). This conclusion is not qualified by any of the new arguments in Plaintiffs' Motion to Enlarge their Opposition to the DSS defendants Motion to Dismiss.

Moreover, the Magistrate Judge correctly concluded that while Peter Tinkham and Juliet Alexander may represent

2

themselves, because neither is a lawyer neither can represent Samantha Tinkham, who is also named as a plaintiff in this case. See Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d. Civ. 1990); Feliciano v. DuBois, 846 F. Supp. 1033, 1039 (D. Mass. 1994).

Accordingly, this case is being dismissed without prejudice. For the reason described by the Magistrate Judge, Mr. Tinkham and Ms. Alexander may wish to invoke the DSS administrative review process if they want to minimize the risk that any future, properly pled claims that they have been deprived of procedural due process will be dismissed. They will also have to obtain counsel to represent Samantha Tinkham if they wish to have claims pursued on her behalf.

After the Report and Recommendation was issued, plaintiffs moved for the imposition of sanctions under Federal Rule of Civil Procedure 11. They did not, however, provide their adversaries the 21-days notice of their intent to file the motion for sanctions if the challenged pleadings were not corrected or withdrawn. See F. R. Civ. P. 11(b)(1)(A); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1337 (3d ed. 2004). Therefore, the request for sanctions is being denied.

Accordingly, it is hereby ORDERED that:

1. The Sharon Schools defendants' Motion to Dismiss (Docket No. 19) is ALLOWED without prejudice.

3

2.  The DSS defendants' Motion to Dismiss (Docket No. 53) is ALLOWED without prejudice.

3.  The plaintiffs' Motion for Entry of Default Judgment against the Sharon School defendants (Docket No. 25) is DENIED.

4.  The plaintiffs' motions for entry of default judgment against the individual DSS defendants (Docket Nos. 26, 27, 28, 29, 30, and 31) are DENIED.

5.  The plaintiffs' Motion for Sanctions (Docket No. 78) is DENIED.

6.  The plaintiffs' Motion to Enlarge their Opposition to the DSS Defendants' Motion to Dismiss (Docket No. 79) is ALLOWED.

7.  The Sharon School's defendants' Assented to Motion for Extension of Time to File Response/Reply to Objection to Report and Recommendation (Docket No. 83) is ALLOWED.


  /s/ MARK L. WOLF
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-10470-MLW

PETER F. TINKHAM,
JULIET B. ALEXANDER,
and
SAMANTHA TINKHAM,

Plaintiffs

v.

DOREEN R. KELLY, BARRY L. MINTZER, JEAN CURTIS LOUD,
ROBERT L. DOYLE, DONNA KYED, MARGARET VERRETT,
JOAN BERNHEIMER, JUDI ALBERTON, CLAIRE JACKSON,
ERIN L. SENGES, BARBARA A. HAWKES-SULLIVAN,
BARNEY KEEZELL, STEPHANIE THOMAS, ERICA COHEN
and KENNETH PONTES

Defendants

**REPORT AND RECOMMENDATION ON**

**SCHOOL DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINT UNDER RULE 41(b)
(Docket # 19)**

**and**

**MOTION OF DEFENDANTS ERIN L. SENGES,
BARBARA A. HAWKES-SULLIVAN, BARNEY KEEZELL,
STEPHANIE THOMAS BROWN, ERICA COHEN
AND KENNETH PONTES PURSUANT TO
FED RR. CIV. P. 12(b)(1), (6) TO DISMISS THE
COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION AND FAILURE TO STATE A CLAIM
(Docket # 53)**

and

**MOTION FOR ENTRY OF DEFAULT JUDGMENT**
**(Docket # 25)**

and

**MOTION FOR ENTRY OF DEFAULT JUDGMENT**
**(Docket # 26)**

and

**MOTION FOR ENTRY OF DEFAULT JUDGMENT**
**(Docket # 27)**

and

**MOTION FOR ENTRY OF DEFAULT JUDGMENT**
**(Docket # 28)**

and

**MOTION FOR ENTRY OF DEFAULT JUDGMENT**
**(Docket # 29)**

and

**MOTION FOR ENTRY OF DEFAULT JUDGMENT**
**(Docket # 30)**

and

**MOTION FOR ENTRY OF DEFAULT JUDGMENT**
**(Docket # 31)**

ALEXANDER, M.J.

The plaintiffs in this case, Peter Tinkham, Juliet Alexander and Samantha

Tinkham, have filed a complaint against defendants Doreen Kelly, Barry L.

Mintzer, Jean Curtis Loud, Robert L. Doyle, Donna Kyed, Margaret Verrett, Joan

Bernheimer, Judi Alberton, Claire Jackson, Erin L. Senges, Barbara A. Hawkes-

Sullivan, Barney Keezell, Stephanie Thomas, Erica Cohen and Kenneth Pontes,

alleging a myriad of claims arising from disputes between the plaintiffs and the

Town of Sharon Public Schools ("Sharon Schools") and the Department of Social

Services ("DSS"). The numerous defendants are representatives, officials and

employees of the Sharon Schools (the "school defendants") and DSS (the "DSS

defendants").[1] Both the school defendants and the DSS defendants have moved to

dismiss the complaint. That motion, as well as seven motions for default

judgment, were referred to this Court by the District Court for a Report and

Recommendation. A hearing on the motions was held on January 19, 2006, and,

after careful consideration of the parties' asseverations, both oral and written, this

Court RECOMMENDS that the defendants' respective motions to dismiss be

---

[1] Defendants Doreen Kelly, Barry L. Mintzer, Jean Curtis Loud, Robert L. Doyle, Donna Kyed, Margaret Verrett, Joan Bernheimer, Judi Alberton, and Claire Jackson are the "school defendants." The remaining defendants, Erin L. Senges, Barbara A. Hawkes-Sullivan, Barney Keezell, Stephanie Thomas, Erica Cohen and Kenneth Pontes, are the "DSS defendants."

3

ALLOWED, but that the complaint be dismissed WITHOUT PREJUDICE and leave granted for the plaintiffs to file an amended complaint. The Court also RECOMMENDS that the plaintiffs' motions for default judgment be DENIED.

## BACKGROUND

The plaintiffs' *pro se* complaint is fifty-nine (59) pages long, includes 226 numbered paragraphs, numerous sub-paragraphs, and an additional thirty (30) pages of appendices. The complaint also includes thirty-five separate counts (although they are not numbered one through thirty-five), is not easily comprehended and is bordering also on vexatious. The school defendants and the DSS defendants have, in their respective motions to dismiss, made some attempt at deciphering the plaintiffs claims, but the task is a difficult if not impossible one. The following is but a general summary of the what the Court has gleaned from the complaint.

Peter Tinkham and Juliet Alexander are the adoptive parents of Samantha Tinkham. Complaint (Cmpl.) ¶ 10, 11. From 1980 through 1985, Mr. Tinkham and Ms. Alexander were employed as "subcontractors" by DSS to care for high-risk adolescents. Id. ¶ 9. Samantha is the daughter of one of Mr. Tinkham and Ms. Alexander's former clients and came into their custody in 1992, at the request of the former client, when Samantha was two years old. Id. ¶¶ 10, 11.

4

In September 2000, Samantha entered the Cottage Elementary School, one

of the Sharon Schools. Id. ¶¶ 17, 19. Samantha had a "cosmetic disfigurement"

caused by a metabolic disorder. Id. For the next six months Samantha

experienced difficulties in school and in March 2001, Mr. Tinkham and Ms.

Alexander removed Samantha from the school. Id. ¶ 17, 22. Although the Sharon

Schools wanted to place Samantha into a special education program, Mr. Tinkham

and Ms. Alexander appear to have resisted, and Samantha was instead tutored at

home by, at least in part, a school-supplied tutor. E.g., id. ¶ 24, 28.

Mr. Tinkham and Ms. Alexander continued to communicate with the school

defendants regarding Samantha's education, but the parties continued to disagree

about the education that Samantha should have been receiving. E.g., id. ¶¶ 72-79,

89-91. Then, in March 2002, Mr. Tinkham and Ms. Alexander received a

telephone call from the DSS defendants stating that charges of child abuse had

been filed against them. Id. ¶ 122. According to the complaint, the charges

included, *inter alia*, Mr. Tinkham and Ms. Alexander's refusal to allow a special

education evaluation, failure to provide Samantha with necessary therapy, and

giving Samantha medication not prescribed by a physician. Id. ¶ 123.

These facts, as alleged, are, again, but a smattering of what is included in

the lengthy complaint. The complaint also alleges numerous violations of the

5

plaintiffs' rights, ranging from violations of their due process rights to mail fraud

to harassment and obstruction of justice. The plaintiffs also assert that from

March 2001 through March 2003, the defendants engaged in a conspiracy

designed to deny Samantha of educational funding and opportunities. At the

January 19, 2006, court hearing the plaintiffs described their RICO/conspiracy

claims as an "umbrella" to all of the claims that allege violations of the plaintiffs'

constitutional rights.

In response to the plaintiffs' complaint, the school defendants filed a motion

to dismiss pursuant to Fed. R. Civ. P. 41(b) on the basis that the plaintiffs failed to

comply with the Federal rules. The DSS defendants filed a motion to dismiss

pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) on the bases that

the Court lacks subject matter jurisdiction and that the plaintiffs have failed to

state a claim upon which relief can be granted.

## ANALYSIS

### Defendants' Motions to Dismiss

The DSS defendants asseverate that the plaintiffs' complaint should be

dismissed for failure to comply with the Federal rules for two reasons: first, that

Mr. Tinkham and Ms. Alexander may not act as *pro se* representatives for

Samantha, their minor daughter; and second, that the plaintiffs' complaint fails to

6

meet the requirements of Fed. R. Civ. P. 8(a).[2]  The Court finds both assertions

well-made, but because the second reason compels the Court's ultimate

recommendation that the entire complaint be dismissed without prejudice, it is to

that assertion that the Court turns first.

### Fed. R. Civ. P. 8(a)

All of the defendants recognize that *pro se* plaintiffs may be held to a more

lenient standard of pleading than plaintiffs represented by counsel.  E.g., Green v.

Commonwealth of Massachusetts, 108 F.R.D. 217, 218 (D. Mass. 1985) (citing

Sissbaro v. Warden, Massachusetts State Penitentiary, 592 F. 2d 1, 2 (1st

Cir.1979), cert. denied, 440 U.S. 849, 100 S.Ct. 99, 62 L.Ed.2d 64 (1979)).  "The

policy behind affording pro se plaintiffs liberal interpretation is that if they present

sufficient facts, the court may intuit the correct cause of action, even if it was

imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  This

does not mean, however,

> that pro se complaints are held to no standard at all.  The
> controlling rule requires a short, plain statement of the
> claim showing that the pleader is entitled to relief.

---

[2]The DSS defendants, although they filed a separate motion to dismiss, also join in the
school defendants' motion.  Motion of Defendants Erin L. Senges, Barbara A. Hawkes-Sullivan,
Barney Keezell, Stephanie Thomas Brown, Erica Cohen, and Kenneth Pontes Pursuant to Fed.
RR. Civ. P. 12(b)(1), (6) to Dismiss the Complaint for Lack of Subject Matter Jurisdiction and
Failure to State a Claim ("DSS Defendants' Motion") at 2, n. 1.

> Fed.R.Civ.P. 8(a)(2). "[C]omplaints which ramble,
> which needlessly speculate, accuse and condemn, and
> which contain circuitous diatribes far removed from the
> heart of the claim do not comport with these goals and
> this system; such complaints must be dismissed...."
> *Prezzi v. Berzak*, 57 F.R.D. 149, 151-52 (S.D.N.Y.
> 1972).

<u>Green</u>, 108 F.R.D. at 218. <u>See also</u> <u>Ahmed</u>, 118 F.3d at 890. Although the

judicial system "zealously guards" *pro se* litigants' attempts to represent

themselves, "*pro se* status does not insulate a party from complying with

procedural and substantive law." <u>Ahmed</u>, 118 F.3d at 890.

Complying with procedural law includes filing a complaint that contains "a

short and plain statement of the claim showing that the pleader is entitled to relief .

. . ." Fed. R. Civ. P. 8(a)(2). Even under a lenient application of this rule, the

plaintiffs' complaint fails to meet the rule's requirements. Although the complaint

does not lack volume, it does lack clarity. Even with the Court's best efforts, it is

impossible to "intuit" all of the plaintiffs' specific claims. This Court therefore

RECOMMENDS that the plaintiffs' complaint be DISMISSED WITHOUT

PREJUDICE and that the plaintiffs be granted leave to amend their complaint.

Should the District Court adopt this recommendation, the plaintiffs should keep in

mind that a complaint's quantity has little bearing on its quality. The Court now

8

addresses two other issues, raised by the defendants, that the plaintiffs should also

bear in mind it they are given leave to amend their complaint.

### Representation of Samantha Tinkham

The defendants aver that Mr. Tinkham and Ms. Alexander's representation

of Samantha violates Fed. R. Civ. P. 17(c), which states that a "representative may

sue or defend on behalf of [an] infant or incompetent person . . . ." Although Mr.

Tinkham and Ms. Alexander may act as Samantha's representatives, and bring suit

on her behalf, they may not act on her behalf *pro se*. That is, they may not act as

her counsel. Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F. 2d 59, 61

(2nd Cir. 1990) (non-attorney parent must be represented by counsel when

bringing an action on behalf of his or her child). See also, e.g., Osei-Afriyie v.

Med. College of Pennsylvania, 937 F.2d 876, 883 (3rd Cir. 1991) (non-lawyer

father not entitled to represent his children as a *pro se* litigant); Meeker v.

Kercher, 782 F. 2d 153, 154 (10th Cir. 1986) (minor child can not bring suit

through parent unless parent represented by attorney). Where minors "have claims

that require adjudication, they are entitled to trained legal assistance so their rights

may be fully protected." Cheung, 906 F. 2d at 61.

9

The case law that Mr. Tinkham and Ms. Alexander cite in support of their asseverations that they may, in fact, represent Samantha is inapposite and unavailing. Mr. Tinkham and Ms. Alexander do not appear entirely unaware of the problem. They averred at the January 19 hearing that they had tried to find counsel to represent Samantha and that they had some family members who might be available to represent her. If Mr. Tinkham and Ms. Alexander wish to pursue claims on Samantha's behalf they must do so through an attorney.

**Exhaustion of Remedies**

Finally, the Court addresses one other issue, raised by the DSS defendants, that may ultimately be dispositive of some, if not all, of Mr. Tinkham and Ms. Alexander's claims. To the extent that the complaint asserts violations of the plaintiffs' constitutional rights, including claims that their due process rights were violated, those claims may be barred if the Mr. Tinkham and Ms. Alexander failed to exhaust certain state court remedies. See, e.g., Boston Envtl. Sanitation Inspectors Assoc. v. City of Boston, 794 F.2d 12, 13 (1st Cir. 1986). Plaintiffs who do not avail themselves of available state procedural remedies may not complain of a violation of procedural due process. Id. "We cannot be sympathetic to a party who elects to forego the hearing provided him, and then complains he received none." Roslindale Co-op Bank v. Greenwald, 638 F.2d 258, 261 (1st Cir.

10

1981).  Where a "sufficiently timely hearing [is] available to [the plaintiffs], they

cannot bootstrap themselves into federal court by failing to seek it." Id.

The DSS defendants assert that the plaintiffs have failed to invoke the

"administrative review process" and "comprehensive judicial review statutorily

available to all persons aggrieved by DSS decisions." DSS Defendants' Motion at

14.  The Court's concern with the exhaustion issue is whether DSS did, in fact,

offer the plaintiffs a timely hearing.  The DSS defendants suggest that the

plaintiffs refused to schedule a DSS fair hearing. Id., n. 1.  At the January 19

hearing, however, the plaintiffs averred that they waited 940 days for a response to

their request for a hearing.  Although DSS did, eventually, schedule a hearing, it

appears that it was not scheduled until after the plaintiffs commenced the extant

suit.

If the plaintiffs, as they seem to be asserting, sought a DSS fair hearing and

DSS failed to provide one in a timely manner, that failure may constitute a

deprivation of the plaintiffs' due process rights.  On the other hand, although DSS

did schedule a hearing, for December 2005, the plaintiffs declined to attend,

something that may ultimately work to the plaintiffs' disadvantage. See

Roslindale Co-op Bank, 638 F.2d at 261.  The problem, at this stage, is that it's

not entirely clear what the plaintiffs constitutional claims are and, furthermore,

11

whether, if DSS did fail to hold a hearing in a timely manner, this has any effect

on the exhaustion issue.  The Court addresses this issue merely as a way to try to

assist the parties in their further handling of the case.  It has no bearing on this

Court's recommendation to the District Court regarding dismissal.

### Motions for Entry of Default Judgment

Among the numerous motions filed by the plaintiffs are seven for the entry

of default judgment, one against all of the school defendants and six against the

individual DSS defendants.  The basis for the motion against the school

defendants, filed on August 18, 2005, is that the school defendants had not filed an

answer to the plaintiffs' complaint.  It is true that the school defendants did not file

an answer.  They did, however, timely file their motion to dismiss, and there is

therefore no basis for an entry of default judgment against the school defendants.[3]

The motions for entry of default judgment against each of the DSS

defendants are slightly more problematic.  It is not clear whether the DSS

defendants ever responded to the motion for entry of default judgment, but, more

importantly, the DSS defendants' motion to dismiss, filed in lieu of an answer,

_____

[3]That the defendants filed their motion under Fed. R. Civ. P. 41(b) rather than 12(b)(6) appears to be of no import.  See Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993) (citing, *inter alia*, Rule 41(b) in support of proposition that District Court has power to dismiss complaint if it does not comply with the Federal Rules, including Rule 8(a)).

does not appear to have been timely filed.[4] An affidavit of DSS defendants'

counsel, submitted with the DSS defendants' motion to dismiss, indicates that the

DSS defendants did try to contact the plaintiffs regarding the motion, as well as

the availability of a DSS fair hearing, prior to the date by which the motion, or an

answer, should have been filed. While the Court is not unsympathetic to any

difficulties that DSS defendants' counsel may have had in trying to confer with the

plaintiffs, the DSS defendants should perhaps have sought additional time from

the Court in which to answer or otherwise respond to the complaint when it

became apparent that they would be unable to respond by the required date. Given

the shape of the plaintiffs' complaint, however, and this Court's recommendation

that it be dismissed without prejudice, a default judgment in favor of the plaintiffs

is not warranted. This Court therefore RECOMMENDS that the District Court

DENY the plaintiffs' motions for entry of default judgment.

## CONCLUSION

For the foregoing reasons the Court RECOMMENDS that the District

Court ALLOW the defendants' motions to dismiss WITHOUT PREJUDICE to

---

[4]Although the docket entry that applies to the school defendants' opposition to the motion for entry of default judgment, docket # 42, indicates that the opposition applies to all of the motions for entry of default judgment, this does not appear to be the case. Docket # 42 is entitled Opposition of School Defendants to Plaintiffs' Motion for Entry of Default Judgment and states that is filed on behalf of the nine individuals who comprise the "school defendants."

13

plaintiffs amending their complaint with a lawyer to represent Samantha and

perhaps a lawyer to represent themselves.  Additionally, the Court

RECOMMENDS that the District Court DENY the plaintiff's motions for default

judgment.

SO ORDERED.

2/6/06                                    /s/ Joyce London Alexander
Date                                       United States Magistrate Judge

14

## NOTICE TO THE PARTIES

The parties are hereby advised that under the provisions of Rule 3(b) of the Rules for United States Magistrate Judges in the United States District Court the District Court of Massachusetts, any party who objects to this proposed Report and Recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of the Report and Recommendation. The written objections must specifically identify the proportions of the proposed findings, recommendations or report to which objection is made and the basis for such objection. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 273 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 687 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986).

15

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**PETER TINKHAM, et al**
                          **Plaintiff**

                                                    **CIVIL ACTION**

                    **V.**
                                                    **NO.   05-10470-MLW**

**DOREEN R. KELLY, et al**
                          **Defendant**

## JUDGMENT

**WOLF, D. J.**

        In accordance with the Court's Memorandum and Order entered on **March 19,**
**2006**, in the above-referenced action, dismissing the plaintiff's complaint, it is hereby
ORDERED:

        Judgment of dismissal without prejudice for the **defendants.**


                                                    **By the Court,**


**March 20, 2006**                                  **/s/ Dennis O'Leary_____**
        **Date**                                    **Deputy Clerk**

(judge-dis.wpd - 12/98)                                              [jgm.]

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 APR 17 A 10: 21
FILE NUMBER 05-10470MLW

PETER TINKHAM, ET AL.

U.S. DISTRICT COURT
DISTRICT OF MASS.

V.

DOREEN R. KELLY, ET AL.                    NOTICE OF APPEAL

    Notice is hereby given that Peter Tinkham, Juliet **Alexander**
and Samantha Tinkham, plaintiffs in the above named case **hereby**
appeal to the United States Court of Appeals for the 1st **Circuit**
from the final judgment entered in this action on the 19th **day**
of March, 2006 by Wolfe, J.

(s) _____
             Pro se Plaintiff

(s) _____
             Pro se Plaintiff

ADDRESS: P.O. Box 1075
          Easton, MA 02334
          (207) 364-3964

# EXHIBIT D

# United States Court of Appeals
## For the First Circuit

No. 06-1806

PETER F. TINKHAM; JULIET B. ALEXANDER; SAMANTHA TINKHAM

Plaintiffs - Appellants

v.

DOREEN R. KELLY; BARRY L. MINTZER; JEAN CURTIS LOUD; ROBERT L.
DOYLE; DONNA KYED; MARGARET VERRETT; JOAN BERNHEIMER; JUDI
ALBERTON; CLAIRE JACKSON; ERIN L. SENGES; BARBARA A.
HAWKES-SULLIVAN; BARNEY KEEZELL; STEPHANIE THOMAS; ERICA
COHEN; KENNETH PONTES

Defendants - Appellees

---

### ORDER OF COURT
### Pursuant to 1st Cir. R. 27(d)
### Entered: August 31, 2006

Upon review of the record in this case, it appears that this court may not have jurisdiction to consider the appeal filed on April 17, 2006 challenging the order dismissing plaintiffs-appellants' complaint without prejudice, entered on March 20, 2006 in Civil Action No. 05-10470-MLW (D. Mass.). We note that the Memorandum and Order dated March 19, 2006 (no. 85) "adopted and incorporated" the Report and Recommendation of the Magistrate Judge (no. 77). In the Report and Recommendation, the Magistrate Judge expressly recommended that "the complaint be dismissed WITHOUT PREJUDICE and leave granted for the plaintiffs to file an amended complaint." As such, the dismissal of the complaint without prejudice does not appear to constitute a final order or an immediately appealable interlocutory order. 28 U.S.C. §§1291, 1292; see also Mirpuri v. ACT Manufacturing, Inc., 212 F.3d 624, 628 (1st Cir. 2000)(holding that the phrase "without prejudice" is not to be read as an invitation to amend, but rather as an acknowledgment that the judgment does not preclude a subsequent lawsuit on the same cause of action.); Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 389 (1st Cir. 1994)(holding that a final, appealable judgment results whenever a district court dismisses a complaint "without expressly granting the plaintiff leave to amend").

Accordingly, appellants are ordered either to move for voluntary dismissal of the appeal, pursuant to Fed. R. App. P. 42 (b), or to show cause, in writing, why this appeal should not be dismissed. Failure to take either action by **September 14, 2006** may result in dismissal of the appeal for want of diligent prosecution.

AD-22

Finally, the notice of appeal in this action was signed only by plaintiffs Peter Tinkham and Juliet Alexander, although it purports to appeal on their behalf and on behalf of their minor daughter, Samantha Tinkham. Although Fed. R. App. P. 3(c)(2) provides that a pro se notice of appeal is considered filed on behalf of the signer and the signer's minor children if they are parties, a lay person may represent only him or herself. See Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982). Accordingly, all pleadings filed on behalf of the minor appellant must be signed by counsel.

By the Court:
Richard Cushing Donovan, Clerk

By:_____ MARGARET CARTER
Margaret Carter, Chief Deputy Clerk

[cc: Peter F. Tinkham, Juliet B. Alexander, Samantha Tinkham, John J. Davis, Esq., Ernest L. Sarason, AAG, Stephen Dick, AAG ]

AD-22

# EXHIBIT E

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

PETER TINKHAM, et al
    Plaintiffs-Appellants


            V.                              APPEALS NO.
                                            06-1086
DOREEN R. KELLY, et al
    Defendants-Appellees


**PLAINTIFFS'-APPELLANTS' SHOW CAUSE RESPONSE**

1.   Plaintiffs-Appellants decline the Court's invitation
to voluntarily dismiss their appeal in the above-
captioned case and hereby respond to the Court order of
August 31, 2006 to show cause why their appeal should not
be dismissed for want of diligent prosecution.

2.   Plaintiffs-Appellants deny that they have not been
diligent in prosecuting their appeal as they have not yet
been notified that the record from the District Court has
been assembled and certified.  Nevertheless, they will
presume, for purposes of this response, that the Court
wishes to be shown the ground upon which its appellate
jurisdiction rests in this case.

AD-23

3.    Accordingly, Plaintiffs-appellants will clearly show that not only is Judge Wolf's Memorandum and Order a final decision for purposes of appellate jurisdiction, it is a final decision that complies with the finality requirements of 28 U.S. §§1291, 1292, in two different ways.

4.    First, appellate jurisdiction exists because Judge Wolf's decision, on its face, most certainly complies with the finality requirements of 28 U.S.C. §§1291, 1292 as it is written, viz., Every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled.  His Memorandum and Order which allowed Defendants' alleged Motions to Dismiss <u>in their entirety</u> gave every Defendant everything he asked for.

5.    The rote use of the terms "without prejudice" and "leave to amend" is simply not relevant to a determination of appellate jurisdiction because amending Plaintiffs' complaint to address any of the five specific defenses in DSS Defendants' alleged Motion to Dismiss would be a futile exercise.  No amendment can cure a complaint that has been dismissed on account of a

2

AD-2

"Domestic Relations Exception" or because Plaintiffs have willfully failed to exhaust their non-existent administrative remedies.

6.    Second, appellate jurisdiction exists because both Magistrate Judge Alexander's Report and Recommendation and Judge Wolf's Memorandum and Order which adopted and incorporated it, are unquestionably summary judgments, automatically converted under FRCP 12(b). Since summary judgments serve as a substitute for trial, both of these summary decisions strike at the merits of Plaintiffs' complaint, in fact, at its every existence. They are binding and final determinations against Plaintiffs within the meaning of 28 U.S.C. §§1291, 1292, cannot be mitigated by "without prejudice" or "leave to amend", and invoke the mandatory jurisdiction of this Court.

7.    Happily, a transcript of the status conference before Magistrate Judge Alexander has been completed and filed in its entirety with the clerk. One has to merely read it* together with her Report and Recommendation to produce the rational conviction that not only did the magistrate judge utilize a sham document in adjudicating DSS Defendant . Rule 12(b) Motion to Dismiss, she pointedly relied on it in arriving at her decision

* read: Page 5/Lines 15-25; Page 12/Lines 6-14; Page 25/Lines 7-24.

3

there is no exhaustion requirement for 1983 cases and
there hasn't been for the last quarter of a century.
There must be a term in the legal lexicon for this
particularly noteworthy disregard of a long line of
unambiguous Supreme Court decisions.

14.    Concerning the court order reference to Plaintiffs'
representation of their minor child, Plaintiffs refer the
Court to their amended complaint under Rule 15(a), filed
with the Clerk on February *15*, 2006, copied to counsel,
and referenced in their Notice of Appeal to Judge Wolf.
This emendation reduced Plaintiffs' complaint to 29 pages
and removed Samantha Tinkham as plaintiff.

15.    For the foregoing reasons, it is simple justice that
Plaintiffs' complaint and collateral documents are fairly
read and Plaintiffs' appeal of its dismissal heard.

                  Respectfully submitted,

                  Peter Tinkham, pro se


                  Juliet Alexander, pro se

                  P.O. Box 1075
                  Easton, MA  02334
October *2*, 2006          (207) 364-3964


        * read: Plaintiffs' Objections to Magistrate Judge Alexander's
              Report and Recommendation attached.


6

AD-2

# EXHIBIT F

05-10470
USDC(MA
LW01F

MANDATE

# United States Court of Appeals
## For the First Circuit

No. 06-1806

JUL 2 3 2007

Flores, Lori, & Fernando,

PETER F. TINKHAM, ET AL.,

Plaintiffs, Appellants,

v.

DOREEN R. KELLY, ET AL.,

Defendants, Appellees.

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Howard, Circuit Judge.

JUDGMENT

Entered: April 11, 2007

We have reviewed the parties' briefs and/or memoranda and the record on appeal. We conclude that, although the district court's judgment of dismissal was "without prejudice", it evidenced sufficient indicia of finality so that we may properly assert appellate jurisdiction over it. See, e.g., Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 389 (1st Cir. 1994)(holding that a dismissal of a complaint without prejudice that does not expressly grant leave to amend is a final decision from which a timely appeal may be taken).

Turning to the merits, the district court granted the appellees' motions to dismiss on the ground that the complaint failed to comply with Fed. R. Civ. P. 8(a)(2). We review such a dismissal only for abuse of discretion. Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993). There was no abuse of discretion here.

The appellees' motion for summary disposition is granted.

The judgment of the district court entered on March 20, 2006 is _affirmed_.  Loc. R. 27.0(c).

By the Court:

Richard Cushing Donovan, Clerk.

**Certified and Issued as Mandate
under Fed. R. App. P. 41.**

**Richard Cushing Donovan, Clerk**

By: _____
                    MARGARET CARTER
               Chief Deputy Clerk.

**Deputy Clerk**

**Date:** 01/20/07

[cc: Peter F. Tinkham, Juliet B. Alexander, Samantha Tinkham,
      John J. Davis, Esq., Ernest L. Sarason, Jr., AAG,
            Stephen Dick, AAG, Matthew Q. Berge, AAG]

# EXHIBIT G

# United States Court of Appeals
## For the First Circuit

No. 06-1806    ———————————

PETER F. TINKHAM, ET AL.,

Plaintiffs, Appellants,

v.

DOREEN R. KELLY, ET AL.,

Defendants, Appellees.

———————————

Before

Boudin, <u>Chief Judge</u>,
Torruella, <u>Circuit Judge</u>,
Stahl, <u>Senior Circuit Judge</u>,
Lynch, Lipez and Howard, <u>Circuit Judges</u>.

———————————

ORDER OF COURT

Entered: July 10, 2007

The petition for rehearing having been denied by the panel of judges who decided the case and the petition for rehearing en banc having been submitted to the active judges of this court and a majority of the judges not having voted that the case be heard en banc, it is ordered that the petition for rehearing and the petition for rehearing en banc be <u>denied</u>.

By the Court:
Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: ———————————————
Chief Deputy Clerk.

[cc: Peter F. Tinkham, Juliet B. Alexander, Samantha Tinkham, John J. Davis, Esq., Stephen Dick, AAG, Matthew Berge, AAG]

# EXHIBIT H

No. 07-1011
Title:
                Peter F. Tinkham, et al., Petitioners

                v.

                Doreen R. Kelly, et al.
Docketed:       February 5, 2008
Lower Ct:       United States Court of Appeals for the First Circuit
  Case Nos.:    (06-1806)
  Decision Date: April 11, 2007
  Rehearing Denied: July 10, 2007

~~~Date~~~  ~~~~~~~Proceedings  and  Orders~~~~~~~~~~~~~~~~~~~~~~~~~

Sep 24 2007  Application (07A267) to extend the time to file a petition for a writ of certiorari from
             October 8, 2007 to December 7, 2007, submitted to Justice Souter.

Sep 28 2007  Application (07A267) granted by Justice Souter extending the time to file until December
             7, 2007.

Dec 7 2007   Petition for a writ of certiorari filed. (Response due March 6, 2008)

Feb 22 2008  Waiver of right of respondents Doreen R. Kelly, et al. to respond filed.

Mar 19 2008  DISTRIBUTED for Conference of April 11, 2008.

Apr 14 2008  Petition DENIED.

May 8 2008   Petition for Rehearing filed.

May 20 2008  DISTRIBUTED for Conference of June 5, 2008.

Jun 9 2008   Rehearing DENIED.

---

~~~Name~~~~~~~~~~~~~~~~~~~~~~~    ~~~~~~~Address~~~~~~~~~~~~~~~~~~~    ~~~Phone~~~
**Attorneys for Petitioners:**

Peter Tinkham                    P.O. Box 1075
                                 Easton, MA  02334

**Attorneys for Respondents:**

John J. Cloherty III             Pierce, Davis & Perritano, LLP      (617) 350-0950
  Counsel of Record             90 Canal Street
                                 Boston, MA  02114-2018

Party name: Doreen R. Kelly, et al.